UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6334-CR-FERGUSON/SNOW

UNITED STATES OF AMERICA,       :

        Plaintiff,       :

v.       :

LOUIS PETRILLO,       :

        Defendant.       :



FILED by _____ D.
DEC - 6 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on December 4, 2000, a hearing was held to determine whether the defendant **Louis Petrillo** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Louis Petrillo** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

    1. The defendant is charged with obstruction of justice, in violation of 18 U.S.C. § 1503. 18 U.S.C. § 3142(g)(1).



2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that on March 21, 1995, the defendant was sentenced by Chief United States District Judge William J. Zloch to a prison term of 366 days for bank fraud, and five years probation for misapplication of bank funds. The defendant was ordered to pay restitution in the amount of $1,983,000, which amount later was reduced to $83,160. In October 1999, the defendant sought a further reduction in the restitution amount based on his inability to pay, and amount was reduced to $43,160.

On August 3, 2000, the defendant's probation officer, Frank X. Will, petitioned the Court for revocation of the defendant's probation on four grounds: (1) failure to submit documentation regarding nine trips outside the Southern District of Florida, which had been authorized for business purposes only; (2) failure to notify the Probation Officer of approximately $45,000 in cash that was found in the defendant's residence during the execution of a state search warrant; (3) failure to report to the Probation Officer that approximately $520,000 in checks, payable to the defendant, had been deposited in three bank accounts belonging to the defendant, and (4) failure to report the fact that approximately $2,348,984.88 in checks issued by the defendant's employer were either endorsed or deposited by the defendant in seven separate bank accounts. According to the information the

defendant did provide to the Probation Officer, he was earning an income of $50,000 per year.

Judge Zloch authorized an arrest warrant for the defendant for violation of probation, after which the defendant was released on a $250,000 bond with a ten percent deposit into the registry of the court. Subsequently, the defendant's employer, Larry Pinkoff, advised Government agents that the defendant had threatened the life of his Probation Officer. A video and audio surveillance camera was installed in Mr. Pinkoff's office, by means of which agents observed and heard the defendant creating false and backdated credit documents to demonstrate that the funds mentioned in the petition for violation of probation were loans, not income. On November 27, 2000, the defendant's attorney presented these documents to the United States Attorney's Office to dissuade that office from prosecuting the defendant for violation of probation.

During the videotaped meetings between the defendant and Pinkoff, the defendant related that he had paid off a hotel manager to provide a false receipt on one of the trips referred to in the petition for violation of probation. He also referred to large sums of money that had been deposited in a bank account outside the United States, and impliedly threatened the safety of his Probation Officer. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he has strong ties to the community, but also has access to very large sums of money, some of which is in banks

outside the United States. In addition, the defendant repeatedly has demonstrated his utter disregard for the authority of the Court, as summarized in paragraph 2 of this Order. Accordingly, the defendant constitutes a risk of flight. 18 U.S.C. § 3142(g)(3)(A) and (B).

    4. There is probable cause to believe the defendant has made threats to the life and safety of his probation officer. Accordingly, the defendant constitutes a danger to other persons. 18 U.S.C. § 3142(g)(4).

    5. The Court specifically finds that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents a danger to other persons, and there is a very substantial likelihood that he will flee if released on bond. The Court hereby directs:

    (a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

    (b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 6th day of December, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Robert Lehner (MIA)
Pretrial Services (FTL)
Joseph Paglino, Esq.