UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

       *Plaintiff.*

v.

LOUIS F. PETRILLO,

       *Defendant.*

                       /



Case No.: 00-6334-CR-FERGUSON

UNITED STATES OF AMERICA.

       *Plaintiff,*

v.

LOUIS F. PETRILLO,

       *Defendant.*

                       /

## DEFENDANT PETRILLO'S OPPOSITION
## TO GOVERNMENT'S RULE 3.9C MOTION TO TRANSFER; AND
## DEFENDANT PETRILLO'S INCORPORATED MOTION TO TRANSFER

Defendant, LOUIS F. PETRILLO, through counsel, opposes the government's motion

filed pursuant to Rule 3.9C of the Local Rules, United States District Court for the Southern

District of Florida, to transfer recently filed Case No.: 00-6334-CR-FERGUSON, to United

States District Judge William J. Zloch. In order to promote the interest of fairness and justice,

instead of transferring the newer case to Judge Zloch, Defendant Petrillo moves to transfer the

earlier case, Case No.: 93-442-CR-ZLOCH, to United States District Judge Wilkie D. Ferguson. In support of this motion, the Defendant states as follows:

1.    Rule 3.9C, Local Rules, United States District Court, Southern District of Florida provides that when an action is filed in this court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before the court, or for other reason the disposition thereof would appear to entail the unnecessary duplication of judicial labor if heard by a different judge, *the judges involved shall determine* whether the newly filed action or proceeding shall be transferred to the judge to whom the earlier filed action or proceeding is assigned.

2.    It is significant that this rule does **NOT** *require* that a case be transferred to the judge to whom the earlier filed action or proceeding was assigned. By its plain language, Rule 3.9C provides that it is left up to the judges involved, to determine whether the new action shall be transferred to the judge to whom the earlier action is assigned. based upon considerations of judicial economy and avoiding unnecessary repetition of judicial labor.

3.    Defendant Petrillo opposes the government's motion to have the new case, which is assigned to Judge Ferguson (Case No.: 00-6334-CR-FERGUSON), transferred to Judge Zloch, to whom the earlier case (Case No.: 93-442-CR-ZLOCH) is assigned.

4.    Defendants respectfully suggests that while a transfer to the judge assigned to the earlier action may be the preferred course of action in some cases, the circumstances in the present matter call for a different result. Defendant Petrillo suggests that Judge Zloch and Judge Ferguson should confer as suggested in Rule 3.9C and thereupon determine that the earlier action be transferred to Judge Ferguson, the judge to whom the new case is assigned.

5.      As the record shows, the original judge is Case No.: 93-442-CR, was the late

Judge C. Clyde Atkins. That case is now assigned to Judge William Zloch. The matter presently

pending in the 1993 case arises from alleged violations of probation. A probation violation arrest

warrant based on a probation office petition was issued on August 8, 2000.

6.      Subsequently, on November 30, 2000, Petrillo was indicted for obstruction of

justice in violation of 18 U.S.C. section 1503. He was charged with creating and causing the

creation of, false and fictitious documents **IN ORDER TO MISLEAD JUDGE ZLOCH** in

conducting the Probation Violation Hearing in Case No.: 93-442-CR-ZLOCH.

7.      The indictment in Case No.: .00-6334-CR-FERGUSON contains the specific

language (with emphasis added), that Petrillo endeavored to obstruct the administration of justice

in

> . . . Case No.: 93-442-CR-ZLOCH, in Violation of Conditions of Probation judicial
> proceeding pending in the United States District Court, Southern District of Florida, by
> creating, and causing the creation of, false and fictitious documents, that documents, that
> is, a Promissory Note/Line of Credit and Line of Credit Draw Requests, **IN ORDER TO
> MISLEAD THE UNITED STATES DISTRICT JUDGE, WHO IS PRESIDING
> OVER THE JUDICIAL PROCEEDING REFERENCED ABOVE,** into believing
> that monies [sic] and funds that had been received by defendant Louis F. Petrillo were
> loans rather than income.

8.      The indictment in Case No.: 00-6334-CR-FERGUSON, in no uncertain terms,

specifies that Judge Zloch is the "victim" or "target" of the illegal conduct which is alleged to

have been committed by the defendant. It would be unfair not only to the Defendant, but also, to

Judge Zloch, the alleged target, to expect him to preside over a case in which the government

alleges that the defendant intentionally set out to mislead, or defraud him.

9.      Indeed, the government has charged that Louis Petrillo caused the creation of,

Page 3 of 6

false and fictitious documents (Promissory Note/Line of Credit Draw Requests), in order to

mislead United States District Judge William J. Zloch, the judge who is presiding over the

judicial proceedings referenced earlier in the indictment, into believing that monies and funds

that had been received by Mr. Petrillo, were loans, and not income.

10.    This situation is analogous to a criminal contempt scenario as set out in **Rule**

**42(b) of the Federal Rules of Criminal Procedure:**

\*\*\*

> If the contempt charge involves disrespect to or criticism of a judge,
> that judge is disqualified from presiding at the trial or hearing
> except with the defendant's consent.

11.    It is difficult to imagine a situation that is more analogous to the disrespectful

conduct to which Rule 42(b) refers, than the charge in this indictment that Petrillo specifically set

out to mislead or defraud Judge Zloch in the probation violation proceedings.

12.    **Title 28, United States Code, Section 455(a)** provides that any judge of the

United

States shall disqualify himself in any proceeding in which his impartiality might be reasonably in

questioned. While we are not suggesting that Judge Zloch must recuse himself because he could

not be fair, we are suggesting that in order to avoid the appearance of bias and partiality created

by the way the charges as framed in the indictment, specifically stating that Petrillo's alleged

conduct was specifically designed to mislead Judge Zloch as the intended victim or target, human

nature being what it is, any judge likely would be offended, at the very least. We realize that

judges are called upon, and are presumed on a regular basis in their daily duties, to ignore

inadmissible matters in cases. But this is not an inadmissible matter. It is an essential matter,

Page 4 of 6

going to the very heart of the prosecution, as clearly stated in the indictment. The fact that the indictment specifically mentions that the defendant's activities were conducted " . . . in order to mislead the united States District Judge, who is presiding over the judicial proceeding referenced above [ in case no.: 93-442-CR-ZLOCH], is sufficient to demonstrate good cause to transfer the 1993 case to Judge Ferguson, to whom the related case (Case No.: 00-6334-CR-FERGUSON), is assigned.

13.    Under **Rule 42(b)**, supra, due process may require that another judge conduct contempt proceedings when the defendant makes personal aspersions to the trial judge, Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 505, 27 L.Ed.2d532 (1971). Bias by the trial judge, or even just appearance of bias also may necessitate another judge conduct contempt proceedings., Taylor v. Hayas, 418, U.S. 488, 501-03, 94 S.Ct., 2697, 2704-05, 41 L.Ed.2d 897 (1974).

14.    Again, without questioning Judge Zloch's ability to be fair, defendant Petrillo respectfully suggests, in order to avoid any appearance of bias, and to ensure his Fifth and Sixth Amendment rights to fairness and due process, that the government's motion to transfer the later filed action to Judge Zloch be denied.

WHEREFORE, defendant Petrillo respectfully prays that the government's motion to transfer the new case to Judge Zloch be denied; and respectfully prays that Judge Zloch and Judge Ferguson confer as permitted by Rule 3.9C of the Local Rules of the Southern District, and that they will thereupon determine, for purposes of judicial economy, in the interest of justice, and to avoid having the same issues litigated twice, that Case No.: 93-442-CR-ZLOCH be transferred to Judge Ferguson.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

Undersigned counsel spoke with A.U.S.A. Robert Lehner, who indicated that he reserved

voicing his position on the Motion until receiving and reviewing same.

By: _____
WALTER A. REYNOSO, ESQ.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by

United States Mail this 6th day of December, 2000 to: Ruben Oliva, Esquire, 2250 SW 3rd

Avenue, 3rd Floor, Miami, Florida 33129, Office of the United States Attorney, Robert Lehner,

A.U.S.A., 99 NE 4th Street, 4th Floor, Miami, Florida 33132-2111, and to Joe Paglino, Esquire,

12865 West Dixie Highway, 2nd Floor, North Miami, Florida 33163, this 11th day of December,

2000.

Respectfully submitted,

LAW OFFICES OF WALTER A. REYNOSO, P.A.
Grove Forest Plaza, Suite 107
2937 Southwest 27th Avenue
Coconut Grove, Florida 33133
Tel.: (305) 642-8961

By: _____
WALTER A. REYNOSO, ESQ.
Fla. Bar No.: 525693