**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA : | CASE NO. 00-6334 |
| : | CR - FERGUSON |
| Plaintiff, : | |
| vs. : | |
| : | Fla. Bar No. 100028 |
| LOUIS FRANK PETRILLO, : | |
| : | |
| Defendant. : | |

## SUGGESTION OF CONFLICT OF INTEREST OF
## ROBERT H. LEHNER, AUSA

**and**

## DEFENDANT'S REQUEST FOR HEARING AND OTHER RELIEF ON THE ISSUE
## OF THE DISQUALIFICATION OF ROBERT LEHNER, AUSA

It is respectfully suggested that Robert H. Lehner, AUSA who brought the indictment and prosecutes this cause had, at all material times hereto, a serious conflict of interest which precludes his participation, ab initio, in this case and requires the Defendant's Release on conditions, forthwith.

The conflict arises because AUSA Lehner is a fact witness in this Case No. 00-Cr-6334-Ferguson, where the indictment charges an omnibus 18 USC 1503 "obstruction of justice" charge. Candidly AUSA Lehner and Donald F. Chase, III, AUSA, admit that Robert Lehner, AUSA, was a participant in the meeting where the alleged claim of Defendant's obstruction of justice occurred and which Robert Lehner, AUSA presented or caused to be presented, before the Grand Jury as a prosecutor. *See Para. 6, inter alia, AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000* [ Def. Exh. 1 annexed hereto - true copy of filing in Case No. 93-442-Cr.-Zloch] *See also, Docket Sheet, Case No. 00-Cr-6334-Ferguson, Entries 1 - 17*

Page 1 of 8

Thus, AUSA Lehner plays conflicting, disparate, parts, (1) a material fact witness [who will be called by the defense] and, (2) the AUSA who presented and signed the Indictment against Defendant. Since Mr. Lehner has an interest in confirming his version of the events in which he participated, and his representation/testimony as to the criminal nature, as opposed to benign nature of the events which transpired at the meeting in question, conflict arises. [Def. Exh. 1]

It is axiomatic that, on the allegations and representations in Exh. 1, *supra,* that Robert Lehner, AUSA, has a conflict as interest in his capacities as a prosecutor and witness and should not be permitted to prosecute or take any part in this cause, except as a potential or actual witness, due to such conflict. Defendant has taken no action to bring on this conflict of interest. As, candidly, admitted by the Office of the United States Attorney, Defendant was not even present at the meeting where the alleged violation of law occurred. [Def. Exh. 1]

Defendant, by counsel, respectfully suggests actual conflict, *supra,* and moves for Hearing on the issue by this Honorable Court, so as to prevent any unnecessary delay in the trial set, since Defendant was, upon AUSA Robert Lehner's application, denied bond [Docket No. 17, Transcript of Bond Hearing] and is being held in special detention, based solely upon the proffer of AUSA Lehner and the hearsay statements of another participant in the meeting, Louis Sellers, a Financial Auditor/employee of the United States Attorneys Officer. [Docket 1, pp. 25 - 28] working under the direction and control of AUSA Lehner. We recall the duties in a criminal prosecution of a lawyer for the United States:

> "A United States district attorney carries a double burden.
> He owes an obligation to the government, just as any attorney
> owes an obligation to his client, to conduct his case zealously.
> But he must remember also that he is the representative of a

> government dedicated to fairness and equal justice to all and,
> in this respect, he owes a heavy obligation to the accused.
> Such representation imposes an overriding obligation of fairness
> so important that Anglo-American criminal law rests on the foundation:
> better the guilty escape than the innocent suffer." Dunn v. United States,
> 307 F.2d 883, 885 (5th Cir. 1962) (quoting Handford v. United States, 249
> F.2d 295, 296 (5th Cir. 1957))

See also Goodwin, 492 F.2d at 1147 ("[Prosecutor] is at liberty to strike hard blows, but not foul ones."). And, as the court said in Hall, "government counsel is, as an individual, properly and highly respected by the members of the jury for his integrity, fairness, and impartiality." 419 F.2d at 588 (internal quotations and citation omitted). "It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." [Apparently, defense counsel carry no such prestige.]

Added to this is the unseen presence in the courtroom of our great and powerful government with its counsel and its voice in the person of the United States Attorney. For all these reasons his power to persuade is great. And for these reasons he must speak with the care, the decorum and the sensitivity that befit his position and his duties. Neither the heat and strain of trial nor the right to strike hard blows authorizes him to do otherwise. Id. (quoting Berger v. United States, 55 S.Ct. 629, 633 (1934)). Not only must a prosecutor be faithful to his duties each time he enters a courtroom, he must also be mindful of the authority he wields when executing those duties before a jury.

And what if the Defendant, *sub judice,* were convicted, with AUSA Lehner acting as a prosecutor ? One may think that an appellate reversal or affirmance of the conviction would cure the

problem. Such a proposition is incorrect. "That we find an error not to be reversible does not transmute that error into a virtue. The error is still an error. [And, urging the error upon the trial court still violates the United States Attorney's obligation to the court and to the public." Eason, 920 F.2d at 737; see Boyd, 131 F.3d at 955; see Modica, 663 F.2d at 1183-84; see generally United States v. Isgro, 974 F.2d 1091, 1099 (9th Cir. 1992).

AUSA Lehner is a good soldier. But, AUSA Lehner's devotion to his job should not lessen the fact that permitting him to continue in this case, as the good soldier he is, is neither in his interests as an attorney, nor in the United State's interest of fair play, an overriding factor in the American way of life. We must assume, in the press of the AUSA's duties, he overlooked his conflict and the actual and potential damage to the Defendant and the system. Dunn v. United States, *supra*, 307 F.2d 883, 885 (5th Cir. 1962) (quoting Handford v. United States, 249 F.2d 295, 296 (5th Cir. 1957))

There is no absolute right to the United State's counsel of its own choice, just as there is no absolute right to a Defendant's counsel of his/her own choice. United States v. Padilla-Martinez, 762 F.2d 942, 946 (11th Cir.) cert. denied, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 802 (1985), In fact, while the Defendant enjoys a 6th Amendment right to counsel of his/her choice, the Government has no such right. Any number of cases have held that the right to a choice of counsel is subordinate to the requirements of the efficient and orderly administration of justice. (citations omitted)

There can be no doubt that AUSA Robert Lehner's involvement in the factual underpinnings of this prosecution and his potential as a witness create a practical and ethical conflict that would disqualify him from examining or cross- examining anyone on those issues, as might disqualify a defense counsel. United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994), cert. denied, --- U.S.

disqualification is required. Wheat v. United States, 486 U.S. 153, 163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140 (1987) ("[W]e think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in more common cases where the potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). And, unlike the situation where a Defendant may waive any conflict, in order to obtain the counsel of his/he choice, the United States can not waive any conflict which has the potential to interfere with a Defendant's right to a fair trial. *Id.* Therefore, the AUSA's conflict precluded him from acting as an advocate for the government in seeking, bringing and prosecuting the Indictment in this cause or any following proceedings, including the bond hearing.

AUSA Lehner and the Office of the US Attorney, have, in Exh. 1, annexed hereto, suggested a similar conflict of attorney Ruben Oliva, Esq., counsel of choice for Defendant Petrillo, on the same basis, *supra*, i.e., participation in the "meeting" which, *inter alia*, gave rise to the Indictment, Defendant's arrest and Defendant's Pre-Trial Detention without bond. [Def. Exh. 1].

The AUSA's indication to the Court mirrors Defendant's request for Hearing on this issues, regardless of whether it is the Government's or the Defendant's counsel whose conflict is at issue. See Wood v. Georgia, 450 U.S. 261, 272, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981) (reversing a conviction because the trial court failed to inquire into defense counsel's potential conflict of interest even though the court "should have been aware of the problem"). Here, the AUSA's "conflict" existed prior to his presentment of the Indictment, prior to the Defendant's arrest on his order, prior to his seeking to deny Defendant Bond and prior to his later activities in the case. All of which are

tainted actions. But this is no fault of the Judge, since the AUSA's office made no inquiry to the Court for guidance, although, assumedly the office was aware of the AUSA's role as a participant and witness in the matter. Exh. 1

The danger in representing conflicting interests is not only in what an advocate does but also in what the attorney must refrain from doing at possible pretrial plea negotiations, trial, and sentencing. See Burden v. Zant, 24 F.3d 1298, 1305-06 (11th Cir.1994). Absent apparent good cause to believe that there is no potential conflict of interest, the trial court must take appropriate measures to protect each defendant's right to a proceeding free of conflict. See Fed.R.Crim.P. 44(c). Although "a defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests," Holloway v. Arkansas, 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426 (1978), "such waivers are not to be lightly or casually inferred and must be knowingly and intelligently made," United States v. Alvarez, 580 F.2d 1251, 1259 (5th Cir.1978). Our circuit recognizes that a defendant's waiver of conflict-free counsel is constitutional when "a defendant after thorough consultation with the trial judge knowingly, intelligently and voluntarily ... waive[s] this protection." United States v. Garcia, 517 F.2d 272, 278 (5th Cir.1975); see United States v. Zajac, 677 F.2d 61, 63 (11th Cir.1982) (per curiam) (recognizing that Garcia established a procedure for determining a valid waiver of conflict-free counsel). The record must show "that the defendant was aware of the conflict of interest; realized the conflict could affect the defense; and knew of the right to obtain other counsel." United States v. Rodriguez, 982 F.2d 474, 477 (11th Cir.1993) (per curiam). Here, as shown by Exh. 1, the AUSA, quite elegantly, deprived the Defendant of the counsel of his choice, but displayed his own conflict.

Wheat, 486 U.S. at 162, 108 S.Ct. at 1699. Therefore, district judges are "allowed substantial latitude" in ruling on conflicts of interest not only in those rare cases, as here, where an actual conflict is demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." Id. at 163, 108 S.Ct. at 1699.

This Honorable Court is respectfully requested to make such inquiry and enter appropriate prophylactic relief in favor of the Defendant..

**WHEREFORE,** Defendant, by counsel, respectfully, and with great deference to AUSA Robert Lehner, suggests serious conflict of interest which precludes any appearance by Robert Lehner, AUSA as a prosecutor in this cause, ab initio, suggests/requests the disqualification of AUSA Lehner and Hearing on this issue at the early convenience of this Honorable Court, so as to minimize any further violation of the US Const., 5th, 6th Amend. rights of Defendant, etc., **and that the Court set aside, forthwith, any Order(s) of court in which Robert Lehner, AUSA prosecuted and caused to be entered in this cause, including,** *inter alia,* **The Detention Order [Docket Entry No. 16], until it is determined what further relief Defendant should seek due to the AUSA's conflict,** *supra*. **See US Const. Amend. 5th, 6th.**

## CERTIFICATE OF GOOD FAITH

This issue was brought up by undersigned defense counsel at the first discovery/Rule 11 meeting on the morning of December 11, 2000, at which AUSA Lerner required that Jeffrey J. Jones, Special FBI Agent and Louis Sellars, a government financial analyst also attend. AUSA Lehner declines to seek withdrawal or agree to any Suggestion of Conflict or other means to ventilate the issue, hence this application to the Court, in the interests of justice, since this cause is set for trial in the Trial Calendar period beginning January 16, 2001.

Respectfully submitted:

Law Office of Joseph S. Paglino
Counsel for Defendant Petrillo
12865 West Dixie Highway
North Miami, Florida 33161
Tel. (305) 758-8017

By _____
Joseph S. Paglino, Esq.

### CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true copy of the foregoing was furnished by mail to Robert J. Lehner, AUSA, 99 N.E. 4th Street, 4th Floor, Miami, Florida 33132-2111, Walter Reynoso, Esq., Grove Forest Plaza, Suite 107, 2937 Southwest 27th Avenue, Coconut Grove, Florida 33133, with courtesy copies to Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33123, this /2day of December, 2000.

_____
Joseph S. Paglino, Esq.

DEFENDANT'S EXHIBIT
CASE NO. 00-CR-6334
EXHIBIT NO. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-442-CR-ZLOCH

UNITED STATES OF AMERICA,           )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
LOUIS F. PETRILLO,                  )
                                    )
    Defendant.                      )
_____/

MOTION TO CONTINUE VIOLATION OF
CONDITION OF PROBATION HEARING

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves that the Violation of Conditions of Probation Hearing in the above-captioned case scheduled for December 4, 2000, be continued, and states as follows:

1. On August 3, 2000, United States Probation Officer Frank X. Will, who is assigned to supervise defendant Louis F. Petrillo in the above-captioned case, submitted to the Court a Petition, requesting that the Court authorize the arrest of defendant Petrillo for violations of the conditions of probation, based, inter alia, upon defendant Petrillo's failing to report to the United States Probation Office large amounts of his income.

2. On August 8, 2000, the Court ordered the issuance of an arrest warrant based upon Probation Officer Will's petition.

3. On August 16, 2000, defendant Petrillo was arrested on

EXHIBIT 1

the arrest warrant, made his initial appearance before United States Magistrate Judge William C. Turnoff, and was released upon a $250,000 10% bond.

4. The Violation of Conditions of Probation Hearing has been scheduled for December 4, 2000.

5. On October 26, 2000, while under audio/video surveillance by the Federal Bureau of Investigation, defendant Petrillo created, and caused the creation of, back-dated false and fictitious documents, including a Promissory Note/Line of Credit and Line of Credit Draw Requests, in order to mislead the Court into believing at the December 4, 2000 Violation of Conditions of Probation Hearing that moneys and funds that had been received by defendant Petrillo were loans rather than income.

6. On November 27, 2000, defendant Petrillo's attorney, Ruben Oliva, and a forensic accountant also appearing for defendant Petrillo met the undersigned Assistant United States Attorney and a United States Attorney's Office financial auditor at the United States Attorney's Office and produced some of the back-dated documents referred to in paragraph 5, above, in order to convince the United States Attorney's Office that a substantial amount of moneys and funds that had been received by defendant Petrillo were loans rather than income.

7. On November 30, 2000, a federal grand jury, sitting in Miami, indicted defendant Petrillo for Obstruction of Justice, in

violation of 18 U.S.C. §1503, involving the events described above. See attached Indictment in Case No. 00-6334-CR-FERGUSON.

8. On December 1, 2000, defendant Petrillo was arrested upon an arrest warrant issued on November 30, 2000 by United States Magistrate Judge Stephen T. Brown upon the grand jury indictment.

9. Ruben Oliva, Esq., has been informed that he will be a witness in the trial of the attached indictment.

10. The United States Probation Office is in the process of amending the probation violation petition to include as a violation of probation the matter charged in the attached indictment. Accordingly, Ruben Oliva, Esq., will be a witness in the violation of probation hearing pending before the Court.

11. In light of the events described above, it is hereby moved that the violation of probation hearing scheduled for December 4, 2000, be continued.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____ FOR
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this  1ST  day of December, 2000 to Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

*Donald F. Chase II For*
ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY

```
                          U.S. District Court
                FLS - Southern District of Florida FtLauderdale

                     CRIMINAL DOCKET FOR CASE #: 00-CR-6334

USA v. Petrillo                                          Filed: 11/30/00
Assigned to: Wilkie D. Ferguson, Jr.


Dkt # in other court: None


LOUIS F. PETRILLO (1) , DOB:      Joseph S. Paglino
9/14/40   Prisoner #47382-004     305-758-8017
     defendant                    2nd Floor
                                  [COR LD NTC ret]
                                  12865 W Dixie Highway
                                  North Miami, FL 33161

Pending Counts:                   Disposition

18:1503.F INJURING
OFFICER/JUROR/WITNESS
(1)

Offense Level (opening): 4

Terminated Counts:

   NONE

Complaints:

   NONE

U. S. Attorneys:

   Robert Joseph Lehner
   FTS 530-6168
   305-961-9020
   [COR LD NTC]
   United States Attorney's Office
   99 NE 4th Street
   Miami, FL 33132
   305-961-9000

   PTS Officer
   FTS 356-7915
   954-769-5600
```

r-06334-WDF Document 22 Entered on FLSD Docket 12/14/2000 Pa
Proceedings include all events: LSS
0:00CR6334 USA v. Petrillo

[CQR LD NTC]
Pretrial Services Office
299 E Broward Boulevard
Suite 301
Fort Lauderdale, FL 33301
954-769-5600

Probation Officer
FTS 356-7061
954-769-5500
[COR LD NTC]
United States Probation Office
299 E Broward Boulevard
Room 409
Fort Lauderdale, FL 33301-1865
954-769-5500

--------------------------------

| Date | # | Entry |
|---|---|---|
| 11/30/00 | 1 | MOTION by USA as to Louis F. Petrillo to seal file until arrest of defendant or until further order of court (sp) [Entry date 11/30/00] |
| 11/30/00 | 2 | ORDER as to Louis F. Petrillo granting [1-1] motion to seal file until arrest of defendant or until further order of court as to Louis F. Petrillo (1) ( Signed by Magistrate Stephen T. Brown on 11/30/00) CCAP [EOD Date: 11/30/00] CCAP☐ (sp) [Entry date 11/30/00] |
| 11/30/00 | 3 | SEALED INDICTMENT as to Louis F. Petrillo (1) count(s) 1 (Criminal Category 1) (sp) [Entry date 11/30/00] |
| 11/30/00 | --- | Magistrate identification: Magistrate Judge Lurana S. Snow (sp) [Entry date 11/30/00] |
| 11/30/00 | 4 | ARREST WARRANT issued as to Louis F. Petrillo . Warrant issued by Magistrate Stephen T. Brown Bail fixed at pretrial detention (sp) [Entry date 11/30/00] |
| 12/01/00 | --- | ARREST of Louis F. Petrillo (dp) [Entry date 12/05/00] |
| 12/01/00 | 9 | ORDER on Initial Appearance as to Louis F. Petrillo Bond set to PTD for Louis F. Petrillo., , ( Signed by Magistrate Ted E. Bandstra on 12/1/00) CCAP (dp) [Entry date 12/05/00] |
| 12/01/00 | 10 | ORDER upon ore tenus motion by the USA as to Louis F. |

|  |  |  |
|---|---|---|
|  |  | Petrillo to Unseal Indictment ( Signed by Magistrate Ted E. Bandstra on 12/1/00) CCAP [EOD Date: 12/5/00] CCAP (dp) [Entry date 12/05/00] |
| 12/01/00 | 11 | REPORT Commencing Criminal Action as to Louis F. Petrillo DOB: 9/14/40  Prisoner # 47382-004 (dp) [Entry date 12/05/00] |
| 12/01/00 | --- | Indictment unsealed as to Louis F. Petrillo (dp) [Entry date 12/06/00] |
| 12/04/00 | 5 | Minutes of Inquiry re counsel/PTD/Arraignment held on 12/4/00 before Magistrate Judge Lurana S. Snow as to Louis F. Petrillo ; Court Reporter Name or Tape #: 00-60/615 (dp) [Entry date 12/05/00] |
| 12/04/00 | 6 | NOTICE of Appearance for Louis F. Petrillo by Attorney Joseph S. Paglino (dp) [Entry date 12/05/00] |
| 12/04/00 | 7 | REQUEST for discovery and inspection from USA by Louis F. Petrillo (dp) [Entry date 12/05/00] |
| 12/04/00 | 12 | ARRAIGNMENT INFORMATION SHEET for Louis F. Petrillo (1) count(s) 1   NOT GUILTY PLEA ENTERED as to all counts. Court accepts plea. (dp) [Entry date 12/05/00] |
| 12/05/00 | 8 | ARREST WARRANT Returned Executed as to Louis F. Petrillo on 12/1/00 (dp) [Entry date 12/05/00] |
| 12/05/00 | 13 | ORDER RE: STATUS CONFERENCE, SPEEDY TRIAL, PRETRIAL MATTERS as to Louis F. Petrillo   Status conference set for 11:00 1/16/01 for Louis F. Petrillo   before Magistrate Barry S. Seltzer ( Signed by Magistrate Judge Lurana S. Snow on 12/5/00) CCAP [EOD Date: 12/6/00]  CCAP (dp) [Entry date 12/06/00] |
| 12/05/00 | 14 | STANDING DISCOVERY ORDER as to Louis F. Petrillo   all motions concerning matters not covered by this order must be filed within 28 days of this order ( Signed by Magistrate Judge Lurana S. Snow on 12/5/00)  Tape #  CCAP (dp) [Entry date 12/06/00] |
| 12/06/00 | 15 | NOTICE of Hearing as to Louis F. Petrillo : set calendar call for 3:15 1/8/01 for Louis F. Petrillo   before Judge Wilkie D. Ferguson Jr., set Jury trial for 1/16/01 for Louis F. Petrillo   before Judge Wilkie D. Ferguson Jr. (dp) [Entry date 12/07/00] |

:r-06334-WDF   Document 22   Entered on FLSD Docket 12/14/2000   Pa
Proceedings include all events.                                  LSS
0:00CR6334       USA v. Petrillo

| Date | # | Entry |
|---|---|---|
| 12/06/00 | 16 | ORDER OF DETENTION as to Louis F. Petrillo ( Signed by Magistrate Judge Lurana S. Snow on 12/6/00)  Tape #  CCAP (dp) [Entry date 12/07/00] |
| 12/07/00 | 17 | TRANSCRIPT filed as to Louis F. Petrillo  of Pretrial Detention Hearing held 12/4/00  before Judge Magistrate Lurana S. Snow  Pages: 1-48 (dp) [Entry date 12/07/00] |