UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA : | | CASE NO. 00-6334 |
| | : | CR - FERGUSON |
| Plaintiff, | : | |
| vs. | : | |
| | : | Fla. Bar No. 100028 |
| LOUIS FRANK PETRILLO, | : | |
| | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| UNITES STATES OF AMERICA : | | |
| | : | |
| Plaintiff, | : | CASE NO. 93-942 |
| vs. | : | CR - ZLOCH |
| | : | |
| LOUIS FRANK PETRILLO, | : | |
| | : | |
| Defendant | : | |

**DEFENDANT'S OBJECTIONS TO THE UNITED STATES MOTION TO
TRANSFER CASE & RESPONSIVE ISSUES FOR ADJUDICATION**

**SUMMARY OF ARGUMENT & RESPONSIVE  ISSUES FOR ADJUDICATION**

1. The United States Motion To Transfer should be stricken or denied as
insufficient and inappropriate on the facts of these cases.

2. An immediate, judicial, determination should be made as to whether
Robert J. Lehner, AUSA's conflict of interest, as a witness [in these cases]
requires his disqualification as the prosecutor in the case(s)

3. An immediate, judicial, determination should be made as to whether AUSA
Robert J. Lehner's accusation of Defendant's counsel, Ruben Oliva, Esq.'s
Conflict of interest has sufficient merit to require his disqualification as a
counsel for Defendant, Louis Frank Petrillo

Defendant, by counsel, objects to the United States Motion To Transfer, moves to deny

the Motion for the following reasons or strike or abate the Motion until the issues of conflict of

interest of the movant, AUSA Robert Lehner and Defense Counsel, Ruben Oliva, Esq. , which now permeate these cases *[infra]* are ruled upon by this Court, and would, respectfully, show the Court(s) and Judges involved, as follows:

1. **Defendant objects to the transfer and did not authorize continuance of his Probation Violation Hearing set for December 4, 2000, which gave rise to the AUSA's Motion To Transfer.**    Despite the AUSA's representation that Defense counsel, Ruben Oliva, Esq., lead counsel in Case No. 93-Cr-6334-Zloch, takes "no position" on his Motion To Transfer, this, inadvertently, is a misleading representation, by its omissions.

In fact, Defendant objects to any transfer and his counsel, Ruben Oliva, Esq. can take no position on behalf of the Defendant, on the transfer or otherwise, at this point, because AUSA Lehner has accused him of a serious conflict of interest and seeks, as a minimum, to disqualify Ruben Oliva from the case and call him as a witness against his client, Defendant Petrillo, in Case No. 93-Cr-442-Zloch. *See Paras. 5, 6, et.seq., AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000. [Exh. 1, annexed hereto.]*

It was for this reason that the AUSA requested Judge Zloch, without hearing or notice to defendant, or his ability to attend any Hearing on the Motion, to continue the Probation Violation Hearing set for December 4, 2000, to which continuance Defendant objected [when he learned of it] but his objection to the continuance was not relayed to the Court, nor was Defendant able to contact the Court or his counsel, to advise that he wished his Hearing to proceed, because the same AUSA, Robert Lehner, had previously had the Defendant Indicted on November 30, 2000 and arrested on December 1, 2000, causing Defendant to be held incommunicado in Detention at the FDC on the 12th floor, where Defendant was not permitted to make any phone calls to counsel. Serious issues of

Page 2 of 14

U.S. Const. 5th, 6th Amend. violations now appear to permeate those events; and, a conflict appears to rise because the AUSA appears, inadvertently, to have placed himself in a position of conflict in Case No. 93-Cr-442-Zloch, as probable witness for the Defense and perhaps the Prosecution. *[Infra]*

[AUSA Lehner also appears to have involved himself as a fact witness in Case No. 00-Cr-6334-Ferguson, relating to the new "obstruction of justice" charge; for which AUSA Lehner, a "fact witness", also signed, and presumably presented, the Indictment, which involves whether a promissory note was used to "obstruct justice" in a meeting in which AUSA Lehner was a participant. *See Para. 6, AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000* [ Def. Exh. 1]

This is so because AUSA Lehner and Donald F. Chase, II, AUSA, represent to the Court that AUSA Lehner was present at the time the alleged endeavor to "obstruct justice" (sic) occurred, together with Defendant's defense counsel and others at a meeting. [Def. Exh. 1] Thus, AUSA Lehner plays many parts, (1) a fact witness, (2) the AUSA who presented and signed the Indictment against Defendant, (3) the AUSA who had bond denied to Defendant and (3) who caused the continuance of Defendant's Probation Violation Hearing, by causing his arrest on the Friday preceding Defendant's Monday Hearing [without prior disclosure to or advice from the District Judge whose Hearing was involved or consent of the Defendant to the cancellation of the Hearing]

The representations of Robert J. Lehner, AUSA and Donald R. Chase, II, AUSA admit Defendant himself was not present at the meeting where the violation, allegedly witnessed by AUSA Lehner, occurred; and the conflict of interest of AUSA Lehner and Defense Counsel Ruben Oliva, Esq. is raised. [ Def. Exh. 1, supra, *AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000]*

Page 3 of 14

**2. Local Rule 3.9C, upon which the United States relies, does not provide for transfer of cases in this situation and Defendant would be prejudiced by transfer, because;**

a. The subject matter of Case No. 00 Cr-6334-Ferguson, does not involve the same subject matter as Case No. 93-441 Adkins [now Zloch]. Case No. 93- Cr 442 is a non-jury, Probation Violation hearing, concerning technical reporting violations, which may, in part, be punitively instigated, due to a perception by the Probation Officer that it was impertinent and retaliatory for the Defendant to "go over his head" to obtain the Court's Order to attend his brother's funeral, when the Probation Officer [without stated reason] had denied and previous complaints by Defendant for similar disagreements, to the Probation Officer's superior, etc. [See Motion & Order in Court File Case No. 93-Cr-442-Adkins/Zloch. [It appears the Probation Officer harbors a dislike for the Defendant. And, Judge Zloch's "familiarity with the case" is sparse; he apparently was assigned Judge Adkins case post trial; since he did not try the original case and is probably no more familiar with it than any other Judge in this District, so that criteria too, militates against transfer.

(b) Case No. 00 - Cr 6334-Ferguson is an 18 USC 1503 charge, as described by AUSA Lehner. *See AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000.* Case No. Cr- 6334- Ferguson is already set for Jury Trial the week of January 16, 2001, discovery is in progress, the timetable for motions, etc. in force and one motion is presently pending before Judge Ferguson. Defendant was denied bond, on AUSA Lehner's Motion and he is being held in special detention, on the AUSA's application, where he can not call legal counsel or others to meaningfully assist in his defense. Defendant should not be prejudiced further by the delay and difficulties between the AUSA and Defense counsel in Case No. 93-Cr-442-Zloch, where serious conflict of interest and witness issues may delay all proceedings before Judge Zloch.

And, Case No. 00-Cr-6334- Ferguson is on a fast track to trial and justice for all. The trial result will resolve the problem AUSA Lehner perceives in his Motion, without added problems in

Case No. 93-Cr-422-Zloch and save scarce judicial time. The Court and counsel have arranged their schedules and Holiday Season vacations to prepare for and try the case and replacing the AUSA at this juncture if necessary, should he choose to acknowledge conflict, would not seriously affect progress or scheduling of the trial since the witnesses and exhibits appear to be minimal, compared to the mind numbing allegations of technical reporting violation in 93-Cr-442-Zloch.

3. **AUSA Lehner's charge of defense counsel conflict in Case No. 93-442-Cr-Zloch:**

AUSA Lehner has raised serious issues of 6th Amendment violations, by his accusations of conflict of interest against Defendant's Attorney, Ruben Oliva, Esq. The AUSA candidly admits his involvement as a fact witness in the new 18 USC 1503 against Defendant, and the AUSA has stated to the Court, in his Motion To Continue, that he will call Ruben Oliva, Esq. as a witness against his client/Defendant and ... will seek to prevent him from representing Defendant at any Probation Violation Hearing. *See AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000* [Defendant has placed Mr. Oliva and AUSA Lehner on notice, in writings, that he wishes to be represented by Mr. Oliva as his counsel of choice].

Defendant has had to obtain additional counsel, Walter Reynoso, Esq., since his preferred counsel of choice, Ruben Oliva, Esq.'s, availability has been placed in issue, in 93-442-Cr-.Zloch. Mr. Reynoso will obviously need a significant amount of time to familiarize himself with the case, documents, witnesses, etc., probably far after the January 16, 2001 trial setting in Case No. 00-Cr-6334-Ferguson. And, the issue of Defense Counsel conflict will require resolution by the District Court and perhaps the 11th Circuit Court of Appeals, before Case No. 93-Cr-422-Zloch can proceed..

It was this allegation of conflict which precluded Defendant from having counsel of his choice, Ruben Oliva, Esq., as his Defense Counsel in Case No. 00-Cr-6334-Ferguson and, at the last minute, undersigned counsel had to step in. *See AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000*

It would be unwise to "tar" Case No. 00-Cr-6334-Ferguson, with the taint of AUSA and counsel conflict now permeating Case No. 93-Cr-442-Zloch, due to the AUSA's allegations and "taint" other defense counsel with the same conflict, by sharing information with Ruben Oliva, Esq. and, certainly, the interests of justice would not be served by the transfer. Indeed, important 6th Amendment rights and conflict issues are now present in Case No. 93-Cr-442-Zloch, because both defense counsel and AUSA Lehner may wind up being witnesses in that case. At this juncture, Case 00-Cr-6334-Ferguson, may avoid entanglement in the mind numbing allegations of technical conflict of accounting practices, terms, etc., which appear to be the issues in the Probation Violation case.

On the other hand, in Case No. 00-Cr-6334- Ferguson, the Court can simply try the case as scheduled, without further violation of Defendant's 6th Amendment right to counsel of his choice, and, if Defendant is acquitted, this will leave one less alleged "probation violation" to resolve . This expedient resolution of the "obstruction" charge would not be possible if the case was transferred.

4.  **Local Rule 3.9C [Transfer of Actions] does not have the force of law or Rule of Procedure and should yield to the 5th, 6th Amend. rights of Defendant, which transfer will violate.** It appears that application of the rule in this case, against the will of the Defendant and his present, un-conflicted, legal counsel, would also deprive the Defendant of the benefits of the "blind filing system" in force in this and all other District Courts of America. Further, if the same Judge hears both the Probation Violation Hearing, non-jury, with a relaxed standard of admissibility of evidence, he may be prejudiced by mindset, in rulings on that same evidence, which might be inadmissible in a jury trial. Judges, in the final analysis, are human and should not be placed in positions of conflict when it is fairly debatable whether a transfer would be in the interests of justice and transfer is unnecessary.

A possible solution would be to permit Judge Ferguson's case to proceed on the fast track, which will resolve the "new" 18 USC 1503 charge alleged against the Defendant by AUSA Lehner, in which AUSA Lehner will obviously be a fact witness; and which will resolve the issue of violation or non-violation of Defendant's probation, without duplication of judicial and counsel time and effort, by Defendant's acquittal, conviction or plea in the "fast track" case....in which he is denied bond.

5. **AUSA Lehner's position of conflict precludes him from asking for transfer and, perhaps after hearing on the issue, may preclude any involvement, in either case.** *See AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000, which appears facially to raise serious issues of conflict as to AUSA Lehner's continued involvement, since he states he was present when an alleged note surfaced which may form the basis of the new 18 USC 1503 charge against Defendant. [Def. Exh. 1, annexed hereto]*

*Obviously, AUSA Lehner is a material, exculpatory, witness for the defense, since his statement claims that the attorneys for Defendant ... not ... Defendant ..... presented the document to him. See Para. 6 of AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000 [Def. Exh. 1, annexed hereto] [AUSA, Lehnen, similarly, concludes that Ruben Oliva, Esq., Defendant's legal counsel in Case No. 93-Cr-442-Adkins/Zloch, is a material witness by his participation in the meeting, supra.]*

With the utmost respect and deference to AUSA Lehner, foreseeable events seem to have placed him in an intolerable position of conflict as (1) accuser, (2) witness, (3) Grand Jury presenter of evidence selected by him, and, (4) prosecutor ... which has caused his actions, on behalf of the United States, to have a substantial, adverse, effect upon Defendant, Louis Frank Petrillo's 5th, 6th Amendment rights. It is therefore, respectfully submitted that the Court(s) may wish to consider whether to abate his application for "transfer" and other motions filed by him, until such time as the conflict of interest issues have been resolved as to AUSA Lehner and Ruben Oliva, Esq., or, simply

A possible solution would be to permit Judge Ferguson's case to proceed on the fast track. which will resolve the "new" 18 USC 1503 charge alleged against the Defendant by AUSA Lehner, in which AUSA Lehner will obviously be a fact witness; and which will resolve the issue of violation or non-violation of Defendant's probation. without duplication of judicial and counsel time and effort, by Defendant's acquittal. conviction or plea in the "fast track" case ...in which he is denied bond.

5. **AUSA Lehner's position of conflict precludes him from asking for transfer and, perhaps after hearing on the issue, may preclude any involvement, in either case.** *See AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000, which appears facially to raise serious issues of conflict as to AUSA Lehner's continued involvement, since he states he was present when an alleged note surfaced which may form the basis of the new 18 USC 1503 charge against Defendant. [Def. Exh. 1, annexed hereto]*

*Obviously, AUSA Lehner is a material, exculpatory, witness for the defense, since his statement claims that the attorneys for Defendant ... not ... Defendant ..... presented the document to him. See Para. 6 of AUSA Lehner's Motion To Continue Hearing in Case No. 93-Cr-442-Zloch, filed December 1, 2000 [Def. Exh. 1, annexed hereto] [AUSA, Lehnen, similarly, concludes that Ruben Oliva, Esq., Defendant's legal counsel in Case No. 93-Cr-442-Adkins Zloch, is a material witness by his participation in the meeting, supra.]*

With the utmost respect and deference to AUSA Lehner, foreseeable events seem to have placed him in an intolerable position of conflict as (1) accuser, (2) witness, (3) Grand Jury presenter of evidence selected by him, and, (4) prosecutor ... which has caused his actions, on behalf of the United States, to have a substantial, adverse, effect upon Defendant. Louis Frank Petrillo's 5th, 6th Amendment rights. It is therefore, respectfully submitted that the Court(s) may wish to consider whether to abate his application for "transfer" and other motions filed by him, until such time as the conflict of interest issues have been resolved as to AUSA Lehner and Ruben Oliva, Esq , or, simply

deny it at this point, or hear the issues of conflict of interest as to AUSA Lehner and Ruben Oliva, Esq., prior to entertaining the Motion To Transfer. *[Note; at the time AUSA Lehner conducted Defendant's Bond Hearing in Case No. 00-Cr-6334-Ferguson, on December 6, 2000, the conflict issues had not been fully developed, but are palpable at this juncture.]*

## Memorandum of Law - Issue of AUSA Conflict

It is axiomatic that, on the allegations and representations that Robert Lehner, AUSA, has a conflict as interest in his capacities as a prosecutor and witness and should not be permitted to prosecute or take any part in this cause, including a Motion To Transfer, except as a potential or actual witness, due to such conflict. Exh. 1 Defendant has taken no action to bring on this conflict of interest. As, candidly, admitted by the Office of the United States Attorney, Defendant was not even present at the meeting where the alleged violation of law occurred. [Def. Exh. 1

Defendant, by counsel, respectfully suggests actual conflict, *supra,* and moved for Hearing on the issue in Case No. 00-6334-Cr-Ferguson, so as to prevent any unnecessary delay in the trial set for the week of January 16, 2000, as noted, in part, in that Suggestion Of Conflict;

> "A United States district attorney carries a double burden.
> He owes an obligation to the government, just as any attorney
> owes an obligation to his client, to conduct his case zealously.
> But he must remember also that he is the representative of a
> government dedicated to fairness and equal justice to all and,
> in this respect, he owes a heavy obligation to the accused.
> Such representation imposes an overriding obligation of fairness
> so important that Anglo-American criminal law rests on the foundation:
> better the guilty escape than the innocent suffer." Dunn v. United States,
> 307 F.2d 883, 885 (5th Cir. 1962) (quoting Handford v. United States, 249
> F.2d 295, 296 (5th Cir. 1957))

See also Goodwin, 492 F.2d at 1147 ("[Prosecutor] is at liberty to strike hard blows, but not foul ones."). And, as the court said in Hall, "government counsel is, as an individual, properly and highly respected by the members of the jury for his integrity, fairness, and impartiality." 419 F.2d at 588 (internal quotations and citation omitted). "It is fair to say that the average jury, in a greater or less degree, has confidence that these obligations, which so plainly rest upon the prosecuting attorney, will be faithfully observed. Consequently, improper suggestions, insinuations, and, especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." [Apparently, defense counsel carry no such prestige.]

Added to this is the unseen presence in the courtroom of our great and powerful government with its counsel and its voice in the person of the United States Attorney. For all these reasons his power to persuade is great. And for these reasons he must speak with the care, the decorum and the sensitivity that befit his position and his duties. Neither the heat and strain of trial nor the right to strike hard blows authorizes him to do otherwise. Id. (quoting Berger v. United States, 55 S.Ct. 629, 633 (1934)). Not only must a prosecutor be faithful to his duties each time he enters a courtroom, he must also be mindful of the authority he wields when executing those duties before a jury.

And what if the Defendant, *sub judice,* were convicted, with AUSA Lehner acting as a prosecutor ? One may think that an appellate reversal or affirmance of the conviction would cure the problem. Such a proposition is incorrect. "That we find an error not to be reversible does not transmute that error into a virtue. The error is still an error. And, urging the error upon the trial court still violates the United States Attorney's obligation to the court and to the public." Eason, 920 F.2d at 737; see Boyd, 131 F.3d at 955; see Modica, 663 F.2d at 1183-84; see generally United States v. Isgro, 974 F.2d 1091, 1099 (9th Cir. 1992).

AUSA Lehner is a good soldier. But, AUSA Lehner's devotion to his job should not lessen the fact that permitting him to continue in this case, as the good soldier he is, is neither in his interests as an attorney, nor in the United State's interest of fair play, an overriding factor in the American way of life. We must assume, in the press of the AUSA's duties, he overlooked his conflict and the actual and potential damage to the Defendant and the system. Dunn v. United States, *supra,* 307 F.2d 883, 885 (5th Cir. 1962) (quoting Handford v. United States, 249 F.2d 295, 296 (5th Cir. 1957))

There is no absolute right to the United State's counsel of its own choice, just as there is no absolute right to a Defendant's counsel of his/her own choice. United States v. Padilla-Martinez, 762 F.2d 942, 946 (11th Cir.) cert. denied, 474 U.S. 952, 106 S.Ct. 320, 88 L.Ed.2d 802 (1985), In fact, while the Defendant enjoys a 6th Amendment right to counsel of his/her choice, the Government has no such right. Any number of cases have held that the right to a choice of counsel is subordinate to the requirements of the efficient and orderly administration of justice. (citations omitted)

There can be no doubt that AUSA Robert Lehner's involvement in the factual underpinnings of this prosecution and his potential as a witness create a practical and ethical conflict that would disqualify him from examining or cross- examining anyone on those issues, as might disqualify a defense counsel. United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994), cert. denied, --- U.S. ----, 115 S.Ct. 2558, 132 L.Ed.2d 812 (1995). Even where only a potential for conflict exists, disqualification is required. Wheat v. United States, 486 U.S. 153, 163, 108 S.Ct. 1692, 1699, 100 L.Ed.2d 140 (1987) ("[W]e think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in more common cases where the potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."). And, unlike the situation

where a Defendant may waive any conflict, in order to obtain the counsel of his/he choice, the United States can not waive any conflict which has the potential to interfere with a Defendant's right to a fair trial. *Id.* Therefore, the AUSA's conflict precluded him from acting as an advocate for the government in seeking, bringing and prosecuting the Indictment in this cause or any following proceedings, including any bond hearing or motion to transfer, which has already spread the taint of AUSA's conflict.

AUSA Lehner and the Office of the US Attorney, have, in Exh. 1, annexed hereto, suggested a similar conflict of attorney Ruben Oliva, Esq., counsel of choice for Defendant Petrillo, on the same basis, *supra*, i.e., participation in the "meeting" which, *inter alia*, gave rise to the Indictment, Defendant's arrest on the new, substantive, charge and a quest by AUSA Lehner to amend the existing Probation Violation petition. [Def. Exh. 1].

The AUSA's indication to the Court of Attorney Ruben Oliva's alleged conflict, Exh. 1, mirrors Defendant's request for Hearing on this issue, regardless of whether it is the Government's or the Defendant's counsel whose conflict is at issue. See Wood v. Georgia, 450 U.S. 261, 272, 101 S.Ct. 1097, 1104, 67 L.Ed.2d 220 (1981) (reversing a conviction because the trial court failed to inquire into defense counsel's potential conflict of interest even though the court "should have been aware of the problem"). Here, the AUSA's "conflict" existed prior to his presentment of the Indictment, prior to the Defendant's arrest on his order, prior to his seeking to deny Defendant Bond and prior to his later activities in the case. All of which are tainted actions. But this is no fault of the Court, since the AUSA's office made no inquiry to the Court for guidance, although, assumedly the office was aware of the AUSA's role as a participant and witness in the matter when Defendant was arrested and held, incommunicado. Exh. 1

The danger in representing conflicting interests is not only in what an advocate does but also in what the attorney must refrain from doing at possible pretrial plea negotiations, trial, and sentencing. See Burden v. Zant, 24 F.3d 1298, 1305-06 (11th Cir.1994). Absent apparent good cause to believe that there is no potential conflict of interest, the trial court must take appropriate measures to protect each defendant's right to a proceeding free of conflict. See Fed.R.Crim.P. 44(c). Although "a defendant may waive his right to the assistance of an attorney unhindered by a conflict of interests," Holloway v. Arkansas, 435 U.S. 475, 483 n. 5, 98 S.Ct. 1173, 1178 n. 5, 55 L.Ed.2d 426 (1978), "such waivers are not to be lightly or casually inferred and must be knowingly and intelligently made," United States v. Alvarez, 580 F.2d 1251, 1259 (5th Cir.1978). Our circuit recognizes that a defendant's waiver of conflict-free counsel is constitutional when "a defendant after thorough consultation with the trial judge knowingly, intelligently and voluntarily ... waive[s] this protection." United States v. Garcia, 517 F.2d 272, 278 (5th Cir.1975); see United States v. Zajac, 677 F.2d 61, 63 (11th Cir.1982) (per curiam) (recognizing that Garcia established a procedure for determining a valid waiver of conflict-free counsel). The record must show "that the defendant was aware of the conflict of interest; realized the conflict could affect the defense; and knew of the right to obtain other counsel." United States v. Rodriguez, 982 F.2d 474, 477 (11th Cir.1993) (per curiam). Here, as shown by Exh. 1, the AUSA, quite elegantly, attempts to deprive the Defendant of the counsel of his choice, but displays his own, more serious, conflict. A district court must pass on issues of "conflict of interest" not with the wisdom of hindsight after the trial has taken place, but in the murkier pre-trial context when relationships between parties are seen through a glass, darkly." Wheat, 486 U.S. at 162, 108 S.Ct. at 1699. Therefore, district judges are "allowed substantial latitude" in ruling on conflicts of interest not only in those rare cases, as here, where an actual conflict is demonstrated before trial, but in the more common cases where a potential for conflict exists which

Page 12 of 14

may or may not burgeon into an actual conflict as the trial progresses." Id. at 163, 108 S.Ct. at 1699.

This Honorable Court is respectfully requested to make such inquiry and enter appropriate prophylactic relief in favor of the Defendant.

## CERTIFICATE OF GOOD FAITH

Defendant's objection to transfer was conveyed to AUSA Lehner and, AUSA's apparent Conflict of Interest was discussed with AUSA Lehner, who disagrees, requiring Hearing on the issue. A request for Hearing is filed in Case No. 6334-Cr-Ferguson, in which undersigned counsel appears.

**WHEREFORE,** it is respectfully, and with the utmost deference to AUSA Lehner and his Office, that his Motion To Transfer be denied, stricken or abated until such time as the pending "conflict of interest" issues are resolved by the Court(s) and determination is made whether Ruben Oliva, Esq. and/or AUSA Lehner should continue their appearances in these cases. It is requested that the Court(s) set an early Hearing on these conflict issues as their Calendar's permit, so as not to further impede the rights of Defendant, Louis Frank Petrillo, who is needlessly incarcerated, without ability to make telephone calls to counsel, etc., *supra.*

Respectfully submitted:

Law Office of Joseph S. Paglino
Counsel for Defendant Petrillo
12865 West Dixie Highway
North Miami, Florida 33161
Tel. (305) 758-8017

By _____
Joseph S. Paglino, Esq.

Page 13 of 14

## CERTIFICATE OF SERVICE

**IT IS HEREBY CERTIFIED** that a true copy of the foregoing was furnished by mail to Robert J. Lehner, AUSA, 99 N.E. 4th Street, 4th Floor, Miami, Florida 33132-2111, Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33123, Walter Reynoso, Esq., Grove Forest Plaza, Suite 107, 2937 Southwest 27th Avenue, Coconut Grove, Florida 33133, this _12_ day of December, 2000.

Joseph S. Paglino, Esq.

DEFENDANT'S
EXHIBIT

CASE
NO. 00-cr-6334

EXHIBIT
NO.    1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-442-CR-ZLOCH

UNITED STATES OF AMERICA,        )
                                 )
        Plaintiff,               )
                                 )
·v.                              )
                                 )
LOUIS F. PETRILLO,               )
                                 )
        Defendant.               )
_____)

## MOTION TO CONTINUE VIOLATION OF
CONDITION OF PROBATION HEARING

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves that the Violation of Conditions of Probation Hearing in the above-captioned case scheduled for ·December 4, 2000, be continued, and states as follows:

1.    On August 3, 2000, United States' Probation Officer Frank X. Will, who is assigned to supervise defendant Louis F. Petrillo in the above-captioned case, submitted to the Court a Petition, requesting that the Court authorize the arrest of defendant Petrillo for violations of the conditions of probation, based, inter alia, upon defendant Petrillo's failing to report to the United States Probation Office large amounts of his income.

2.    On August 8, 2000, the Court ordered the issuance of an arrest warrant based upon Probation Officer Will's petition.

3.    On August 16, 2000, defendant Petrillo was arrested on

$EXHIBIT$    1

the arrest warrant, made his initial appearance before United States Magistrate Judge William C. Turnoff, and was released upon a $250,000 10% bond.

4.    The Violation of Conditions of Probation Hearing has been scheduled for December 4, 2000.

5.    On October 26, 2000, while under audio/video surveillance by the Federal Bureau of Investigation, defendant Petrillo created, and caused the creation of, back-dated false and fictitious documents, including a Promissory Note/Line of Credit and Line of Credit Draw Requests, in order to mislead the Court into believing at the December 4, 2000 Violation of Conditions of Probation Hearing that moneys and funds that had been received by defendant Petrillo were loans rather than income.

6.    On November 27, 2000, defendant Petrillo's attorney, Ruben Oliva, and a forensic accountant also appearing for defendant Petrillo met the undersigned Assistant United States Attorney and a United States Attorney's Office financial auditor at the United States Attorney's Office and produced some of the back-dated documents referred to in paragraph 5, above, in order to convince the United States Attorney's Office that a substantial amount of moneys and funds that had been received by defendant Petrillo were loans rather than income.

7.    On November 30, 2000, a federal grand jury, sitting in Miami, indicted defendant Petrillo for Obstruction of Justice, in

2

violation of 18 U.S.C. §1503, involving the events described above. See attached Indictment in Case No. 00-6334-CR-FERGUSON.

8.    On December 1, 2000, defendant Petrillo was arrested upon an arrest warrant issued on November 30, 2000 by United States Magistrate Judge Stephen T. Brown upon the grand jury indictment.

9.    Ruben Oliva, Esq., has been informed that he will be a witness in the trial of the attached indictment.

10.    The United States Probation Office is in the process of amending the probation violation petition to include as a violation of probation the matter charged in the attached indictment. Accordingly, Ruben Oliva, Esq., will be a witness in the violation of probation hearing pending before the Court.

11.    In light of the events described above, it is hereby moved that the violation of probation hearing scheduled for December 4, 2000, be continued.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____ FOR
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this __1ST__ day of December, 2000 to Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY

. 4