UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6334-CR-FERGUSON

UNITED STATES OF AMERICA,              )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )
                                       )
LOUIS F. PETRILLO,                     )
                                       )
        Defendant.                     )
_____/



### STANDING DISCOVERY WRITTEN STATEMENT

The United States of America, by and through its undersigned Assistant United States Attorney, hereby submits its Standing Discovery Written Statement in the above titled case, and states as follows:

A. 1.    Copies of the video/audio tapes and audio cassettes of defendant Louis F. Petrillo on October 19, 2000 and October 26, 2000 have been furnished to the defendant's attorney, Joseph S. Paglino. (October 19, 2000 - 1 video/audio tape and 2 audio cassettes)(October 26, 2000 - 1 video/audio tape and 3 audio cassettes). Mr. Paglino states that he will make these materials available to other counsel representing defendant Petrillo, namely, Rubin Oliva and Walter Reynoso. When final transcripts of these tapes/cassettes are prepared, they will be furnished to the defense.

2.    The government does not intend to offer in evidence at trial any oral statement made by the defendant in response by a then known-to-be government agent.

3.    The defendant did not testify in the grand jury relating to the offense charged.

4.    Herein attached, as Exhibit A, is the NCIC report of the defendant's criminal record  (4 pages).

5.    The government and Mr. Paglino have agreed that a box of papers, documents, etc., be given by the government to a photocopying establishment so that Mr. Paglino can make arrangements with the establishment to order same.

Additionally, herein attached, as Exhibit B, are copies of the materials furnished to the government on November 27, 2000 by Rubin Oliva, Esq., and Certified Public Accountant Stanley I. Foodman (13 pages).

Additionally, herein attached, as Exhibit C, are copies of materials furnished to the government by Mr. Lawrence Pinkoff (15 pages).

Additionally, herein attached, as Exhibit D, are copies of documents created by the defendant and Lawrence Pinkoff on October 26, 2000 (16 pages).

Additionally, herein attached, as Exhibit E, is a document furnished by Bailey, Banks & Biddle (1 page).

2

The government is aware of its continuing duty to make available to the defense papers, documents, etc., that come within the ambit of Standing Discovery Order paragraph 5, when the government obtains same.

6.     The government is not aware of any physical or mental examinations, or scientific tests or experiments, made in connection with this case.

B.1,2 and 3.     Mr. Paglino has stated to the government that at this time he has nothing to submit to the government pertaining to Standing Discovery Order B.1,2 and 3.

C.     The government is not aware of any information or material within the purview of Brady or Agurs, and is aware of its continuing duty to notify the defense if and when it becomes aware of same.

D. and E.     The United States Attorney's Office, Southern of Florida, has given Lawrence Pinkoff use and derivative use immunity during the period of his cooperation with its office.     When his record of prior convictions is received by the United States Attorney's Office it will be furnished to the defense.

F.     The government is not aware of any lineup, showup, photo spread or similar identification proceeding.

G.     The government had advised its agents involved in this case to preserve all rough notes.

3

H.    The government at this time does not intend to introduce during its case in chief proof of other crime evidence, pursuant to Fed.R.Evid. 404(b).    The government will immediately advise the defense if such intent changes.

I.    The government intends to offer into evidence audio/video tapes and audio cassettes of conversations in which the defendant participated on October 19, 2000 and October 26, 2000, which were recorded with the consent of one of the participants of those conversations, Lawrence Pinkoff.  Otherwise the government is not aware that the defendant was an aggrieved person, as defined by 18 U.S.C. §2510(11).

J.    The government has ordered transcripts of the testimony of all witnesses who will testify for the government at the trial of this case.

K., L. and M.    Paragraphs K., L. and M of the Standing Discovery Order are inapplicable to this case.

The government is aware of its continuing duty under the Standing Discovery Order.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:    _____

ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No.  (305) 530-6168

4

J. JONES
(305)
242
4320

```
FINGERPRINT CLASS       PATTERN CLASS
18 06 06 05 11          RS R6 R6 R6 R6 LS LS LS LS LS
19 14 09 04 11                         WU WU    AU WU
```

ALIAS NAMES
PETRILLO, LOUIS F

SCARS-MARKS-
TATTOOS        SOCIAL SECURITY
SC ABDOM       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

IDENTIFICATION DATA UPDATED 2000/12/05

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 FBI          - FBI/917295TR9

END - 1ST NCIC III RECORD FOR MULTIPLE RESPONSE

```
NAME                         FBI NO.        INQUIRY DATE
PETRUCCI, LOUIS J            838825N7       2000/12/15

SEX RACE BIRTH DATE  HEIGHT WEIGHT EYES HAIR  BIRTH PLACE        PHOTO
M    W   1940/09/14  507    205    BRN  BRO    CONNECTICUT        N

FINGERPRINT CLASS        PATTERN CLASS
20 52 14 CO PO           RS RS R9 WU R9 LS I S LS WU LS
14 03 12 PI 16           LS WU    WU    AU    LS WU
                         AU
```

SCARS-MARKS-
TATTOOS        SOCIAL SECURITY
SC R FGR       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

IDENTIFICATION DATA UPDATED 1982/09/09

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 FBI          - FBI/838825N7

END - LAST NCIC III RECORD FOR MULTIPLE RESPONSE

THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.

END

--END--

FQI FLFB1MM01LOUIS              FRANK              PETRILLO
         WM19400914
                               06C. ATN/                        .CTL/


FCIC Message Ack Received.
```

EXHIBIT
A

## PROMISSORY NOTE/LINE OF CREDIT

$300,000                                                FORT LAUDERDALE, FLORIDA
                                                        JULY 10, 2005

FOR VALUE RECEIVED this 1$^{st}$ day of November 1998, the undersigned individual, promise to pay to the order of GOLDEN ISLES PHARMACEUTICALS, INC., (hereinafter referred to as "Payee"; Payee together with any subsequent holder hereof or any interest herein being hereinafter referred to as "Holder") at FORT LAUDERDALE, FLORIDA, or at such other place as the Holder may from time to time designate in writing, without grace, except as may be otherwise expressly provided for herein, the principal sum THREE HUNDRED THOUSAND DOLLARS ($300,000.00), together with interest from the date hereof at a rate of (8)% per annum on the unpaid principal balance from time to time outstanding in accordance with the following provisions:

(a) Commencing NOVEMBER 1, 2001, and on the 10th day of each and every month thereafter until paid in full, the undersigned individual shall pay to Holder equal installments of FIVE THOUSAND DOLLARS ($5,000.00), including principal and accrued interest on the unpaid principal balance. The entire outstanding principal balance shall be due and payable in full on or, before JULY 10, 2005.

This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of FLORIDA. This Note may be prepaid in whole or in part at any time without penalty or premium. If this Note provides for installment payments of principal, prepayment of principal payments shall be applied in the inverse order such installment payments are due, applying first to the last principal installment due hereunder.

Payments made under this Line of Credit shall be by requested draw down which shall become part of this note with interest accruing from the date of the draw down.

In the event that any payment of principal and/or interest is not made within thirty (30) days that same is due, which event shall constitute an "Event of Default" hereunder, the undersigned shall pay, during the period of such default, interest on the unpaid balance of the indebtedness evidenced by this Note at the highest rate allowed by law.

The Holder shall have the optional right to declare the amount of the total unpaid balance hereto to be due and forthwith payable in advance of the maturity date of any sum due or installment, as fixed herein, upon the failure of the undersigned to pay, when due and after thirty (30) days+ that same is due, any of the installments of interest and/or principal. Upon exercise of this option by the Holder, the entire unpaid principal shall bear interest at the highest rate allowed by law. Forbearance to exercise this option with respect to any failure or breach of the undersigned shall not constitute a waiver of the rights to any continuing failure or breach or any subsequent failure or breach.

In no event shall the amount of interest due or payments in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by the undersigned or received by the Holder, then such excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Holder, in writing, that the undersigned elects to have such excess sum returned to it forthwith.

Time is of the essence hereunder and, in case this Note is collected by law or through an attorney-at-law, or under advice there from, the undersigned agrees to pay all costs of collection including reasonable attorneys' fees. Reasonable attorneys' fees are defined to include, but not be limited to, all fees incurred in all matters of collection and enforcement, construction and

## EXHIBIT
## B

interpretation, before, during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

The remedies of the Holder, as provided herein shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefore shall raise. No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be affected only through a written document executed by the Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

Any notice to be given or to be served upon any party hereto, in connection with this Note, must be in writing, and may be given by certified or registered mail and shall be deemed to have been given and received on the third (3rd) business day after a certified or registered letter containing such notice, properly address, with postage prepaid, is deposited in the United States mail; and if given otherwise then by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed.

All persons or corporations or other entities now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns respectively, hereby (a) expressly waive presentment, demand for payment, notice of dishonor, protest, notice of non-payment or protest, and diligence in collection except as may be otherwise expressly provided; (b) consent that the time of all payments or any part thereof may be extended, rearranged, renewed or postponed by the Holder hereof and further consent that the collateral security or any part thereof may be released, exchanged, added to or substituted for by Holder hereof, without in anywise modifying, altering, releasing, affecting or limiting their respective liability or the lien of any security instrument; (c) agree that the Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against the undersigned or any other person or party to become liable hereunder.

If more than one party shall execute this Note, the term "undersigned" as used herein, shall mean all parties signing this Note and each of them, who shall be jointly and severally obligated hereunder.

In this Note, whenever the context so requires, the neuter gender includes the feminine and/or masculine, as the case may be, and the singular number includes the plural.

All references herein to interest at the "maximum rate" shall mean "maximum legal contract rate".

IN WITNESS WHEREOF, the undersigned individual has caused this Note to be executed in his name on the day and year first above written.

LOUIS F. PETRILLO

BY _____        _11_/_01_/_98_

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _12 / 15 / 98_

Amount: $ _25.000._

Payable to: _L. Petrillo_

Authorized by: _____

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _141_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES PHARMACEUTICALS, INC., please issue a check as follows:

Date: _11_ / _12_ / _98_

Amount: $ _16.800._

Payable to: _Louis Petrillo_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _102_

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES PHARMACEUTICALS, INC., please issue a check as follows:

Date: _01 / 06 / 99_

Amount: $ _9.600._

Payable to: _L. Petrillo_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _159_

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES PHARMACEUTICALS, INC., please issue a check as follows:

Date: _03 / 14 99_

Amount: $ _26.675.—_

Payable to: _L. PeTRillo_

Authorized by: _L. Petrill_

FOR OFFICE USE ONLY:

Request approved by: _(un)_

Check issued: # _0271_

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _3/12/99_

Amount: $ _12.000.—_

Payable to: _L. PeTRi/lo_

Authorized by _L. Petrill_

FOR OFFICE USE ONLY:

Request approved by: _Can O'Puff_

Check issued: # _272_

First Southeast Capital Corporation
Listing of Checks Issued To Lou Petrillo
March 18, 1998 Through June 25, 1999

| Date | Num | Account | Union Planters #1550005812 | Union Planters #1550012908 | Nations Bank | Amount | Loan to Lou Petrillo | Inventory |
|------|-----|---------|---------------------------|---------------------------|--------------|--------|----------------------|-----------|
| 03/20/1998 | 1251 | UnionPlanters #1550005812 | 3,000 | | | 3,000 | | 3,000 |
| 03/27/1998 | 1254 | UnionPlanters #1550005812 | 4,000 | | | 4000 | | 4,000 |
| 04/06/1998 | 1262 | UnionPlanters #1550005812 | 2,000 | | | 2000 | 2,000 | |
| 04/09/1998 | 1145 | Nations Bank | | | 3,000 | 3000 | | 3,000 |
| 04/13/1998 | 1264 | UnionPlanters #1550005812 | 1,000 | | | 1000 | 1,000 | |
| 04/30/1998 | 1179 | Nations Bank | | | 1,500 | 1500 | 1,500 | |
| 05/01/1998 | 1194 | Nations Bank | | | 5,000 | 5000 | | 5,000 |
| 05/08/1998 | 1294 | UnionPlanters #1550005812 | 5,000 | | | 5000 | | 5,000 |
| 05/08/1998 | 1295 | UnionPlanters #1550005812 | 5,000 | | | 5000 | | 5,000 |
| 05/08/1998 | 1296 | UnionPlanters #1550005812 | 2,500 | | | 2500 | | 2,500 |
| 05/08/1998 | 1298 | UnionPlanters #1550005812 | 5,000 | | | 5000 | | 5,000 |
| 05/12/1998 | 1279 | UnionPlanters #1550005812 | 5,000 | | | 5000 | 5,000 | |
| 05/19/1998 | 1283 | UnionPlanters #1550005812 | 6,000 | | | 6000 | | 6,000 |
| 05/27/1998 | 1289 | UnionPlanters #1550005812 | 6,000 | | | 6000 | | 6,000 |
| 05/28/1998 | 1291 | UnionPlanters #1550005812 | 7,000 | | | 7000 | | 7,000 |
| 06/16/1998 | 1011 | Union Planters #1550012908 | | 2,000 | | 2000 | 2,000 | |
| 06/16/1998 | 1012 | Union Planters #1550012908 | | 6,000 | | 6000 | | 6,000 |
| 06/18/1998 | 1024 | Union Planters #1550012908 | | 5,000 | | 5000 | | 5,000 |
| 07/03/1998 | 1019 | Union Planters #1550012908 | | 5,000 | | 5000 | | 5,000 |
| 07/06/1998 | 1022 | Union Planters #1550012908 | | 5,000 | | 5000 | | 5,000 |
| 07/13/1998 | 1028 | Union Planters #1550012908 | | 7,500 | | 7500 | | 7,500 |
| 07/13/1998 | 1029 | Union Planters #1550012908 | | 3,000 | | 3000 | 3,000 | |
| 07/13/1998 | 1034 | Union Planters #1550012908 | | 6,000 | | 6000 | | 6,000 |
| 07/15/1998 | 1207 | Nations Bank | | | 5,000 | 5000 | | 5,000 |
| 08/10/1998 | 1322 | UnionPlanters #1550005812 | 1.582 | | | 1582 | 1,582 | |
| 08/13/1998 | 1231 | Nations Bank | | | 7,000 | 7000 | | 7,000 |
| 08/13/1998 | 1233 | Nations Bank | | | 6,000 | 6000 | | 6,000 |
| 08/26/1998 | 1061 | Union Planters #1550012908 | | 7,500 | | 7500 | | 7,500 |
| 09/04/1998 | 1242 | Nations Bank | | | 7,500 | 7500 | | 7,500 |
| 09/08/1998 | 1245 | Nations Bank | | | 7,000 | 7000 | | 7,000 |
| 09/11/1998 | 1337 | UnionPlanters #1550005812 | 2.000 | | | 2000 | 2,000 | |
| 09/18/1998 | 1259 | Nations Bank | | | 8,000 | 8000 | | 8,000 |
| 09/16/1998 | 1260 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 09/23/1998 | 1288 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 09/24/1998 | 1266 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 09/28/1998 | 1270 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 10/01/1998 | 1274 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 10/02/1998 | 1280 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 10/04/1998 | 1282 | Nations Bank | | | 6,000 | 6.000 | | 6,000 |
| 10/04/1998 | 1078 | Union Planters #1550012908 | | 3,000 | | 3.000 | 3,000 | |
| 10/09/1998 | 1286 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 10/15/1998 | 1289 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 10/16/1998 | 1301 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 10/16/1998 | 1302 | Nations Bank | | | 6,000 | 6,000 | | 6,000 |
| 10/19/1998 | 1298 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 10/30/1998 | 1305 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 11/02/1998 | 1308 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 11/05/1998 | 1309 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 11/10/1998 | 1311 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 11/12/1998 | 1368 | UnionPlanters #1550005812 | 7,000 | | | 7,000 | | 7,000 |
| 11/17/1998 | 1369 | UnionPlanters #1550005812 | 6.500 | | | 6,500 | | 6,500 |
| 11/18/1998 | 1371 | UnionPlanters #1550005812 | 8.500 | | | 8,500 | | 8,500 |
| 11/23/1998 | 1083 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 12/01/1998 | 1336 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 12/01/1998 | 1088 | Union Planters #1550012908 | | 6.500 | | 6.500 | | 6.500 |
| 12/01/1998 | 1089 | Union Planters #1550012908 | | 7,500 | | 7,500 | | 7,500 |
| 12/04/1998 | 1356 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 12/08/1998 | 1090 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 12/14/1998 | 1359 | Nations Bank | | | 2,000 | 2,000 | | 2,000 |
| 12/15/1998 | 1360 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 12/15/1998 | 1094 | Union Planters #1550012908 | | 7,500 | | 7,500 | | 7,500 |
| 12/18/1998 | 1370 | Nations Bank | | | 8,000 | 8,000 | | 8,000 |
| 12/23/1998 | 1100 | Union Planters #1550012908 | | 7,500 | | 7,500 | | 7,500 |
| 12/31/1998 | 1373 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 01/19/1999 | 1106 | Union Planters #1550012908 | | 5,000 | | 5.000 | | 5,000 |
| 01/26/1999 | 1110 | Union Planters #1550012908 | | 3,000 | | 3,000 | | 3,000 |
| 02/01/1999 | W/D | Union Planters #1550012908 | | 7,000 | | 7,000 | | 7,000 |
| 02/07/1999 | 1401 | Nations Bank | | | 5,000 | 5,000 | | 5,000 |
| 02/08/1999 | 1113 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 02/09/1999 | 1406 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |

| Date | Num | Account | | | | | | |
|------|-----|---------|---|---|---|---|---|---|
| 02/16/1999 | 1137 | Union Planters #1550012908 | | 7,000 | | 7,000 | | 7,000 |
| 02/22/1999 | 1139 | Union Planters #1550012908 | | 7,000 | | 7,000 | | 7,000 |
| 02/25/1999 | 1412 | Nations Bank | | | 7,500 | 7,500 | | 7,500 |
| 02/25/1999 | 1413 | Nations Bank | | | 6,000 | 6,000 | | 6,000 |
| 03/05/1999 | W/D | Union Planters #1550012908 | | 6,000 | | 6,000 | | 6,000 |
| 03/11/1999 | 1418 | Nations Bank | | | 5,000 | 5,000 | | 5,000 |
| 03/16/1999 | 1168 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 03/19/1999 | DM | UnionPlanters #1550005812 | 6,000 | | | 6,000 | | 6,000 |
| 03/19/1999 | 1173 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 03/29/1999 | 1178 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 04/02/1999 | 1429 | Nations Bank | | | 7,000 | 7,000 | | 7,000 |
| 04/02/1999 | W/D | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 04/06/1999 | 1189 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 04/08/1999 | 1216 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 04/09/1999 | W/D | Union Planters #1550012908 | | 5,000 | | 5,000 | | 5,000 |
| 05/28/1999 | 1464 | Nations Bank | | | 5,000 | 5,000 | | 5,000 |
| 06/08/1999 | 1249 | Union Planters #1550012908 | | 8,000 | | 8,000 | | 8,000 |
| 06/11/1999 | 1258 | Union Planters #1550012908 | | 7,500 | | 7,500 | | 7,500 |
| 06/18/1999 | 1276 | Union Planters #1550012908 | | 5,000 | | 5,000 | | 5,000 |
| 06/24/1999 | 1280 | Union Planters #1550012908 | | 7,500 | | 7,500 | | 7,500 |
| | | | 83,082 | 219,000 | 248,500 | 550,582 | 21,082 | 529,500 |

First Southeast Capital Corporation
Schedule of Checks Issued By Tropical & Golden Isles
Deposited Into First Southeast Capital Corporation
From August 18, 1998 Through March 29, 1999

| Date | Num | Name | Account | Amount | Golden Isles | Tropical |
|------|-----|------|---------|--------|--------------|----------|
| 09/11/1998 | | Golden Isles | UnionPlanters #1550005812 | 77,626.58 | 77,626.58 | |
| 09/11/1998 | | Golden Isles | UnionPlanters #1550005812 | 31,186.71 | 31,186.71 | |
| 10/02/1998 | | Golden Isles | UnionPlanters #1550005812 | 100,000.00 | 100,000.00 | |
| 10/14/1998 | | Golden Isles | UnionPlanters #1550005812 | 97,033.23 | 97,033.23 | |
| 10/14/1998 | | Golden Isles | UnionPlanters #1550005812 | 41,288.39 | 41,288.39 | |
| 10/14/1998 | | Golden Isles | Union Planters #1550012908 | 20,900.00 | 20,900.00 | |
| 11/03/1998 | | Golden Isles | Nations Bank | 74,400.00 | 74,400.00 | |
| 11/12/1998 | | Golden Isles | UnionPlanters #1550005812 | 137,000.00 | 137,000.00 | |
| 11/12/1998 | 103 | Golden Isles | Union Planters #1550012908 | 5,350.00 | 5,350.00 | |
| 11/19/1998 | 110 | Golden Isles | Union Planters #1550012908 | 73,125.00 | 73,125.00 | |
| 11/19/1998 | 114 | Golden Isles | UnionPlanters #1550005812 | 100,000.00 | 100,000.00 | |
| 12/01/1998 | 119 | Golden Isles | UnionPlanters #1550005812 | 100,000.00 | 100,000.00 | |
| 12/01/1998 | 120 | Golden Isles | Nations Bank | 90,750.00 | 90,750.00 | |
| 12/01/1998 | 121 | Golden Isles | UnionPlanters #1550005812 | 57,625.00 | 57,625.00 | |
| 12/07/1998 | 136 | Golden Isles | Union Planters #1550012908 | 150,000.00 | 150,000.00 | |
| 12/08/1998 | 137 | Golden Isles | Nations Bank | 105,598.20 | 105,598.20 | |
| 12/15/1998 | 142 | Golden Isles | Nations Bank | 100,000.00 | 100,000.00 | |
| 12/15/1998 | 143 | Golden Isles | Nations Bank | 50,000.00 | 50,000.00 | |
| 12/15/1998 | 144 | Golden Isles | Union Planters #1550012908 | 124,692.00 | 124,692.00 | |
| 12/31/1998 | 163 | Golden Isles | Union Planters #1550012908 | 31,800.00 | 31,800.00 | |
| 01/15/1999 | 176 | Golden Isles | UnionPlanters #1550005812 | 138,436.76 | 138,436.76 | |
| 01/15/1999 | 178 | Golden Isles | Nations Bank | 31,800.00 | 31,800.00 | |
| 01/15/1999 | 018 | Golden Isles | UnionPlanters #1550005812 | 176,800.00 | 176,800.00 | |
| 01/15/1999 | 018 | Golden Isles | UnionPlanters #1550005812 | 68,625.00 | 68,625.00 | |
| 01/22/1999 | 202 | Golden Isles | Union Planters #1550012908 | 20,475.00 | 20,475.00 | |
| 02/01/1999 | 217 | Golden Isles | Union Planters #1550012908 | 50,000.00 | 50,000.00 | |
| 02/02/1999 | 216 | Golden Isles | UnionPlanters #1550005812 | 125,000.00 | 125,000.00 | |
| 02/08/1999 | 225 | Golden Isles | Nations Bank | 55,250.00 | 55,250.00 | |
| 02/09/1999 | 224 | Golden Isles | Union Planters #1550012908 | 65,150.00 | 65,150.00 | |
| 02/09/1999 | 226 | Golden Isles | UnionPlanters #1550005812 | 44,500.00 | 44,500.00 | |
| 02/25/1999 | 245 | Golden Isles | UnionPlanters #1550005812 | 102,436.76 | 102,436.76 | |
| 02/25/1999 | 246 | Golden Isles | Union Planters #1550012908 | 21,369.00 | 21,369.00 | |
| 03/04/1999 | 257 | Golden Isles | Union Planters #1550012908 | 80,000.00 | 80,000.00 | |
| 03/08/1999 | 256 | Golden Isles | UnionPlanters #1550005812 | 107,100.00 | 107,100.00 | |
| 03/08/1999 | 266 | Golden Isles | Nations Bank | 40,000.00 | 40,000.00 | |
| 03/09/1999 | 265 | Golden Isles | Union Planters #1550012908 | 77,350.00 | 77,350.00 | |
| 03/12/1999 | 269 | Golden Isles | Nations Bank | 18,750.00 | 18,750.00 | |
| 03/15/1999 | 268 | Golden Isles | Union Planters #1550012908 | 27,125.00 | 27,125.00 | |
| 03/17/1999 | 270 | Golden Isles | UnionPlanters #1550005812 | 108,000.00 | 108,000.00 | |
| 03/29/1999 | 295 | Golden Isles | Union Planters #1550012908 | 50,840.00 | 50,840.00 | |
| 09/18/1998 | 194( | Tropical | Nations Bank | 20,924.00 | | 20,924.00 |
| 12/02/1998 | | Tropical | UnionPlanters #1550005812 | 3,400.00 | | 3,400.00 |
| 12/02/1998 | | Tropical | UnionPlanters #1550005813 | 22,500.00 | | 22,500.00 |

| | | | TOTAL | 3,024,206.63 | 2,977,382.63 | 46,824.00 |

# First Southeast Capital Corpo. .on
## Document 2Customer Balance Detail 8D Docket 12/18/2000
### 8/18/98 - 03/29/99

| Type | Date | Num | Account | Debit | Credit | Balance |
|------|------|-----|---------|-------|--------|---------|
| **Golden Isles** | | | | | | 0.00 |
| Invoice | 9/8/1998 | 92101 | Accounts Receivable | 77,626.58 | | 77,626.58 |
| Invoice | 9/9/1998 | 92102 | Accounts Receivable | 31,186.71 | | 108,813.29 |
| Payment | 9/11/1998 | | Accounts Receivable | | 77,626.58 | 31,186.71 |
| Payment | 9/11/1998 | | Accounts Receivable | | 31,186.71 | 0.00 |
| Invoice | 10/2/1998 | | Accounts Receivable | 120,900.00 | | 120,900.00 |
| Payment | 10/2/1998 | | Accounts Receivable | | 100,000.00 | 20,900.00 |
| Invoice | 10/14/1998 | Zeneca ... | Accounts Receivable | 138,321.62 | | 159,221.62 |
| Payment | 10/14/1998 | | Accounts Receivable | | 97,033.23 | 62,188.39 |
| Payment | 10/14/1998 | | Accounts Receivable | | 41,288.39 | 20,900.00 |
| Payment | 10/14/1998 | | Accounts Receivable | | 20,900.00 | 0.00 |
| Invoice | 10/31/1998 | | Accounts Receivable | 74,400.00 | | 74,400.00 |
| Payment | 11/3/1998 | | Accounts Receivable | | 74,400.00 | 0.00 |
| Invoice | 11/9/1998 | | Accounts Receivable | 137,000.00 | | 137,000.00 |
| Invoice | 11/10/1998 | 92105 | Accounts Receivable | 5,350.00 | | 142,350.00 |
| Invoice | 11/10/1998 | 92106 | Accounts Receivable | 0.00 | | 142,350.00 |
| Invoice | 11/10/1998 | 92107 | Accounts Receivable | 73,125.00 | | 215,475.00 |
| Payment | 11/12/1998 | 103 | Accounts Receivable | | 5,350.00 | 210,125.00 |
| Payment | 11/12/1998 | | Accounts Receivable | | 137,000.00 | 73,125.00 |
| Invoice | 11/18/1998 | 92108 | Accounts Receivable | 100,000.00 | | 173,125.00 |
| Payment | 11/19/1998 | 110 | Accounts Receivable | | 73,125.00 | 100,000.00 |
| Payment | 11/19/1998 | 114 | Accounts Receivable | | 100,000.00 | 0.00 |
| Invoice | 11/29/1998 | | Accounts Receivable | 157,625.00 | | 157,625.00 |
| Invoice | 11/30/1998 | 92111 | Accounts Receivable | 0.00 | | 157,625.00 |
| Invoice | 11/30/1998 | 92110 | Accounts Receivable | 90,750.00 | | 248,375.00 |
| Invoice | 11/30/1998 | 92109 | Accounts Receivable | 0.00 | | 248,375.00 |
| Payment | 12/1/1998 | 121 | Accounts Receivable | | 57,625.00 | 190,750.00 |
| Payment | 12/1/1998 | 119 | Accounts Receivable | | 100,000.00 | 90,750.00 |
| Payment | 12/1/1998 | 120 | Accounts Receivable | | 90,750.00 | 0.00 |
| Invoice | 12/7/1998 | 92113 | Accounts Receivable | 105,598.20 | | 105,598.20 |
| Invoice | 12/7/1998 | 92112 | Accounts Receivable | 150,000.00 | | 255,598.20 |
| Payment | 12/7/1998 | 136 | Accounts Receivable | | 150,000.00 | 105,598.20 |
| Payment | 12/8/1998 | 137 | Accounts Receivable | | 105,598.20 | 0.00 |
| Invoice | 12/10/1998 | 92114 | Accounts Receivable | 100,000.00 | | 100,000.00 |
| Invoice | 12/15/1998 | 92115 | Accounts Receivable | 50,000.00 | | 150,000.00 |
| Invoice | 12/15/1998 | 92116 | Accounts Receivable | 124,692.00 | | 274,692.00 |
| Payment | 12/15/1998 | 144 | Accounts Receivable | | 124,692.00 | 150,000.00 |
| Payment | 12/15/1998 | 142 | Accounts Receivable | | 100,000.00 | 50,000.00 |
| Payment | 12/15/1998 | 143 | Accounts Receivable | | 50,000.00 | 0.00 |
| Invoice | 12/30/1998 | 92117 | Accounts Receivable | 31,800.00 | | 31,800.00 |
| Invoice | 12/30/1998 | 92118 | Accounts Receivable | 31,800.00 | | 63,600.00 |
| Payment | 12/31/1998 | 163 | Accounts Receivable | | 31,800.00 | 31,800.00 |
| Invoice | 1/13/1999 | | Accounts Receivable | 138,436.76 | | 170,236.76 |
| Invoice | 1/14/1999 | 92121 | Accounts Receivable | 176,800.00 | | 347,036.76 |
| Invoice | 1/14/1999 | 92122 | Accounts Receivable | 68,625.00 | | 415,661.76 |
| Invoice | 1/14/1999 | 92123 | Accounts Receivable | 20,475.00 | | 436,136.76 |
| Payment | 1/15/1999 | 0181 | Accounts Receivable | | 176,800.00 | 259,336.76 |
| Payment | 1/15/1999 | 176 | Accounts Receivable | | 138,436.76 | 120,900.00 |
| Payment | 1/15/1999 | 0182 | Accounts Receivable | | 68,625.00 | 52,275.00 |
| Payment | 1/15/1999 | 178 | Accounts Receivable | | 31,800.00 | 20,475.00 |
| Payment | 1/22/1999 | 202 | Accounts Receivable | | 20,475.00 | 0.00 |
| Invoice | 1/25/1999 | 92125 | Accounts Receivable | 50,000.00 | | 50,000.00 |
| Invoice | 1/29/1999 | 92124 | Accounts Receivable | 125,000.00 | | 175,000.00 |
| Payment | 2/1/1999 | 217 | Accounts Receivable | | 50,000.00 | 125,000.00 |
| Payment | 2/2/1999 | 216 | Accounts Receivable | | 125,000.00 | 0.00 |
| Invoice | 2/7/1999 | | Accounts Receivable | 55,250.00 | | 55,250.00 |
| Invoice | 2/8/1999 | 92126 | Accounts Receivable | 65,150.00 | | 120,400.00 |
| Invoice | 2/8/1999 | 92128 | Accounts Receivable | 44,500.00 | | 164,900.00 |
| Payment | 2/8/1999 | 225 | Accounts Receivable | | 55,250.00 | 109,650.00 |
| Payment | 2/9/1999 | 224 | Accounts Receivable | | 65,150.00 | 44,500.00 |
| Payment | 2/9/1999 | 226 | Accounts Receivable | | 44,500.00 | 0.00 |
| Invoice | 2/19/1999 | 92129 | Accounts Receivable | 102,436.76 | | 102,436.76 |
| Invoice | 2/19/1999 | 92130 | Accounts Receivable | 21,369.00 | | 123,805.76 |
| Payment | 2/25/1999 | 246 | Accounts Receivable | | 21,369.00 | 102,436.76 |
| Payment | 2/25/1999 | 245 | Accounts Receivable | | 102,436.76 | 0.00 |
| Invoice | 3/1/1999 | 92131 | Accounts Receivable | 107,100.00 | | 107,100.00 |
| Invoice | 3/1/1999 | 92132 | Accounts Receivable | 80,000.00 | | 187,100.00 |
| Payment | 3/4/1999 | 257 | Accounts Receivable | | 80,000.00 | 107,100.00 |

| Type | Date | Num | Account | Debit | Credit | Balance |
|------|------|-----|---------|-------|--------|---------|
| Invoice | 3/8/1999 | 92133 | Accounts Receivable | 77,350.00 | | 184,450.00 |
| Invoice | 3/8/1999 | 92135 | Accounts Receivable | 27,125.00 | | 211,575.00 |
| Invoice | 3/8/1999 | 92134 | Accounts Receivable | 40,000.00 | | 251,575.00 |
| Payment | 3/8/1999 | 256 | Accounts Receivable | | 107,100.00 | 144,475.00 |
| Payment | 3/8/1999 | 266 | Accounts Receivable | | 40,000.00 | 104,475.00 |
| Invoice | 3/9/1999 | 92136 | Accounts Receivable | 18,750.00 | | 123,225.00 |
| Invoice | 3/9/1999 | 92137 | Accounts Receivable | 108,000.00 | | 231,225.00 |
| Payment | 3/9/1999 | 265 | Accounts Receivable | | 77,350.00 | 153,875.00 |
| Payment | 3/12/1999 | 269 | Accounts Receivable | | 18,750.00 | 135,125.00 |
| Payment | 3/15/1999 | 268 | Accounts Receivable | | 27,125.00 | 108,000.00 |
| Payment | 3/17/1999 | 270 | Accounts Receivable | | 108,000.00 | 0.00 |
| Invoice | 3/22/1999 | 92139 | Accounts Receivable | 50,840.00 | | 50,840.00 |
| Invoice | 3/27/1999 | 92140 | Accounts Receivable | 52,600.00 | | 103,440.00 |
| Invoice | 3/27/1999 | 92142 | Accounts Receivable | 75,000.00 | | 178,440.00 |
| Invoice | 3/27/1999 | 92143 | Accounts Receivable | 64,900.00 | | 243,340.00 |
| Invoice | 3/29/1999 | | Accounts Receivable | 150,000.00 | | 393,340.00 |
| Payment | 3/29/1999 | 295 | Accounts Receivable | | 50,840.00 | 342,500.00 |
| Total Golden Isles | | | | 3,319,882.63 | 2,977,382.63 | 342,500.00 |
| TOTAL | | | | 3,319,882.63 | 2,977,382.63 | 342,500.00 |

First Southeast Capital Corporation
Schedule of Checks Issued By Tropical & Golden Isles
Deposited Into Lou Petrilo's Personal Accounts
From August 18, 1998 Through March 29, 1999

| Date | Num | Name | Account | Deposit Amount | Source Tropical | Source Golden Isles | Classification Salary | Classification Loans |
|---|---|---|---|---|---|---|---|---|
| 08/17/1998 | | Golden Isles | Nations Bank 0006 2613 9706 | 25,000.00 | | 25,000.00 | | 25,000.00 |
| 11/12/1998 | | Golden Isles | Union Planters #1524017205 | 16,800.00 | | 16,800.00 | | 16,800.00 |
| 11/12/1998 | | Golden Isles | Union Planters #1524017205 | 1,582.00 | | 1,582.00 | 1,582.00 | |
| 12/08/1998 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 12/31/1998 | | Golden Isles | Union Planters #1524017205 | 4,166.66 | | 2,083.33 | 2,083.33 | |
| | | Golden Isles | | | | 2,083.33 | 2,083.33 | |
| 01/06/1999 | | Golden Isles | Washington Mutual #834-036760-1 | 9,600.00 | | 9,600.00 | | 9,600.00 |
| 01/25/1999 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 02/09/1999 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 02/10/1999 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 03/05/1999 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 03/15/1999 | | Golden Isles | Nations Bank 0006 2613 9706 | 26,675.00 | | 26,675.00 | | 26,675.00 |
| 03/15/1999 | | Golden Isles | Union Planters #1524017205 | 12,000.00 | | 12,000.00 | | 12,000.00 |
| 03/19/1999 | | Golden Isles | Union Planters #1524017205 | 2,083.33 | | 2,083.33 | 2,083.33 | |
| 08/19/1998 | | Tropical Medical Equipment Co. | Union Planters #1524017205 | 4,590.00 | 1,582.00 | | 1,582.00 | |
| | | Tropical Medical Equipment Co. | | | 3,008.00 | | 3,008.00 | |
| 09/16/1998 | | Tropical Medical Equipment Co. | Union Planters #1524017205 | 1,582.00 | 1,582.00 | | 1,582.00 | |
| 09/17/1998 | | Tropical Medical Equipment Co. | Nations Bank 0006 2613 9706 | 1,582.00 | 1,582.00 | | 1,582.00 | |
| 10/13/1998 | | Tropical Medical Equipment Co. | Union Planters #1524017205 | 1,582.00 | 1,582.00 | | 1,582.00 | |
| 10/31/1998 | | Tropical Medical Equipment Co. | Union Planters #1524017205 | 3,164.00 | 1,582.00 | | 1,582.00 | |
| | | Tropical Medical Equipment Co. | | | 1,582.00 | | 1,582.00 | |

120,823.64  12,500.00  108,323.64  30,748.64  90,075.00

L. Petrillo — 667, 659.26
So. Fla. Chiropractic — 197, 569. —
First General Electric Capital — 59, 434.98
V. Mathias — 21,000. —
Bache Leasing — 11, 116. —
" Command Checks " — 722, 512.76
First S.E. Capital — 5, 200, 757.66

# 6, 880, 049.66

**EXHIBIT**
**C**

**Golden Isles Pharmaceutica'**
Vendor Ledgers
For the Period From ... 99 to Dec 31, 2000
Filter Criteria includes: 1) IDs from P200 to P210. Report order is by ID.

| Vendor ID<br>Vendor | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| P200 | 12/7/98 | 0138 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| Louis Petrillo | 12/30/98 | 0160 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 12/30/98 | 0161 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 1/14/99 | 0201 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 2/8/99 | 0230 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 2/19/99 | 0241 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 3/1/99 | 0255 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 3/19/99 | 0288 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 4/5/99 | 0340 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 4/26/99 | 0388 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 4/30/99 | 0421 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 5/19/99 | 0446 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 6/2/99 | 0483 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 6/28/99 | 0590 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 7/23/99 | 0688 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 9/3/99 | 1838 | CDJ | | 4,166.66 | 4,166.66 | 0.00 |
| | 10/7/99 | 1926 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 11/2/99 | 2041 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 12/15/99 | 2146 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 12/15/99 | 2147 | CDJ | | 2,083.33 | 2,083.33 | 0.00 |
| | 12/15/99 | 2148 | CDJ | | 4,166.67 | 4,166.67 | 0.00 |
| | 5/1/00 | 2378 | CDJ | | 4,083.33 | | -4,083.33 |
| | 5/3/00 | 4/30/00 | PJ | * | | 4,083.33 | 0.00 |
| | 5/19/00 | 5/19/00 | PJ | * | | 50,000.00 | 50,000.00 |
| | 5/19/00 | 2387 | CDJ | | 50,000.00 | | 0.00 |
| | 5/26/00 | 5/31/00 | PJ | * | | 4,083.33 | 4,083.33 |
| | 5/31/00 | 2402 | CDJ | | 4,083.33 | | 0.00 |
| | 6/30/00 | 6/30/00 | PJ | * | | 4,083.33 | 4,083.33 |
| | 6/30/00 | 2403 | CDJ | | 4,083.33 | | 0.00 |
| | 7/31/00 | 7/31/00 | PJ | * | | 4,083.33 | 4,083.33 |
| | 7/31/00 | 2404 | CDJ | | 4,083.33 | | 0.00 |
| P210 | 11/19/98 | 0117 | CDJ | | 1,582.00 | 1,582.00 | 0.00 |
| Louis Petrillo - 2 | | | | | | | |

115,831.92 ✓

**Golden Isles Pharmaceutical**

Vendor Ledgers

For the Period From Dec 1, 98 to Dec 3, 98

Filter Criteria includes: 1) IDs from B600 to B600. Report order is by ID.

| Vendor ID<br>Vendor | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| B600<br>Bache Leasing | 8/6/99 | 1718 | CDJ | | 11,116.00 | 11,116.00 | 0.00 |

**Golden Isles Pharmaceutical**
Vendor Ledgers
For the Period From Jan 1, 1990 to Jul 31, 2000
Filter Criteria includes: 1) IDs from S300 to S300. Report order is by ID.

| Vendor ID<br>Vendor | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| S300 | 3/22/99 | 0294 | CDJ | | 40,000.00 | 40,000.00 | 0.00 |
| South Florida Chiropractic | 5/18/99 | 0447 | CDJ | | 50,000.00 | 50,000.00 | 0.00 |
| | 8/6/99 | 1721 | CDJ | | 57,569.00 | 57,569.00 | 0.00 |

147,569 ✓

**Golden Isles Pharmaceutical**
Vendor Ledgers
...r-06334-WDF   Document For the Period Entered on OF1 1/98 D Docket 12/18/2000   Pa...
Filter Criteria includes: 1) IDs from F100 to F100. Report order is by ID.

| Vendor ID Vendor | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| F100 | 11/10/98 | 0101 | CDJ | | 137,000.00 | 137,000.00 ? | 0.00 |
| First SE Capital Corporation | 11/10/98 | 0102 | CDJ | | 16,800.00 | 16,800.00 L.P. | 0.00 |
| | 11/10/98 | 0103 | CDJ | | 5,350.00 | 5,350.00 ✓ | 0.00 |
| | 11/11/98 | 0104 | CDJ | | 5,350.00 | 5,350.00 L.P. | 0.00 |
| | 11/11/98 | 0110 | CDJ | | 73,125.00 | 73,125.00 ✓ | 0.00 |
| | 11/19/98 | 0114 | CDJ | | 100,000.00 | 100,000.00 ✓ | 0.00 |
| | 11/30/98 | 0119 | CDJ | | 100,000.00 | 100,000.00 ✓ | 0.00 |
| | 11/30/98 | 0120 | CDJ | | 90,750.00 | 90,750.00 ✓ | 0.00 |
| | 11/30/98 | 0121 | CDJ | | 57,625.00 | 57,625.00 ✓ | 0.00 |
| | 12/7/98 | 0136 | CDJ | | 150,000.00 | 150,000.00 ✓ | 0.00 |
| | 12/7/98 | 0137 | CDJ | | 105,598.20 | 105,598.20 ✓ | 0.00 |
| | 12/15/98 | 0140 | CDJ | | 25,000.00 | 25,000.00 L.P. | 0.00 |
| | 12/15/98 | 0141 | CDJ | | 25,000.00 | 25,000.00 L.P | 0.00 |
| | 12/15/98 | 0142 | CDJ | | 100,000.00 | 100,000.00 ✓ | 0.00 |
| | 12/15/98 | 0143 | CDJ | | 50,000.00 | 50,000.00 ✓ | 0.00 |
| | 12/15/98 | 0144 | CDJ | | 124,692.00 | 124,692.00 ✓ | 0.00 |
| | 12/30/98 | 0158 | CDJ | | 31,800.00 | 31,800.00 ✓ | 0.00 |
| | 12/30/98 | 0159 | CDJ | | 9,600.00 | 9,600.00 L.P. | 0.00 |
| | 12/30/98 | 0163 | CDJ | | 31,080.00 | 31,080.00 ✓ | 0.00 |
| | 1/14/99 | 0176 | CDJ | | 138,436.76 | 138,436.76 ✓ | 0.00 |
| | 1/14/99 | 0178 | CDJ | | 31,800.00 | 31,800.00 ✓ | 0.00 |
| | 1/14/99 | 0181 | CDJ | | 176,800.00 | 176,800.00 ✓ | 0.00 |
| | 1/14/99 | 0182 | CDJ | | 68,625.00 | 68,625.00 ✓ | 0.00 |
| | 1/14/99 | 0202 | CDJ | | 20,475.00 | 20,475.00 ✓ | 0.00 |
| | 1/29/99 | 0216 | CDJ | | 125,000.00 | 125,000.00 ✓ | 0.00 |
| | 1/29/99 | 0217 | CDJ | | 50,000.00 | 50,000.00 ✓ | 0.00 |
| | 2/8/99 | 0224 | CDJ | | 65,150.00 | 65,150.00 ✓ | 0.00 |
| | 2/8/99 | 0225 | CDJ | | 55,250.00 | 55,250.00 ✓ | 0.00 |
| | 2/8/99 | 0226 | CDJ | | 44,500.00 | 44,500.00 ✓ | 0.00 |
| | 2/19/99 | 0245 | CDJ | | 102,436.76 | 102,436.76 - ? | 0.00 |
| | 2/19/99 | 0246 | CDJ | | 21,369.00 | 21,369.00 ✓ | 0.00 |
| | 3/1/99 | 0256 | CDJ | | 107,100.00 | 107,100.00 ✓ | 0.00 |
| | 3/1/99 | 0257 | CDJ | | 80,000.00 | 80,000.00 ✓ | 0.00 |
| | 3/8/99 | 0265 | CDJ | | 77,350.00 | 77,350.00 ✓ | 0.00 |
| | 3/8/99 | 0266 | CDJ | | 40,000.00 | 40,000.00 ✓ | 0.00 |
| | 3/9/99 | 0268 | CDJ | | 27,125.00 | 27,125.00 ✓ | 0.00 |
| | 3/9/99 | 0269 | CDJ | | 18,750.00 | 18,750.00 ✓ | 0.00 |
| | 3/9/99 | 0270 | CDJ | | 108,000.00 | 108,000.00 ✓ | 0.00 |
| | 3/9/99 | 0271 | CDJ | | 26,675.00 | 26,675.00 L.P. | 0.00 |
| | 3/9/99 | 0272 | CDJ | | 12,000.00 | 12,000.00 L.P. | 0.00 |
| | 3/22/99 | 0295 | CDJ | | 50,840.00 | 50,840.00 ✓ | 0.00 |
| | 3/29/99 | 0313 | CDJ | | 52,600.00 | 52,600.00 ✓ | 0.00 |
| | 3/29/99 | 0314 | CDJ | | 150,000.00 | 150,000.00 ✓ | 0.00 |
| | 3/29/99 | 0315 | CDJ | | 75,000.00 | 75,000.00 ✓ | 0.00 |
| | 3/29/99 | 0316 | CDJ | | 64,900.00 | 64,900.00 ✓ | 0.00 |
| | 4/5/99 | 0338 | CDJ | | 30,000.00 | 30,000.00 L.P. | 0.00 |
| | 4/5/99 | 0339 | CDJ | | 51,375.00 | 51,375.00 ✓ | 0.00 |
| | 4/26/99 | 0390 | CDJ | | 38,950.00 | 38,950.00 ✓ | 0.00 |
| | 4/26/99 | 0389 | CDJ | | 42,825.00 | 42,825.00 ✓ | 0.00 |
| | 4/30/99 | 0419 | CDJ | | 100,000.00 | 100,000.00 ✓ | 0.00 |
| | 4/30/99 | 0420 | CDJ | | 133,900.00 | 133,900.00 ✓ | 0.00 |
| | 5/13/99 | 0427 | CDJ | | 22,585.00 | 22,585.00 ✓ | 0.00 |
| | 5/18/99 | 0448 | CDJ | | 132,100.00 | 132,100.00 ✓ | 0.00 |
| | 5/18/99 | 0449 | CDJ | | 100,000.00 | 100,000.00 - ? | 0.00 |
| | 5/20/99 | 0450 | CDJ | | 16,243.00 | 16,243.00 ✓ | 0.00 |
| | 6/1/99 | 0482 | CDJ | | 133,076.00 | 133,076.00 - ? | 0.00 |
| | 6/11/99 | 0532 | CDJ | | 179,650.00 | 179,650.00 ✓ | 0.00 |
| | 6/11/99 | 0531 | CDJ | | 100,000.00 | 100,000.00 - L.P. | 0.00 |
| | 6/11/99 | 0530 | CDJ | | 50,000.00 | 50,000.00 - So.Ma.Chiropractic | 0.00 |
| | 6/11/99 | 0529 | CDJ | | 91,862.00 | 91,862.00 ✓ | 0.00 |
| | 6/28/99 | 0586 | CDJ | | 59,434.98 | 59,434.98 - First General Elec. Capital | 0.00 |
| | 6/28/99 | 0587 | CDJ | | 44,492.00 | 44,492.00 ✓ | 0.00 |
| | 6/28/99 | 0588 | CDJ | | 12,848.30 | 12,848.30 ✓ | 0.00 |
| | 6/28/99 | 0589 | CDJ | | 8,500.00 | 8,500.00 - L.P. | 0.00 |
| | 6/28/99 | 0591 | CDJ | | 5,000.00 | 5,000.00 → VOID | 0.00 |
| | 6/28/99 | 0592 | CDJ | | 7,000.00 | 7,000.00 - V. Mathis 0.00 | |
| | 6/28/99 | 0593 | CDJ | | 7,000.00 | 7,000.00 - V. Mathis 0.00 | |
| | 6/28/99 | 0594 | CDJ | | 7,000.00 | 7,000.00 - V. Mathis 0.00 | |

**Golden Isles Pharmaceuticals**

Vendor Ledgers
For the Period From Jan 1, 1998 to Oct 31, 2000

Filter Criteria includes: 1) IDs from F100 to F100. Report order is by ID.

| Vendor ID<br>Vendor | Date | Trans No | Type | Paid | Debit Amt | Credit Amt | Balance |
|---|---|---|---|---|---|---|---|
| | 6/28/99 | 0595 | CDJ | | 10,000.00 | 10,000.00 –L.P. | 0.00 |
| | 6/30/99 | 0605 | CDJ | | 5,000.00 | 5,000.00 –L.P. | 0.00 |
| | 7/23/99 | 0680 | CDJ | | 37,382.40 | 37,382.40 ✓ | 0.00 |
| | 7/23/99 | 0681 | CDJ | | 4,058.80 | 4,058.80 ✓ | 0.00 |
| | 7/23/99 | 0682 | CDJ | | 50,000.00 | 50,000.00 — ? | 0.00 |
| | 7/23/99 | 0683 | CDJ | | 198,000.00 | 198,000.00 ✓ | 0.00 |
| | 7/23/99 | 0684 | CDJ | | 113,400.00 | 113,400.00 ✓ | 0.00 |
| | 7/23/99 | 0685 | CDJ | | 53,950.00 | 53,950.00 –L.P. | 0.00 |
| | 7/23/99 | 0686 | CDJ | | 118,952.34 | 118,952.34 –L.P. | 0.00 |
| | 7/23/99 | 0687 | CDJ | | 41,441.20 | 41,441.20 ✓ | 0.00 |
| | 8/4/99 | 0373 | CDJ | | 80,000.00 | 80,000.00 –L.P. | 0.00 |
| | 8/6/99 | 1720 | CDJ | | 200,000.00 | 200,000.00 — ? | 0.00 |
| | 8/24/99 | 1773 | CDJ | | 68,835.00 | 68,835.00 ✓ | 0.00 |
| | 8/24/99 | 1772 | CDJ | | 125,000.00 | 125,000.00 ✓ | 0.00 |
| | 9/17/99 | 1865 | CDJ | | 324,000.00 | 324,000.00 ✓ | 0.00 |
| | 10/7/99 | 1925 | CDJ | | 250,000.00 | 250,000.00 ✓ | 0.00 |
| | 10/7/99 | 1927 | CDJ | | 25,000.00 | 25,000.00 –L.P. | 0.00 |
| | 10/14/99 | 1959 | CDJ | | 103,326.00 | 103,326.00 ✓ | 0.00 |
| | 11/3/99 | 2044 | CDJ | | 80,450.00 | 80,450.00 ✓ | 0.00 |
| | 11/16/99 | 2080 | CDJ | | 91,000.00 | 91,000.00 ✓ | 0.00 |
| | 11/19/99 | 2091 | CDJ | | 23,700.00 | 23,700.00 ✓ | 0.00 |
| | 12/15/99 | 2145 | CDJ | | 101,000.00 | 101,000.00 ✓ | 0.00 |
| | 12/30/99 | 0591V | CDJ | | 5,000.00 | 5,000.00 – VOID | 0.00 |
| | 1/12/00 | 2230 | CDJ | | 49,823.00 | 49,823.00 ✓ | 0.00 |
| | 1/20/00 | 2232 | CDJ | | 28,420.00 | 28,420.00 ✓ | 0.00 |
| | 2/1/00 | 2243 | CDJ | | 25,000.00 | 25,000.00 ✓ | 0.00 |

L. Petrillo — 551,827.34 ✓

Command Pkg. — 722,512.76 ✓

So. Fla. Chiropractic — 50,000. — ✓

First General Electric Capital — 59,434.98 ✓

V. Mathias — 21,000. — ✓

———————————

1,404,775.08

First S.E. Capital   5,200,757.66 ✓

———————————

6,605,532.74

| SESSION | FUNCTION | NO. | DESTINATION STATION | DATE | TIME | PAGE | DURATION | MODE | RESULT |
|---|---|---|---|---|---|---|---|---|---|
| 0685 | TX | 01 | 13052526645 | OCT.30 | 13:11 | 003 | 00H01'36" | ECM | OK |

DATE:OCT.30,2000 13:13
TEL :954 587 9410
NAME:CORPORATE OFFICES    RMACEUTICALS

## TX  RESULT  REPORT



4101 Ravenswood Road, Suite #402
Dania Florida  33312
Telephone #(954)-587-6779 x228
Fax #(954)-587-8746
E-Mail seboatright@aol.com

**Golden Isles
Pharmaceuticals**

# Fax

| To: | Lou Petrillo | From: | Sue Ellen Boatright |
|---|---|---|---|
| Fax: | 305-252-6645 | Pages: | 3 |
| Phone: | | Date: | 10/30/00 |
| Re: | Promissory Note | CC: | |

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

Per your request.

4101 Ravenswood Road, Suite #402
Dania, Florida 33004
Telephone #(954)-587-6779 x228
Fax #(954)-587-8746
E-Mail seboatright@aol.com



**Golden Isles
Pharmaceuticals**



# Fax

| **To:** | Lou Petrillo | **From:** | Sue Ellen Boatright |
|---|---|---|---|
| **Fax:** | 305-252-6645 | **Pages:** | 3 |
| **Phone:** | | **Date:** | 10/30/00 |
| **Re:** | Promissory Note | **CC:** | |

☐ **Urgent**   ☐ **For Review**   ☐ **Please Comment**   ☐ **Please Reply**   ☐ **Please Recycle**

Per your request.

# PROMISSORY NOTE

$200,000.00                                                    FORT LAUDERDALE, FLORIDA
                                                               JULY 10, 2007

FOR VALUE RECEIVED, the undersigned Corporation, promise to pay to the order of
LOUIS F. PETRILLO, (hereinafter referred to as "Payee"; Payee together with any subsequent
holder hereof or any interest herein being hereinafter referred to as "Holder") at FORT
LAUDERDALE, FLORIDA, or at such other place as the Holder may from time to time designate
in writing, without grace, except as may be otherwise expressly provided for herein, the principal
sum TWO HUNDRED THOUSAND DOLLARS ($200,000.00), with interest from the date hereof at
a rate of (5)% per annum on the unpaid principal balance from time to time outstanding in
accordance with the following provisions:

(a) Commencing AUGUST 10, 2002, and on the 10th day of each and every month
thereafter until JULY 10, 2007, the undersigned Corporation shall pay to Holder equal installments
of THREE THOUSAND SEVEN HUNDRED SEVENTY FOUR DOLLARS AND TWENTY FIVE
CENTS ($3,774.25), including principal and accrued interest on the unpaid principal balance. The
entire outstanding principal balance shall be due and payable in full on or before JULY 10, 2007.

This Note and the instruments securing it are to be governed, interpreted and construed
by, through and under the laws of the State of FLORIDA. This Note may be prepaid in whole or in
part at any time without penalty or premium. If this Note provides for installment payments of
principal, prepayment of principal payments shall be applied in the inverse order such installment
payments are due, applying first to the last principal installment due hereunder.

In the event that any payment of principal and/or interest is not made within thirty (30)
days that same is due, which event shall constitute an "Event of Default" hereunder, the
undersigned shall pay, during the period of such default, interest on the unpaid balance of the
indebtedness evidenced by this Note at the highest rate allowed by law.

The Holder shall have the optional right to declare the amount of the total unpaid balance
hereto to be due and forthwith payable in advance of the maturity date of any sum due or
installment, as fixed herein, upon the failure of the undersigned to pay, when due and after thirty
(30) days+ that same is due, any of the installments of interest and/or principal. Upon exercise of
this option by the Holder, the entire unpaid principal shall bear interest at the highest rate allowed
by law. Forbearance to exercise this option with respect to any failure or breach of the
undersigned shall not constitute a waiver of the rights to any continuing failure or breach or any
subsequent failure or breach.

In no event shall the amount of interest due or payments in the nature of interest payable
hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time
to time, and in the event any such payment is paid by the undersigned or received by the Holder,
then such excess sum shall be credited as a payment of principal, unless the undersigned shall
notify the Holder, in writing, that the undersigned elects to have such excess sum returned to it
forthwith.

Time is of the essence hereunder and, in case this Note is collected by law or through an
attorney-at-law, or under advice there from, the undersigned agrees to pay all costs of collection
including reasonable attorneys' fees. Reasonable attorneys' fees are defined to include, but not be
limited to, all fees incurred in all matters of collection and enforcement, construction and

interpretation, before, during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

The remedies of the Holder, as provided herein shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefore shall raise. No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be affected only through a written document executed by the Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

Any notice to be given or to be served upon any party hereto, in connection with this Note, must be in writing, and may be given by certified or registered mail and shall be deemed to have been given and received on the third (3rd) business day after a certified or registered letter containing such notice, properly address, with postage prepaid, is deposited in the United States mail; and if given otherwise then by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed.

All persons or corporations or other entities now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns respectively, hereby (a) expressly waive presentment, demand for payment, notice of dishonor, protest, notice of non-payment or protest, and diligence in collection except as may be otherwise expressly provided; (b) consent that the time of all payments or any part thereof may be extended, rearranged, renewed or postponed by the Holder hereof and further consent that the collateral security or any part thereof may be released, exchanged, added to or substituted for by Holder hereof, without in anywise modifying, altering, releasing, affecting or limiting their respective liability or the lien of any security instrument; (c) agree that the Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against the undersigned or any other person or party to become liable hereunder.

If more than one party shall execute this Note, the term "undersigned" as used herein, shall mean all parties signing this Note and each of them, who shall be jointly and severally obligated hereunder.

In this Note, whenever the context so requires, the neuter gender includes the feminine and/or masculine, as the case may be, and the singular number includes the plural.

All references herein to interest at the "maximum rate" shall mean "maximum legal contract rate".

IN WITNESS WHEREOF, the undersigned Corporation has caused this Note to be executed in its name on the day and year first above written.

GOLDEN ISLES PHARMACEUTICALS, INC.
4101 RAVENSWOOD ROAD, #402
FORT LAUDERDALE, FLORIDA 33312

BY: _Lawrence E. Pinkoff  Pinkoff_
    Lawrence D. Pinkoff, President

$50,000.00

FORT LAUDERDALE, FLORIDA
MAY 19, 2005

FOR VALUE RECEIVED, the undersigned individual, LOUIS F. PETRILLO, hereinafter referred to as ("PAYEE") promise to pay to the order of LAWRENCE D. PINKOFF, hereinafter referred to as ("HOLDER"), together with any subsequent holder hereof or any interest herein being hereinafter at FORT LAUDERDALE, FLORIDA, or at such other place as the Holder may from time to time designate in writing, without grace, except as may be otherwise expressly provided for herein, the principal sum FIFTY THOUSAND DOLLARS ($50,000.00), together with interest from the date hereof at a rate of (8)% per annum on the unpaid principal balance from time to time outstanding in accordance with the following provisions:

(a) Commencing on August 19, 2000, and on the 19th day of each November, February, and May and every quarter thereafter until MAY 19, 2005, the undersigned shall pay to Holder equal installments of accrued interest on the unpaid principal balance. The entire outstanding principal balance shall be due and payable in full on or before MAY 19, 2005.

This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of FLORIDA. This Note may be prepaid in whole or in part at any time without penalty or premium. If this Note provides for installment payments of principal, prepayment of principal payments shall be applied in the inverse order such installment payments are due, applying first to the last principal installment due hereunder.

In the event that any payment of principal and/or interest is not made within thirty (30) days that same is due, which event shall constitute an "Event of Default" hereunder, the undersigned shall pay, during the period of such default, interest on the unpaid balance of the indebtedness evidenced by this Note at the highest rate allowed by law.

The Holder shall have the optional right to declare the amount of the total unpaid balance hereto to be due and forthwith payable in advance of the maturity date of any sum due or installment, as fixed herein, upon the failure of the undersigned to pay, when due and after thirty (30) days that same is due, any of the installments of interest and/or principal. Upon exercise of this option by the Holder, the entire unpaid principal shall bear interest at the highest rate allowed by law. Forbearance to exercise this option with respect to any failure or breach of the undersigned shall not constitute a waiver of the rights to any continuing failure or breach or any subsequent failure or breach.

In no event shall the amount of interest due or payments in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by the undersigned or received by the Holder, then such excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Holder, in writing, that the undersigned elects to have such excess sum returned to it forthwith.

Time is of the essence hereunder and, in case this Note is collected by law or through an attorney-at-law, or under advice therefrom, the undersigned agrees to pay all costs of collection including reasonable attorneys' fees. Reasonable attorneys' fees are defined to include, but not be limited to, all fees incurred in all matters of collection and enforcement, construction and interpretation, before, during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

The remedies of the Holder, as provided herein shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefor shall raise. No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be affected only through a written document executed by the Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

Any notice to be given or to be served upon any party hereto, in connection with this Note, must be in writing, and may be sent by certified or registered mail and shall be deemed to have been given and
received on the third (3rd) business day after a certified or registered letter containing such notice, properly address, with postage prepaid, is deposited in the United States mail; and if given otherwise then by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed.

All persons or corporations or other entities now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns respectively, hereby (a) expressly waive presentment, demand for payment, notice of dishonor, protest, notice of non-payment or protest, and diligence in collection except as may be otherwise expressly provided; (b) consent that the time of all payments or any part thereof may be extended, rearranged, renewed or postponed by the Holder hereof and further consent that the collateral security or any part thereof may be released, exchanged, added to or substituted for by Holder hereof, without in anywise modifying, altering, releasing, affecting or limiting their respective liability or the lien of any security instrument; (c) agree that the Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against the undersigned or any other person or party to become liable hereunder.

If more than one party shall execute this Note, the term "undersigned" as used herein, shall mean all parties signing this Note and each of them, who shall be jointly and severally obligated hereunder.

In this Note, whenever the context so requires, the neuter gender includes the feminine and/or masculine, as the case may be, and the singular number includes the plural.

All references herein to interest at the "maximum rate" shall mean "maximum legal contract rate".

IN WITNESS WHEREOF, the undersigned Corporation has caused this Note to be executed in its name on the day and year first above written.

LOUIS F. PETRILLO
7900 SW 143rd STREET
MIAMI, FLORIDA 33158

BY: _____

Louis F. Petrillo, (Individual)

STATE OF FLORIDA
COUNTY OF BROWARD

Affiant is personally known by me. Sworn to and subscribed before me this 19th day of May, 2000.

_____

NOTARY PUBLIC, STATE OF FLORIDA
My Commission Expires:

SUE E. BOATRIGHT
COMMISSION # CC 555807
EXPIRES JUL 9, 2000
BONDED THRU
ATLANTIC BONDING CO., INC.

Listing of Companies

| Company | | Business | Officers | Ownership |
|---|---|---|---|---|
| Medipre S.A. | Costa Rica | H.M.O. | Larry Pinkoff, President | 37.5% |
| 225 metros Norte de la Subaru en Los Yoses | | | Lou Petrillo, C.E.O. | 37.5% |
| Tel. #(506)-283-4400 | | | Ira Fruchtman, V.P. | 24% |
| Fax #(506)-283-9550 | | | Monte Dillow | 1% |
| | | | | |
| Golden Isles | Dania | Wholesale Drugs | Linda Abbott, President | |
| 4101 Ravenswood Rd., Dania, Fl. 33312 | | | Larry Pinkoff, V.P. | 100% |
| Tel. #(954)-587-6779 | | | | |
| Fax #(954)-587-8746 | | | | |
| | | | | |
| Golden Isles | St.Simons Island, GA. | Wholesale Drugs | Linda Abbott, President | |
| Cottages at Plantation Village | | | Larry Pinkoff, V.P. | 100% |
| 400 Main Street, #1, St. Simons Island, Ga. 31522 | | | | |
| Tel. #(912)-634-1870 | | | | |
| Fax #(912)- | | | | |
| | | | | |
| South Florida Pharmacy Services, Boca Raton, Fl. | | Retail Pharmacies | Larry Pinkoff, | 70% |
| 21000 Boca Rio Road, Ste.A13, Boca Raton, 33433 | | Pharmacy I.V.'s | Harry "Skip" Lenz, Pres., RpH. | 15% |
| Tel. #(561)-218-3866, #1-877-218-3866 | | Vet Division | Ira Fruchtman, V.P. | 15% |
| Fax #(561)-218-3857 | | d.b.a. Diabetic Supply Depot | | |
| | | | | |
| M.A.D. Holdings, Inc. | Ft. Laud., FL. | Real Estate Holdings | Larry Pinkoff, Pres. | 50% |
| Ft. Lauderdale, FL. | | | Ira Fruchtman | 50% |
| | | | | |
| Karlin Properties | St.Simons Island, GA. | Real Estate Holdings | Larry Pinkoff, Pres. | 100% |
| 400 Main Street, #1, St. Simons Island, Ga. 31522 | | | | |
| | | | | |
| Tropical Medical Equipment Co. | | Medical Equipment | Larry Pinkoff, Pres. | 100% |
| Ft. Lauderdale, FL. | | | | |
| | | | | |
| I.V. Pharmaceuticals Wholesalers | | Wholesale Drugs | Ira Fruchtman, Pres. | 50% |
| Ft. Lauderdale, FL. | | | Larry Pinkoff | 50% |
| | | | | |
| Infu-Trends | | Retail Pharmacy | Larry Pinkoff | 50% |
| Ft. Lauderdale, FL. | | | Ira Fruchtman | 50% |
| | | | | |
| I.V. Mayor Pharmeceuticos | | Costa Rica Corp. | Juan De Dios Alvarez | 100% |
| P.O. Box 5093-1000 | | | | |
| San Jose, Costa Rica | | | | |
| | | | | |
| Primo Pharmecuticos | | Costa Rica Corp. | Larry Pinkoff | 50% |
| San Jose, Costa Rica | | | Ira Fruchtman | 50% |

| Bermuda Insurance Co.<br>Hamilton, Bermuda | Bermuda Corp. | Larry Pinkoff<br>Lou Petrillo<br>Juan De Dios Alvarez<br>Ira Fruchtman | 37.5%<br>37.5%<br>15%<br>10% |
| P.P.D. Pharmaceuticals<br>Dania, FL. | Wholesale Drugs | Larry Pinkoff<br>Lou Petrillo<br>Monty Dillow | 40%<br>40%<br>20% |

Listing of Companies

Medipre S.A.          Costa Rica          H.M.O.          Larry Pinkoff, President        36 37.5
225 metros Norte de la Subaru en Los Yoses                Lou Petrillo, OP. CEO         36 37.5
Tel. #(506)-283-4400                                      Ira Fruchtman, V.P.           24 24.U
Fax #(506)-283-9550                                       MONTE DILLOW                  1.00 %/

Golden Isles          Dania          Wholesale Drugs          Linda Abbott, President
4101 Ravenswood Rd., Dania, Fl. 33312                         LOP. . J.P.          100%
Tel. #(954)-587-6779
Fax #(954)-587-8746

Golden Isles          St.Simons Island, GA.          Wholesale Drugs          Linda Abbott, President
Cottages at Plantation Village                                                LOP. U.P. 100%
400 Main Street, #1, St. Simons Island, Ga. 31522
Tel. #(912)-634-1870
Fax #(912)-

South Florida Pharmacy Services, Boca Raton, Fl.   Retail Pharmacies     Hary "Skip" Lenz, Pres Rph. 15%
                                                   Pharmacy I.V.'s        Ira Fruchsman . V.P.      15%
                                                   Vet Division           LOP.                      70%

                                                   d/b/a.
South Florida Pharmacy Services,                   Diabetic Supply Depot      Pinkoff    40%
P.P.D. Pharmaceuticals ────────                                               Petrillo   40%
                                                                             Dillo      20%

M.A.D. Holdings, Inc.          Real Estate Holding Co.          50-50
FT. LAUD FL                                                     Ira + Laney (P&S)

KARLIN PROPERTIES          Real Estate Holding Co.          100% LOP
St Simon Isle GA

TROPICAL MEDICAL CO. CO.          Medical Corp. S          100% LOP
Ft. Land.

IV Pharmaceuticals Wholesale          Wholesale Drugs.          50-50  Au. Ira + Laney
Ft. Land

INFS-TRENDS, INC.          Retail Pharmacy          50-50 Ira mary
Ft. Land

IV Mayor Pharmaceuticas          CR. Corp.          Tom De ows.
Santure CR

Primo Pharmaceuticos          C.R Corp · Dormant          50-50 Isol
Sun Jose C.R

Bermuda Truman Co.          Bermuda Corp          Lou  37.5
Hamilton Bermuda                                  Larry 37.5
                                                  Jan  15
                                                  Ira  1.

**MediPre**
MEDICINA PREPAGADA

**AIRPORT COMMERCE PARK**
4101 Ravenswood Road, #402
Fort Lauderdale, Florida 33312
(954) 587-6779
(954) 587-8746 Fax

**Officentro Torres del Campo**
3er piso, B° Tournon, Frente al
Centro Comercial El Pueblo,
San Jose, Costa Rica
(506) 256-4056

October 26, 2000

Mr. Louis F. Petrillo
7900 SW 143rd Street
Miami, Florida 33158

Dear Mr. Petrillo:

With reference to the following checks payable to you, please be advised that
MediPre received these funds and said funds were used for the purchase of
medical equipment for our clinics.

| | | |
|---|---|---|
| 5/18/99 | check 449 | $100,000 |
| 6/11/99 | check 531 | $100,000 |
| 7/23/99 | check 685 | $53,950 |
| 7/23/99 | check 686 | $118,952.34 |
| 8/04/00 | check 373 | $80,000 |

Thank you for your continued support of MediPre.  If there is anything else you
require, please do not hesitate to call.

Sincerely,

Lawrence D. Pinkoff

Cc:    Eduardo Zumbado

**EXHIBIT**
**D**

**PROMISSORY NOTE/LINE OF CREDIT**

$300,000                                                        FORT LAUDERDALE, FLORIDA
                                                                JULY 10, 2005

FOR VALUE RECEIVED this 1$^{st}$ day of November 1998, the undersigned individual, promise to pay to the order of GOLDEN ISLES PHARMACEUTICALS, INC., (hereinafter referred to as "Payee"; Payee together with any subsequent holder hereof or any interest herein being hereinafter referred to as "Holder") at FORT LAUDERDALE, FLORIDA, or at such other place as the Holder may from time to time designate in writing, without grace, except as may be otherwise expressly provided for herein, the principal sum THREE HUNDRED THOUSAND DOLLARS ($300,000.00), together with interest from the date hereof at a rate of (8)% per annum on the unpaid principal balance from time to time outstanding in accordance with the following provisions:

(a) Commencing NOVEMBER 1, 2001, and on the 10th day of each and every month thereafter until paid in full, the undersigned individual shall pay to Holder equal installments of FIVE THOUSAND DOLLARS ($5,000.00), including principal and accrued interest on the unpaid principal balance. The entire outstanding principal balance shall be due and payable in full on or before JULY 10, 2005.

This Note and the instruments securing it are to be governed, interpreted and construed by, through and under the laws of the State of FLORIDA. This Note may be prepaid in whole or in part at any time without penalty or premium. If this Note provides for installment payments of principal, prepayment of principal payments shall be applied in the inverse order such installment payments are due, applying first to the last principal installment due hereunder.

Payments made under this Line of Credit shall be by requested draw down which shall become part of this note with interest accruing from the date of the draw down.

In the event that any payment of principal and/or interest is not made within thirty (30) days that same is due, which event shall constitute an "Event of Default" hereunder, the undersigned shall pay, during the period of such default, interest on the unpaid balance of the indebtedness evidenced by this Note at the highest rate allowed by law.

The Holder shall have the optional right to declare the amount of the total unpaid balance hereto to be due and forthwith payable in advance of the maturity date of any sum due or installment, as fixed herein, upon the failure of the undersigned to pay, when due and after thirty (30) days+ that same is due, any of the installments of interest and/or principal. Upon exercise of this option by the Holder, the entire unpaid principal shall bear interest at the highest rate allowed by law. Forbearance to exercise this option with respect to any failure or breach of the undersigned shall not constitute a waiver of the rights to any continuing failure or breach or any subsequent failure or breach.

In no event shall the amount of interest due or payments in the nature of interest payable hereunder exceed the maximum rate of interest allowed by applicable law, as amended from time to time, and in the event any such payment is paid by the undersigned or received by the Holder, then such excess sum shall be credited as a payment of principal, unless the undersigned shall notify the Holder, in writing, that the undersigned elects to have such excess sum returned to it forthwith.

Time is of the essence hereunder and, in case this Note is collected by law or through an attorney-at-law, or under advice there from, the undersigned agrees to pay all costs of collection including reasonable attorneys' fees. Reasonable attorneys' fees are defined to include, but not be limited to, all fees incurred in all matters of collection and enforcement, construction and

interpretation, before, during and after suit, trial, proceedings and appeals. Attorneys' fees shall also include hourly charges for paralegals, law clerks and other staff members operating under the supervision of an attorney.

The remedies of the Holder, as provided herein shall be cumulative and concurrent, and may be pursued singularly, successively or together, at the sole discretion of the Holder, and may be exercised as often as occasion therefore shall raise. No act of omission or commission of the Holder, including specifically any failure to exercise any right, remedy or recourse, shall be deemed to be a waiver or release of the same, such waiver or release to be affected only through a written document executed by the Holder and then only to the extent specifically recited therein. A waiver or release with reference to any one event shall not be construed as continuing, as a bar to, or as a waiver or release of any subsequent right, remedy or recourse as to a subsequent event.

Any notice to be given or to be served upon any party hereto, in connection with this Note, must be in writing, and may be given by certified or registered mail and shall be deemed to have been given and received on the third (3rd) business day after a certified or registered letter containing such notice, properly address, with postage prepaid, is deposited in the United States mail; and if given otherwise then by certified or registered mail, it shall be deemed to have been given when delivered to and received by the party to whom it is addressed.

All persons or corporations or other entities now or at any time liable, whether primarily or secondarily, for the payment of the indebtedness hereby evidenced, for themselves, their heirs, legal representatives, successors and assigns respectively, hereby (a) expressly waive presentment, demand for payment, notice of dishonor, protest, notice of non-payment or protest, and diligence in collection except as may be otherwise expressly provided; (b) consent that the time of all payments or any part thereof may be extended, rearranged, renewed or postponed by the Holder hereof and further consent that the collateral security or any part thereof may be released, exchanged, added to or substituted for by Holder hereof, without in anywise modifying, altering, releasing, affecting or limiting their respective liability or the lien of any security instrument; (c) agree that the Holder, in order to enforce payment of this Note, shall not be required first to institute any suit or to exhaust any of its remedies against the undersigned or any other person or party to become liable hereunder.

If more than one party shall execute this Note, the term "undersigned" as used herein, shall mean all parties signing this Note and each of them, who shall be jointly and severally obligated hereunder.

In this Note, whenever the context so requires, the neuter gender includes the feminine and/or masculine, as the case may be, and the singular number includes the plural.

All references herein to interest at the "maximum rate" shall mean "maximum legal contract rate".

IN WITNESS WHEREOF, the undersigned individual has caused this Note to be executed in his name on the day and year first above written.

LOUIS F. PETRILLO

BY. _____          _/1_ _1_ _/_ _1_ _9,8_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _11_ / _12_ / _98_

Amount: $ _16.800.―_

Payable to: _Louis PeTRillo_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _Thu_

Check issued: # _102_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: *12 / 15 / 98*

Amount: $ *25.000.*

Payable to: *L. Petrillo*

Authorized by: *L. Petrillo*

FOR OFFICE USE ONLY:

Request approved by: *Jean E. Pruyt*

Check issued: # *141*

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _01 / 06 / 99_

Amount: $ _9.600._

Payable to: _L. Petrillo_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _Len_

Check issued: # _157_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _03 / 12 99_

Amount: $ _26.675.—_

Payable to: _L. PeTRi llo_

Authorized by: _L. Petrill_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _C271_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES PHARMACEUTICALS, INC., please issue a check as follows:

Date: _3/12/99_

Amount: $ _12000.—_

Payable to: _L. Petrillo_

Authorized by _Petrill_

FOR OFFICE USE ONLY:

Request approved by: _Jim C. Pruff_

Check issued: # _272_

**LINE OF CREDIT**
**DRAW REQUEST**

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _4 / 5 / 99_

Amount: $ _30,000.—_

Payable to: _L. Petrillo_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _Carl E. Luys_

Check issued: # _338_

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _06 / 25 / 99_

Amount: $ _10.000,_

Payable to: _Louis Petrillo._

Authorized by _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _595_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _10_ / _07_ / _99_

Amount: $ _25.000._

Payable to: _Louis PeTRillo_

Authorized by: _K. Petrillo_

*FOR OFFICE USE ONLY:*

Request approved by: _____

Check issued: # _1927_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _6 / 2 5 / 99_

Amount: $ _8,500.—_

Payable to: _Louis A. PeTrill_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _Lou O'Prift_

Check issued: # _585_

## LINE OF CREDIT
## DRAW REQUEST


Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _12/5/98_

Amount: $ _25,000.—_

Payable to: _Louis A. Petrillo_

Authorized by: _____


FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _0140_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _7/23/99_

Amount: $ _50.000.–_

Payable to: _Bache Leasing for A/c V. A. Mathins_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _652_

# LINE OF CREDIT
# DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _6 / 28 / 99_

Amount: $ _21.000. –_

Payable to: _V. A. Mathins_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____ (Lue)

Check issued: # _592_     $ 7000 –

_553_     $ 7000 –

_594_     $ 7000 –

## LINE OF CREDIT
## DRAW REQUEST

Pursuant to the Line of Credit Agreement dated November 1, 1998, evidenced by
the promissory note between LOUIS F. PETRILLO and GOLDEN ISLES
PHARMACEUTICALS, INC., please issue a check as follows:

Date: _8 / 13 / 99_

Amount: $ _11. 116.—_

Payable to: _Bache Leasing For V. A. Mathias_

Authorized by: _L. Petrillo_

FOR OFFICE USE ONLY:

Request approved by: _____

Check issued: # _178_

Bailey, Banks & Biddle
290 The Falls Mall
Miami, FL 33176-9999

VIRGINIA MATHIAS
116 OLD HICKORY CT
LONGWOOD, FL 32750
407/339-0956

08/27/98 15:57    2246    TRANS#:    15660
S962 REG#.01

REPAIR SETUP                    ACCOUNT NO: 15659
1   5/0 P/S 3 08 W/ P/S SIDES          $1185.00
    019  88000013

                        Subtotal      51185.00
                        Tax            3096 10
                        TOTAL         54281 10

CHECK                                 30000 00
            CHANGE DUE                    0 00

TOTAL SALE                            54281 10
TOTAL PAYMENT                         30000 00
BALANCE DUE ON STORE ACCOUNT          24281 10

THANK YOU FOR YOUR PATRONAGE
30 DAY REFUND, 180 DAY EXCHANGE PRIVILEGE
REFUNDS OVER $100 MAY TAKE TWO WEEKS

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

STORE COPY

**EXHIBIT**
**E**