UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6334-CR-FERGUSON

UNITED STATES OF AMERICA, )   Magistrate Judge Snow
          )
     Plaintiff,   )
          )
v.        )
          )
LOUIS F. PETRILLO, )
          )
     Defendant.   )
_____/

### GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR HEARING AND OTHER RELIEF ON THE ISSUE OF THE DISQUALIFICATION OF ROBERT LEHNER, AUSA

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to the motion for a hearing on the disqualification of the Assistant United States Attorney assigned to the above-titled case, filed on behalf of defendant Louis F. Petrillo, and states as follows:

1. On August 3, 2000, United States Probation Officer Frank X. Will, who is assigned to supervise defendant Louis F. Petrillo in Case No. 93-43-CR-ZLOCH, submitted to the Court a Petition, requesting that the Court authorize the arrest of defendant Petrillo for violations of the conditions of probation, based, inter alia, upon defendant Petrillo's failing to report to the United States Probation Office large amounts of his income.

2. On August 8, 2000, United States District Judge William J. Zloch ordered the issuance of an arrest warrant based upon Probation Officer Will's petition.

3. On August 16, 2000, defendant Petrillo was arrested on the arrest warrant, made his initial appearance before United States Magistrate Judge William C. Turnoff, and was released upon a $250,000 10% bond.

4. The Violation of Conditions of Probation Hearing had been scheduled for December 4, 2000.

5. On October 26, 2000, while under audio/video surveillance by the Federal Bureau of Investigation, defendant Petrillo created, and caused the creation of, back-dated false and fictitious documents, including a Promissory Note/Line of Credit and Line of Credit Draw Requests, in order to mislead the District Court into believing at the December 4, 2000 Violation of Conditions of Probation Hearing that moneys and funds that had been received by defendant Petrillo were loans rather than income.

6. On November 27, 2000, one of defendant Petrillo's attorneys, Ruben Oliva, and a forensic accountant, Stanley I. Foodman, also appearing for defendant Petrillo, met the undersigned Assistant United States Attorney and a United States Attorney's Office Financial Auditor, Lewis Sellars, at the United States Attorney's Office and produced some of the back-dated documents

referred to in paragraph 5, above, in order to convince the United States Attorney's Office that substantial amounts of money and funds that had been received by defendant Petrillo were loans rather than income.

7. On November 30, 2000, a federal grand jury, sitting in Miami, indicted defendant Petrillo in the above-titled case for Obstruction of Justice, in violation of 18 U.S.C. §1503, involving the events described above.

8. Subsequent to defendant Petrillo's arrest on December 1, 2000, the undersigned Assistant United States Attorney informed Mr. Oliva that the government intended to call him as a witness in the trial of the above-titled case.

9. It is axiomatic that when a defendant uses his attorney to present false and fictitious evidence the crime-fraud exception to the attorney-client privilege applies and the attorney may be subpoenaed to give testimony of his conversations with his client, which otherwise would be shielded by the attorney-client privilege. See In re Grand Jury Investigation (Schroeder), 842 F.2d 1223 (11th Cir. 1987); In re Grand Jury (G.J. No. 87-03-A), 845 F.2d 896 (11th Cir. 1988).

10. It seems apparent from the above history of the instant case that the crime-fraud exception applies to the instant case and that Mr. Oliva will be subject to giving testimony involving his

conversations with his client, defendant Petrillo, concerning the documents referred to in paragraph 6, above.

11. In his instant motion, defendant Petrillo seeks to disqualify the undersigned Assistant United States Attorney from representing the government in the trial of the instant case because he received the documents referred to in paragraph 6, above, from Mr. Oliva and Mr. Foodman.

12. Nowhere in his motion does defendant Petrillo indicate what evidence he would seek to elicit if he were to call the undersigned Assistant United States Attorney as a witness.

13. Lewis Sellars, the government's financial auditor, who defendant Petrillo's attorney, Joseph S. Paglino, cross-examined at the December 4, 2000 pretrial detention hearing conducted by United States Magistrate Judge Lurana S. Snow, was present throughout the November 27, 2000 meeting referred to in paragraph 6, above, and will be able to testify at the trial of the instant case without mentioning the identity of the Assistant United States Attorney who was present when Mr. Oliva and Mr. Foodman furnished Mr. Sellars with the documents referred to in paragraph 6, above. There appears no reason why the undersigned Assistant United States Attorney would be a witness at the trial of the instant case.

14. In his motion, defendant Petrillo accuses the undersigned United States Attorney of having a "conflict of interest" in the

4

instant case. However, other than showing that the undersigned United States Attorney was present when defendant Petrillo, through his attorney and forensic accountant, presented back-dated, false and fictitious documents to the government, and that the undersigned Assistant United States Attorney is prosecuting the case, defendant Petrillo had presented nothing to support his claim of "conflict of interest."

15. In sum, defendant Petrillo has presented nothing in fact or law to support his claim that a defendant can achieve his objective of removing from his case the Assistant United States Attorney with the most knowledge of his case by submitting, through his lawyer and forensic accountant, back-dated, false and fictitious documents to the government in the presence of such prosecutor.

WHEREFORE, for the reasons herein stated, defendant Petrillo's motion for a hearing to disqualify the undersigned Assistant United States Attorney should in all respects be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail and facsimile this __16th__ day of December, 2000 to Joseph S. Paglino, 12865 West Dixie Highway, Second Floor, North Miami, Florida 33161, Walter A. Reynoso, Esq., 2937 S.W. 27th Avenue, Suite 107, Coconut Grove, Florida 33133, and Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY