UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6334-CR-FERGUSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| LOUIS F. PETRILLO, | ) |
| Defendant. | ) |



FILED by _____ D.C.

DEC 2 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

### GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE DECEMBER 6, 2000 DETENTION ORDER OF MAGISTRATE JUDGE LURANA S. SNOW

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to defendant Louis F. Petrillo's Objections to the December 6, 2000 Detention Order of Magistrate Judge Lurana S. Snow, and states as follows:

1. On March 21, 1995, in Case No. 93-442-CR-ZLOCH, United States District Judge C. Clyde Atkins, to whom the case was originally assigned, sentenced defendant Petrillo to imprisonment for a term of one year and one day on his conviction of Misapplication of Bank Funds, in violation of 18 U.S.C. §656, and probation for a period of five years on his conviction of Bank Fraud, in violation of 18 U.S.C. §1344.

2. On August 8, 2000, United States District Judge William J. Zloch ordered the issuance of a Probation Violation Arrest Warrant, based upon an August 3, 2000 Petition submitted by the



38

United States Probation Office, which alleged four Violations of Standard Conditions of Probation. <u>See</u> Violation of Conditions of Probation Petition and attached Memorandum, herein attached as Exhibit 1.

3. On August 16, 2000, defendant Petrillo was arrested on Judge Zloch's Arrest Warrant and was released by United States Magistrate Judge William C. Turnoff upon a $250,000 10% bond.

4. Judge Zloch scheduled the Probation Violation Hearing for December 4, 2000.

5. On November 30, 2000, a federal grand jury, sitting in Miami, indicted defendant Petrillo in the instant case for Obstruction of Justice, in violation of 18 U.S.C. §1503, charging him with creating, and causing the creation of, false and fictitious documents in order to mislead the District Court in conducting the Probation Violation Hearing, referred to in paragraph 4, above.

6. The United States Probation Office has amended the Probation Violation Petition to include, as new Violation #1, the Obstruction of Justice charged in the instant indictment as a Violation of Mandatory Condition.

7. On December 4, 2000, Magistrate Judge Snow conducted a pretrial detention hearing (transcript of hearing is DE 17) in the instant case, and held defendant Petrillo in pretrial detention as

both a risk of flight and a danger to United States Probation Officer Frank X. Will.

8. On December 6, 2000, Magistrate Judge Snow issued her Detention Order (DE 16), from which defendant Petrillo files his instant Objections.

9. In her Detention Order, Magistrate Judge Snow made the following findings of facts and statement of reasons for defendant Petrillo's detention:

A. The weight of evidence of defendant Petrillo's commission of the instant obstruction of justice is substantial.

B. In 1999, defendant Petrillo sought and obtained a reduction from $83,160 to $43,160 of the restitution he was to pay in Case No. 93-442-CR-ZLOCH based upon his inability to pay, although in truth he "has access to very large sums of money."

C. Some of the money, referred to in paragraph 9B, above, "is in banks outside the United States."

D. After defendant Petrillo's employer, Larry Pinkoff, advised the government that defendant Petrillo had threatened the life of his Probation Officer, a video and audio surveillance camera was installed in Mr. Pinkoff's office, which revealed defendant Petrillo "impliedly threatening the safety of his Probation Officer." "There is probable cause to believe the defendant has made threats to the life and safety of his probation officer."

E.    The same surveillance referred to in paragraph 9D, above, revealed "the defendant creating false and backdated credit documents to demonstrate that the funds mentioned in the petition for violation of probation were loans, not income."

F.    The same surveillance referred to in paragraph 9D, above, revealed the defendant relating that he had paid off a hotel manager in order to obtain a false receipt regarding one of the probation violation charges.

G.    "[T]he defendant repeatedly has demonstrated his utter disregard for the authority of the Court."

H.    "[T]here are no conditions or combination of conditions which reasonably will assure the defendant's appearance as required and/or the safety of any other person and the community."

I.    "[T]his defendant presents a danger to other persons, and there is a very substantial likelihood that he will flee if released on bond."

10.    In his Objections, defendant Petrillo takes issue with Magistrate Judge Snow's finding that defendant Petrillo has threatened the life of Larry Pinkoff. Objection at 1. Magistrate Judge Snow has made no such finding, although she found that after the December 4, 2000 pretrial detention hearing the focus of the danger perhaps included the confidential witness (Mr. Pinkoff). DE 17 at 43.

11. Neither at the December 4, 2000 pretrial detention hearing nor in his Objections has defendant Petrillo offered anything to contradict Magistrate Judge Snow's findings that defendant Petrillo should be held in pretrial detention based upon both risk of flight and danger to United States Probation Officer Frank X. Will and to the community.

WHEREFORE, for the reasons stated at the December 4, 2000 pretrial detention hearing and stated herein, Magistrate Judge Snow's Detention Order should in all respects be ratified and affirmed.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No.  (305) 530-6168

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this _21_ day of December, 2000 to Joseph S. Paglino, 12865 West Dixie Highway, Second Floor, North Miami, Florida 33161, Walter A. Reynoso, Esq., 2937 S.W. 27th Avenue, Suite 107, Coconut Grove, Florida 33133, and Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY

United States Government
MEMORANDUM

DATE: August 3, 2000

FROM: Frank X. Will
United States Probation Officer - Snapper Creek

SUBJECT: Petrillo, Louis F.
Dkt. No. 93-442-CR-ZLOCH
SD/Fl. Pacts 35705

TO: The Honorable William J. Zloch
United States District Judge, Southern District of Florida.

## VIOLATION OF PROBATION AND REQUEST FOR A WARRANT

### I. COMPLIANCE WITH SUPERVISION CONDITIONS

On March 21, 1995, subsequent to a plea of guilty to Counts One and Two of the Superseding Information, Misapplication of Bank Funds and Bank Fraud, the above referenced was sentenced to one year and one day as to Count One. As to Count Two, he was placed on five years probation, to run consecutive to Count One, and as a special condition of supervision, he was ordered to make restitution of $1,983,160.00 to FDIC and $18,690.00 to Big Ben Corporation. On February 23, 1996, he was released to begin his term of probation, which will terminate on February 22, 2001. On February 27, 1997, The Honorable C. Clyde Atkins, Senior United States District Judge, SD/FL, issued an Order reducing restitution to the FDIC from $1,983,160.00 to $83,160.00.

From the date of the probationer's release until on or about September 1997, the probationer was employed by First Southeast Capital, allegedly owned solely by his son, Louis A. Petrillo. Upon the merger of VIP Medical, owned by Petrillo family members, with HP of America/HP Holdings, First Southeast Capital became a consultant with the merged company. However, once both parties filed civil suits against each other, First Southeast Capital's consulting contract was then terminated. Due to questions concerning the probationer's true ownership interest in the family businesses, based on public documents signed by the probationer and listing the probationer as an officer, it was suggested the probationer find employment with non-relatives. On or about October 1997, the probationer began employment with Tropical Medical Equipment. At about this same time the probationer informed this officer that he was no longer working for First Southeast Capital nor did First Southeast Capital have any business dealings with Tropical Medical.

On January 6, 1999, the probationer requested travel to San Jose, Costa Rica, for business purposes, beginning January 19, 1999, and returning January 23, 1999. On January 20, 1999, at the recommendation of the U. S. Probation Office, The Honorable C. Clyde Atkins, Senior united States District Judge, SD/FL, denied the request.

On January 15, 1999, this officer discussed with the probationer discrepancies regarding nine

EXHIBIT
1

The Honorable William J. Zloch
United States District Judge, SD/FL
August 3, 2000
Page 2

RE: PETRILLO, Louis
Dkt. No. 93-442-CR-ZLOCH
SD/FL Pacts 35705

authorized trips out side the Southern District of Florida. These discrepancies concerned hotel receipts which reflected one overnight hotel stay instead of the two nights requested on his travel applications. The probationer had claimed all of the following reasons occurred; he received a free night lodging due to his Club Ramada Travelers Points; he spent one night in his employer's hotel room; or he came back to Miami early. The Probationer was instructed to provide documentation of all the reasons.

As of this writing, the probationer has not provided any documentation to explain his whereabouts during those nine trips. To the contrary, on May 2, 2000, the probationer's attorney, Rubin Oliva, faxed documents from Club Ramada to this officer which reflect that from January 1, 1997 until January 7, 2000, none of the probationer's Travelers Points were redeemed. Therefore, no free overnight lodging was received. This officer has spoken with the probationer and his attorney regarding the length of time given to verify the missing days, whereupon, both requested more time to obtain verification. On May 8, 2000, this officer corresponded with the probationer and listed the dates and hotel receipt invoice numbers of each day in question, requiring an answer by July 7, 2000. On May 15, 2000, this officer received a fax from the probationer's attorney requesting the hotel receipt invoice numbers, even though they were all ready given to the probationer, and upon receipt of this information will attempt to comply with this officer's instructions. The probationer has failed to provide the requested documentation per instructions.

On February 3, 1999, the probationer filed a motion requesting non reporting status and/or travel modifications to his conditions of probation. On March 22, 1999, The Honorable Edward B. Davis, Chief United States District Judge, SD/FL, issued an order denying non reporting probation and granted permission to travel outside the continental United States for business purposes only.

On October 27, 1999, The Honorable Lenore Carrero Nesbitt, United States District Judge, SD/FL, issued an Order reducing restitution owed to the FDIC by an additional $43,160, prompted by the FDIC and the probationer's payout agreement.

On December 1, 1999, this officer was notified by Investigator Sandra Lozowicki, Office of the Attorney General, State of Florida, Medicaid Fraud Control Unit, that search warrants were served and carried out on this same date, pertaining to a criminal medicaid fraud investigation. The warrants were for the probationer's residence, past employments, and current employment locations. During the search of the probationer's residence, Agents for the State of Florida found $41,850 in US currency and $3,100 in traveler's checks.

It has been reported to this officer that the currency was found in a brief case which was located in a room/den/office where bank and medical documents relating to First Southeast Capital and Medical Clinics linked to the probationer. Additionally, information was received that the

The Honorable William J. Zloch
United States District Judge, SD/Fl.
August 3, 2000
Page 3

RE: PETRILLO, Louis
Dkt. No. 93-442-CR-ZLOCH
SD/FL Pacts 35705

probationer's spouse was questioned concerning the ownership of the currency, whereupon, she denied any knowledge of the currency. On December 2, 1999, this officer spoke with Patra Liu, Assistant Attorney General for the State of Florida, who confirmed the probationer and employment associates are under criminal investigation for possible medicaid fraud. The probationer failed to notify this officer of his possession of $44,950 either on his Monthly Supervision Reports or his Personal Financial Questionnaires.

On December 2, 1999, this officer corresponded with the Court requesting the originally granted out of country travel privileges be rescinded. On December 22, 1999, Your Honor granted the request and rescinded the probationer's out of country travel privileges. On December 29, 1999, the probationer turned in his US passport and was notified by this officer he would no longer be permitted to travel outside the Southern District of Florida until the criminal investigation was concluded.

On January 7, 2000, the State of Florida filed a Petition For Judgment of Forfeiture, Case No. 00-00473-CA 10, for the above stated currency. As of this writing, the probationer nor his attorney have responded to the State of Florida's Petition. Additionally, the probationer has refused to answer any questions concerning the currency other than claiming: he has no knowledge of the currency; the residence belongs to his spouse; and/or the currency might belong to his spouse. On May 16, 2000, The Clerk of the Court for the Eleventh Judicial Circuit entered a Default against the probationer for failure to file and serve a response or defense to the Rule to Show Cause on the Petition For Judgment of Forfeiture either upon the Clerk or upon the Attorney for the State of Florida as required by law.

On June 28, 2000, this officer received copies of checks from Keith Davidson, Investigative Analyst, Office of the Attorney General, State of Florida, Medicaid Fraud Control Unit, which were obtained by search warrants during the above referred criminal investigation. The checks were issued by First Southeast Capital, payable to the probationer, endorsed by the probationer, and deposited into three different bank accounts, at two different banks, Nations and Capital/Union Planters, from March 18, 1998, through June 25, 1999. None of the accounts were reported by the probationer to this officer on either his Monthly Supervision Reports or Personal Financial Questionnaires. The checks reflect a sum of $520,062.49 was deposited in the three accounts. At no time did the probationer report to this officer of ever receiving this referenced income nor that he was employed by First Southeast Capital after October 1997.

On March 23, 2000, this officer met with Internal Revenue (IRS) Agent Mike Palmer and US Customs Agent Karl Muller, of the Southern District of Georgia, who reported that there is an on-going criminal investigation of Lawrence "Larry" Pinkoff, the owner of Golden Isles Pharmaceuticals/Tropical Medical Equipment and the probationer's employer. On April 14, 2000,

The Honorable William J. Zloch
United States District Judge, SD/FL
August 3, 2000
Page 4

                                RE: PETRILLO, Louis
                                Dkt. No. 93-442-CR-ZLOCH
                                SD/FL Pacts 35705

this officer was notified by IRS Agent Palmer that a search warrant was served on Mr Pinkoff at his residence on March 30, 2000, regarding possible violation of Federal Tax Law or Money Laundering charges.

On June 30, 2000, this officer received copies of checks from Internal Revenue (IRS) Agent Mike Palmer, Southern District of Georgia, which were obtained by search warrants during the above referred criminal investigation of Lawrence "Larry" Pinkoff. The checks were issued by Golden Isles Pharmaceuticals/Tropical Medical, the probationer's employer, payable to either the probationer or First Southeast Capital Corp., endorsed or deposited by the probationer, and deposited in seven different bank accounts, at two different banks, Nations and Capital/Union Planters, from August 18, 1998, through March 29, 1999. Of the seven accounts, only two of the accounts were ever reported by the probationer to this officer on either his Monthly Supervision Reports or Personal Financial Questionnaires. The checks reflect a sum of $2,348,984.88 was deposited in the seven accounts. At no time did the probationer report to this officer of ever receiving this referenced income.

## II    CHARACTERISTICS

The probationer has resided at 7900 SW 143 Street, Miami, Florida, since his placement on supervision. On November 2, 1999, the probationer paid in full the remaining $33,500 restitution owed the FDIC and $11,590 owed to the other victim, Big Ben Corporation. He has submitted his monthly documentation timely. Currently, he is employed as an independent contractor/sales representative for Golden Isles Pharmaceuticals, Inc./Tropical Medical Equipment Company, (all of which were targeted by search warrants) selling medical equipment and support services, earning approximately $50,000 per year.

Due to the above violations, this officer recommends a warrant be issued for the probationer's arrest. If Your Honor concurs, please indicate on the attached Petition.

Respectfully submitted,

*[signature]*

FXW
Attachments

cc:    Robert Lehner, AUSA
       Ruben Oliva, Esq.

PROB 12C
(SD/FL 9/96)

SD/FL PACTS No

# United States District Court

for

## SOUTHERN DISTRICT OF FLORIDA

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Louis F. Petrillo                Case Number: 93-442-CR-ZLOCH

Name of Sentencing Judicial Officer: The Honorable C. Clyde Atkins, Senior United States District Judge, SD/Fl.. (Now assigned to the Honorable William J. Zloch, United States District Judge, SD/Fl.)

Date of Original Sentence: March 21, 1995

| | |
|---|---|
| Original Offense: | Count One: Misapplication of Bank Funds, Title 18, U.S.C., §656, a Class "D" felony. |
| | Count Two: Bank Fraud, Title 18, U.S.C., §1344, a Class "D" felony. |
| Original Sentence: | Count One, one year and one day. |
| | Count Two, sentence suspended, placed on five years probation, to run consecutive to Count One. Ordered to make restitution of $1,983,160 to FDIC and $18,690 to Big Ben Corporation. On February 27, 1997, restitution to FDIC was reduced to $83,160. On October 27, 1999, restitution to FDIC was reduced to $40,000. |

Type of Supervision: Probation            Date Supervision Commenced: February 23, 1996

Assistant U.S. Attorney:                  Defense Attorney:
Robert Lehner                             Rubin Oliva

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1.) | **Violation of Standard Condition**, by failing to follow the instructions of the Probation Officer. On January 15, 1999, and May 8, 2000, this officer instructed the probationer to submit documentation as to his whereabouts regarding nine authorized trips out side the Southern District of Florida. Hotel receipts reflect one overnight hotel stay instead of the two nights requested on his travel applications. As of this writing, the probationer has failed to comply. |

PROB 12C
(SD/FL 9/96)

SD/FL FACTS No. ......

2.) **Violation of Standard Condition**, by failing to answer truthfully all inquires by the Probation Officer. On December 1, 1999, this officer was notified by Investigator Sandra Lozowicki, Office of the Attorney General, State of Florida, Medicaid Fraud Control Unit, that search warrants were served and carried out on this same date, pertaining to a criminal medicaid fraud investigation. The warrants were for the probationer's residence, past employments, and current employment locations. During the search of the probationer's residence, Agents for the State of Florida found $41,850 in US currency and $3,100 in traveler's checks. The probationer failed to notify this officer of his possession of $44,950 either on his Monthly Supervision Reports or his Personal Financial Questionnaires.

3.) **Violation of Standard Condition**, by failing to answer truthfully all inquires by the Probation Officer. On December 1, 1999, this officer was notified by Investigator Sandra Lozowicki, Office of the Attorney General, State of Florida, Medicaid Fraud Control Unit, that search warrants were served and carried out on this same date, pertaining to a criminal medicaid fraud investigation. On June 28, 2000, this officer received copies of checks from Keith Davidson, Investigative Analyst, Office of the Attorney General, State of Florida, Medicaid Fraud Control Unit, which were obtained by search warrants during the above referred criminal investigation. The checks were issued by First Southeast Capital, payable to the probationer, endorsed by the probationer, and deposited into three different bank accounts, at two different banks, Nations and Capital/Union Planters, from March 18, 1998, through June 25, 1999. None of the accounts were reported by the probationer to this officer on either his Monthly Supervision Reports or Personal Financial Questionnaires. The checks reflect a sum of $520,062.49 was deposited in the three accounts. At no time did the probationer report to this officer of ever receiving this referenced income.

4.) **Violation of Standard Condition**, by failing to answer truthfully all inquires by the Probation Officer. On March 23, 2000, this officer met with Internal Revenue (IRS) Agent Mike Palmer and US Customs Agent Karl Muller, of the Southern District of Georgia, who reported that there is an on going criminal investigation of Lawrence "Larry" Pinkoff, the owner of Golden Isles Pharmaceuticals/Tropical Medical Equipment and the probationer's employer. On April 14, 2000, this officer was notified by IRS Agent Palmer that a search warrant was served on Mr Pinkoff at his residence on March 30, 2000. On June 30, 2000, this officer received copies of checks from Internal Revenue (IRS) Agent Mike Palmer, Southern District of Georgia, which were obtained by search warrants during the above referred criminal investigation of Lawrence "Larry" Pinkoff. The checks were issued by Golden Isles Pharmaceuticals/Tropical Medical, the probationer's employer, payable to either the probationer or First Southeast Capital Corp., endorsed or deposited by the probationer, and deposited in seven different bank accounts, at two different banks, Nations and Capital/Union Planters, from August 18, 1998, through March 29, 1999. Of the seven accounts, only two of the accounts were ever reported by the probationer to this officer on either his Monthly Supervision Reports or Personal Financial Questionnaires. The checks reflect a sum of $2,348,984.88 was deposited in the seven accounts. At no time did the probationer report

PROB 12C
(SD/FL 9/96)

SD/FL PACTS No.

to this officer of ever receiving this referenced income.

U.S. Probation Officer Recommendation:

[X] The term of supervision should be
[X] revoked.
[ ] extended for _ years, for a total term of _ years.

[ ] The conditions of supervision should be modified as follows:

Respectfully submitted
by *[signature]*
Frank X. Will
U.S. Probation Officer
Date: July 21, 2000

THE COURT ORDERS:

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Submit a Request for Modifying the Conditions or Term of Supervision

*[signature]*
Signature of Judicial Officer

8/8/00
Date

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By *[signature]*
Deputy Clerk
Date *[signature]*