UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6334-CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOUIS F. PETRILLO,

    Defendants.

_____/

### DEFENDANT PETRILLO'S MOTION TO COMPEL SPECIFIC *BRADY/GIGLIO/NAPUE* MATERIALS WITH INCORPORATED MEMORANDUM OF LAW

The Defendant, LOUIS F. PETRILLO, through undersigned Counsel, respectfully moves this Court, pursuant to the *Standing Discovery Order* and the Due Process Clause of the Fifth Amendment, for an order compelling the government to produce *all* promises and inducements given to the confidential informants testifying against Defendant Petrillo, in return for their cooperation in this case *and in other* cases. In particular, the Defendant requests:

> *A list of all crimes and episodes committed by said confidential informants for which leniency or de facto immunity has been conferred, including the type of crime (e.g., medicaid fraud, money laundering, and tax fraud), amount of contraband or property involved in the crime (e.g., the amount of the medicaid fraud or money laundered or amount of income evaded) and the date and location of the crime;
>
> * A list of all assets earned by the confidential informants through their criminal endeavors which the government has agreed, explicitly or tacitly, not to forfeit due



Page 2
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue*
*Materials With Incorporated Memorandum of Law"*

        to the confidential informants' cooperation; and

        *The identities of any third parties, such as relatives or employees of the confidential informants, whose prosecution(s) has (have) been abandoned due to the confidential informants' cooperation.

In support of these requests, the Defendant states the following:

    1. The Standing Discovery Order utilized for many years by this Court requires the government to produce to criminal defendants as part of routine discovery *all* material falling within the scope of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972). Thus, Paragraphs C and D of the *Standing Discovery Order* ("SDO") require the government to disclose "*any* payments, promises of immunity, leniency or preferential treatment made to government witnesses." (Emphasis added).

    2. The government has indicated in their December 15, 2000, *Standing Discovery Written Statement:* "The United States Attorney's Office, Southern of Florida, has given Lawrence Pinkoff use and derivative use immunity during the period of his cooperation with its office. When his record of prior convictions is received by the United States Attorney's Office it will be furnished to the defense (at page 3)". Undersigned counsel has learned through investigation and other information, including but not limited to the government's other submissions to this court, that Mr. Pinkoff is under investigation for medicaid fraud, federal tax fraud and money laundering violations. Neither he nor any of his employees or family members have been

Page 3
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue*
*Materials With Incorporated Memorandum of Law"*

charged with any crime notwithstanding their participation in numerous business dealings and day to day transactions conducted with Mr. Pinkoff. Further, the government's video tape discovery specifically shows at least two of Mr. Pinkoff's employees setting up Mr. Petrillo with Mr. Pinkoff. Mr. Pinkoff's wife is also listed as an owner/officer and active participant in Mr. Pinkoff's endeavors that were purportedly the object of aforementioned tax fraud, medicaid fraud and money laundering investigation. Neither their names nor agreements are listed in the governments discovery response. Finally, Mr. Pinkoff, his wife and employees have been investigated for these crimes by both Federal Law Enforcement for Southern District of Georgia and the State of Florida Medicaid Fraud Control Unit. The government has failed to advise whether there exists agreements with other Districts and/or the State of Florida not to prosecute Mr. Pinkoff and his cohorts for their criminal conduct.

3. Confidential informant Larry Pinkoff has concededly been involved in criminal conduct which is *not* the subject of the instant indictment. In light of his extensive criminal history, it is also likely he has earned substantial profits from his crimes over the years which have not been forfeited to the government or been subjected to income tax payments. The government has undoubtedly learned the full scope of all confidential informants' illegal conduct and ill-gotten gains but has chosen to forgo prosecution, forfeiture proceedings and tax proceedings (civil and criminal) in order to induce the confidential informants' continuing "cooperation" against both the Defendant herein and other individuals. **Yet, the government**

Page 4
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue Materials With Incorporated Memorandum of Law"*

**has failed to reveal any of the information related directly to the crime charged in the *Indictment* or to any other of their crimes and/or ill-gotten gains.**

4. Under the Due Process Clause of the Fifth Amendment, the defendant has the right to obtain far more information so that the confidential informants can be fully cross-examined concerning their full motives and expectations as a result of their decision to testify against the defendant. The defendant is entitled to this information, even if the government denies that it has made any *explicit* promises to the witnesses. *United States v. Shaffer*, 789 F.2d 682, 690-91 (9th Cir. 1986). "[A] defendant's right to cross-examine a witness about any deals that have been made or any understandings that may have been reached between the government and one of its witnesses does not hinge in whether *in fact* any such deals or understandings were effected." *United States v. Mayer*, 556 F.2d 245, 249 (5th Cir. 1977) (emphasis in original; citations omitted). "Whether or not such a deal existed is not crucial." *Greene v. Wainwright*, 634 F.2d 272, 276 (5th Cir. 1981). Indeed, "[a] desire to cooperate may be formed beneath the conscious level, in a manner not apparent even to the witness, but such a subtle desire to assist the state nevertheless may cloud perception." *Greene*, 634 F.2d at 276. *See also United States v. Onori*, 535 F.2d 938 (5th Cir. 1976) ("[w]hat tells, of course, is not the actual existence of a deal but the witness' belief or disbelief that a deal exists"). Accordingly, a defendant has the right to "search for an agreement between the government and the witness." *United States v. Crumbley*, 565 F.2d 945, 949 (5th Cir. 1978). This is so, even where government officials expressly deny the

cr-06334-WDF   Document 40   Entered on FLSD Docket 01/03/2001   P

Page 5
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue
Materials With Incorporated Memorandum of Law"*

existence of any agreement. *See Brown v. Dugger*, 831 F.2d 1547, 1556 (11th Cir. 1987) (Clark, J., concurring); *United States v. Shaffer*, 789 F.2d at 690-91.

5. Thus, whether or not there has been any explicit agreements between the government and the confidential informants concerning **uncharged conduct** and **unforfeited assets**, the Defendant is entitled to discovery concerning the benefits the government has *reason to know* it's conduct is *implicitly* conveying.

6. The law is well settled that a defendant is entitled to full disclosure of all promises and inducements given to cooperating witnesses, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). The government's disclosure obligation is not satisfied merely by informing the defendant an informant has been given a reduction in his sentences for cooperating.[1] A witness' expectations and motives in testifying for the government are not necessarily limited to the bare numbers or reduced to writing. The government's duty under *Giglio* is thus an "affirmative" one, requiring the revelation of both express and "informal arrangements or promises" made in order to obtain the witness' cooperation." *United States v. Bloom*, 78 F.R.D. 591, 616-617 (E.D. Pa. 1977). *See also Lewinski v. Ristaino*, 448 F. Supp. 690 (Mass. 1978) (prosecutor is "duty-bound" to "disclose any understanding reached with [the witness] about future prosecution made

---

[1] The prosecutor is not excused from his obligation to make the requested discovery available simply because some or all of it may be in the possession of other offices of federal agencies. *See United States v. Auten*, 632 F.2d 478, 481 (5th Cir. 1980); *United Sates v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979). This is particularly applicable here where both the Southern District of Georgia and the State of Florida are investigating Mr. Petrillo as discussed above.

Page 6
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue
Materials With Incorporated Memorandum of Law"*

contingent on [her] cooperation"). The defendant is entitled to "show *government conduct* which may have led a witness to believe that his prospects for lenient treatment by the government depended on the degree of his cooperation." *United States v. Leonard*, 496 F.2d 955, 963 (D.C. Cir. 1974) (emphasis added; citation omitted). In this regard, the Defendant has the right to appraise the jury of the full "extent and nature of [a witness'] dealings with federal and state authorities." *Hoffa v. United States*, 385 U.S. 293, 311 (1966).[2] Even a prosecutor's brief remarks made to witnesses which may be interpreted as "threats" require disclosure. See *United States v. Scheer*, 168 F.3d 445 (11th Cir. 1999).

7. In *United States v. Williams*, 954 F.2d 668 (11th Cir. 1992), for example, the trial court excluded all evidence concerning how much money an informant made in other cases, "ruling the evidence irrelevant." 954 F.2d at 671-72. The Eleventh Circuit reversed two of the defendants convictions, explaining that the relevance of payments was *not* limited to the particular investigation at issue in the trial. Rather, "[t]he jury has the right to know what may be motivating a witness, especially a government paid, regularly employed informant-witness." *Id.* at 672.

8. Similarly, the Eleventh Circuit has repeatedly reversed convictions when district courts have exceeded their discretion by limiting cross-examination which would have served to

---

[2] Indeed, courts have enforced immunity agreements based solely on the subjective expectations of a prospective defendant arising from the government's conduct. *See United States v. Carillo*, 709 F.2d 35 (9th Cir. 1983); *Rowe v. Griffin*, 676 F.2d 524 (11th Cir. 1982); *Cooper v. United States*, 594 F.2d 12, 17-18 (4th Cir. 1979).

Page 7
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue*
*Materials With Incorporated Memorandum of Law"*

undercut the government's case. For example, in *United States v. Calle*, 822 F.2d 1016 (11th Cir. 1987), the Eleventh Circuit reversed a defendant's conviction for distributing cocaine where the trial court would not allow a defense witness, Martin, to testify about "extrinsic" acts committed by the government's "star" witness. In *Calle*, the government's key witness testified that he was only "a small-time drug user" who needed someone with bigger connections to supply his needs. 822 F.2d at 1021. In his defense, Calle attempted to call witness Martin who would have testified that the government's witness was, in fact, a major drug trafficker who lived a flashy and expensive lifestyle. *Id.* The district court excluded this testimony on the ground that it was too collateral.

9. The Eleventh Circuit reversed. The Court held, first, that Martin's testimony was "crucially important" to Calle's defense, since "it supported the inference that [that government witness] and not Calle was the true source of the cocaine in this transaction." *Id.* Second, the Court held that Martin's testimony would have been relevant to show the government witness' motive to falsify his testimony. *Id. See also United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 (11th Cir. 1994) (district court violated defendant's right of confrontation by limiting questions to agent about Diaz' background as a civilian operative for the FBI); *United States v. Lankford*, 955 F.2d 1545 (11th Cir. 1992) (reversing extortion and tax convictions where district court precluded defendant from cross-examining government's chief witness about the arrest of his sons by state authorities and the possible motive these arrests had on his willingness to

Page 8
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue
Materials With Incorporated Memorandum of Law"*

cooperate); *United States v. Cohen*, 888 F.2d 770, 776-77 (11th Cir. 1989) (reversing fraud convictions where the trial court excluded evidence which showed that a key witness had himself engaged in similar fraudulent conduct, because the evidence would have demonstrated that the witness was "capable of concocting and managing" the illegal scheme "without the [defendants'] participation"); *United States v. Juan*, 776 F.2d 256, 258 (11th Cir. 1985) (per curiam) (reversing conviction where the trial court barred evidence supporting defendant's claim that he had been performing legitimate law enforcement activities when arrested and other evidence showing that "he had engaged in a relationship with government agencies" in the past, noting that his claim of "innocent intent" would "strain the credulity of reasonable jurors unless it could be made to appear that, as incredulous as it might seem, the belief may have rested upon a real and genuine issue"); *United States v. Hitchmon*, 609 F.2d 1098, 1100 (5th Cir. 1979) (trial court abused its discretion in barring line of cross-examination which would have revealed past working relationship between two government agents who defendants claimed were lying and circumstances of internal DEA investigation of government agents, holding that "[t]he jury was entitled to a complete exploration of the context in which [the agent] made of his several statements").

10. Like the defendants in *Williams, Calle, Cohen, Hitchmon* and other cases cited above, Defendant Petrillo herein is entitled to fully explore the confidential informants' relationship with the government, including their current relationship since that relationship bears

Page 9
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue
Materials With Incorporated Memorandum of Law"*

upon their motivation to curry favor with the government by testifying against the Defendant in this case. Since the Defendant is constitutionally entitled to explore the confidential informants' relationships with the government at trial under the Sixth Amendment, he is entitled to pretrial disclosures of the facts necessary to conduct that examination under the Fifth Amendment[3].

11. In addition to discovery concerning the confidential informants' illegal activities, the Defendant is also entitled to specific disclosure of their illicit profits. *United States v. Shaffer*, 789 F.2d 682 (9th Cir. 1986). In *Shaffer*, the court held that the government violated its discovery obligations under *Brady* and *Giglio* by failing to disclose: (a) that the government had not sought to enforce the informant/witness's civil income tax liability; and (b) the full nature of the witness's assets which were acquired through drug profiteering (i.e., a house in Palm Springs and funds to enter a health spa)." *Shaffer*, 789 F.2d at 689. The court reasoned that the witnesses retention of assets "coupled with the government's failure to initiate asset forfeiture proceedings to acquire these assets, implies that a tacit agreement was reached between [the witness] and the government that allowed [the witness] to avoid any asset forfeiture liability in exchange for his cooperation." *Id.* Similarly, the court concluded that the government's failure to initiate civil tax proceedings against the witness "lends further credence to the conclusion that [the witness] was paid in the form of leniency for his cooperation." *Id.*

---

[3] Evidence that is not admissible at trial may still be *Brady* material. *Wright v. Hopper*, 169 F.3d 695, 703 & n.1 (11th Cir. 1999); *Spaziano v. Singletary*, 36 F.3d 1028, 1044 (11th Cir. 1994). The issue is whether disclosing such information (for example polygraph results, or an affidavit of a favorable witness), would lead to the discovery of admissible evidence.

Page 10
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue*
*Materials With Incorporated Memorandum of Law"*

12. If the government does not wish to disclose information concerning the confidential informants' ongoing activities, the government could have delayed the return of the *Indictment*. It may not, however, prosecute the Defendant and violate *his* rights so that it can continue using confidential informants in other cases.

WHEREFORE it is respectfully requested that the Court order the government to produce the requested discovery forthwith.

Respectfully submitted,

Law Office of Joseph S. Paglino
Co-counsel for Defendant
12865 West Dixie Highway
North Miami, Florida 33161
Tel: 305-758-8017

Law Offices of Walter A. Reynoso
Co-Counsel for Defendant
2937 SW 27th Avenue, Suite 107
Miami, Florida 33133

By: _____
WALTER A. REYNOSO, ESQ.
Fla Bar No.: 525693

Page 11
United States District Court/Southern District of Florida
**United States of America, Plaintiff v. Louis F. Petrillo, et al., Defendants**
Case No.: 00-6334-Cr-FERGUSON
*"Defendant Petrillo's Motion to Compel Specific Brady/Giglio/Napue*
*Materials With Incorporated Memorandum of Law"*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by United States mail this $\underline{29}$ day of December, 2000, to Robert J. Lehner, A.U.S.A., 99 NE 4th Street, 4th Floor, Miami, Florida 33132-2111.

By: _____
WALTER A. REYNOSO, ESQ.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 88.9

Undersigned counsel was unable to reach A.U.S.A., Robert Lehner to obtain his position regarding the aforesaid requested relief.

By: _____
WALTER A. REYNOSO, ESQ.