UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6334-CR-FERGUSON

Magistrate Judge Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOUIS F. PETRILLO,

    Defendant.
_____/



### GOVERNMENT'S OMNIBUS RESPONSE TO MOTIONS FILED BY DEFENDANT

The United States of America, by and through its undersigned Assistant United States Attorney, hereby submits its omnibus response to motions filed on behalf of defendants Louis F. Petrillo, and states as follows:

Defendants Petrillo has filed many motions addressed to the above-titled case. The government will herein identify the particular defense motion to which it has not previously responded and will herein respond.

I.   Defendant's Demand For Exculpatory Materials.

This motion, DE 25, makes a demand for exculpatory materials under Brady v. Maryland, 373 U.S.83 (1963). In its Standing Discovery Written Statement, DE 26, at paragraph C, the government stated that it "is not aware of any information or material within



the purview of Brady or Agurs, and is aware of its continuing duty to notify the defense if and when it becomes aware of same." That situation has not changed. In his motion, defendant Petrillo specifies four items. As to item 1, no such audio or videotapes were made. As to items 2,3 and 4, the government will notify the defense if any of these items contain Brady material.

Therefore, this defense motion should in all respects be denied at this time.

    II.    <u>Defendant's Requests For Written Summaries Of Testimony The Government Expects To Offer At Trial Under Rules 702, 703 Or 705, Fed. R. Evid</u>.

This motion, DE 27, is moot since the government does not intend to offer expert testimony at the trial of the instant case.

    III. <u>Defendant's Motion To Redact Indictment</u>.

This motion, DE 30, seeks to remove from the indictment mention of the type of judicial proceeding concerning which defendant Petrillo is charged with endeavoring to obstruct justice. However, it is axiomatic that in order for a jury to determine whether or not a defendant intends to obstruct justice it must be apprised of what type of judicial proceeding is involved and what the defendant would stand to gain by obstructing that judicial proceeding.

Therefore, this defense motion should in all respects be denied.

IV. <u>Defendants Motion To Suppress And Exclude Evidence</u>

This motion, DE 31, seeks to suppress the video and audio tape recording surveillance of defendant Petrillo of October 19 and 26, 2000 because "the Defense finds them to (sic) unintelligible and inaudible to be trustworthy in all material portions." The government expects to furnish the defense with transcripts of these tapes within a week of filing this government response. The delay caused in furnishing these transcripts is the result of there being two sets of government officials involved in the process, the first that has access to possible attorney-client material and the second, the trial team, that does not. Once the defense obtains the transcripts, it will be able to play the audio and video tape recordings while reading the transcripts. The government submits that at the appropriate time the Court will agree with the government that the video and audio tapes are of good quality and are admissible evidence against defendant Petrillo.

Therefore, this defense motion should in all respects be denied at this time.

V. <u>Defendant's Motion To Suppress & Request For Hearing</u>.

This motion, DE 32, seeks to suppress the video and audio tape recording surveillance of defendant Petrillo of October 19 and 26, 2000 based upon the holding of <u>Maine v. Moulton</u>, 474 U.S. 159, 106 S.Ct. 477 (1985). In that case, the Court suppressed a tape

recording of a post-indictment meeting between Moulton and his co-defendant where they "were meeting for the express purpose of discussing the pending charges and planning a defense for the trial." Id. at 177. In footnote 16, the Court stated:

> "Incriminating statements pertaining to other crimes, as to which the Sixth Amendment right has not yet attached are, of course, admissible at a trial of those offenses."

Id. At 180. On October 19 and 26, 2000, defendant Petrillo was not represented as to the obstruction of justice charged in the instant case, and, therefore, the Sixth Amendment had not yet attached. Indeed, it couldn't have attached since the crime of obstruction of justice had not yet been committed.

Therefore, this defense motion should in all respects be denied.

VI. Defendant's Motion In Limine To Preclude Testimony Of Ruben Oliva, Esquire, An Attorney For Defendant.

This motion, DE 33, seeks to prevent the government from calling Ruben Oliva, Esq., as a government witness at the trial of the instant case. This motion overlaps with defense motion DE 22, wherein defendant Petrillo sought to disqualify the undersigned Assistant United States Attorney. In its response, DE 28, at paragraph 5,6,9 and 10, the government discussed the crime-fraud exception to the attorney-client privilege as is relates to Mr. Oliva. It is apparent that under the authority of In re Grand Jury

4

Investigation (Schroeder), 842 F.2d 1223 (11th Cir.1987) and In re Grand Jury (G.J. No. 87-03-A), 845 F.2d 896 (11th Cir 1998), Mr. Oliva's conversations with his client, defendant Petrillo, concerning the back-dated, false and fictitious documents that Mr. Oliva presented to the government on behalf of his client would be admissible evidence at the trial of the instant case pursuant to the crime-fraud exception to the attorney-client privilege.

Therefore, this defense motion should in all respects be denied.

VII. Defendant's Motion For Notice And Production Of Rule 404(b) Evidence And/Or Proffers.

This motion, DE 34, is moot since the government, in its Standing Discovery Written Statement, DE 26, stated that it does not intend to introduce Fed. R. Evid. 404(b) evidence in its case in chief.

VIII.   Defendant's Motion For Order In Limine As To The Use Of Any Rule 404(b) Evidence.

This motion, DE 35, is moot for the same reason as stated in response to defendant Petrillo's motion DE 34, above.

IX. Defendant's Motion In Limine To Preclude The Use Of Any Evidence The United States Planned Or Schemed To Obtain from Defendant's Attorney, Ruben Oliva, Esq.

This motion, DE 36, appears to be a virtual repeat of defendant Petrillo's motion DE 33.

Therefore, this motion should be in all respects be denied for

5

the same reason as stated herein in response to DE 33, above.

X.  Defendant's Motion In Limine To Preclude Evidence Of Defendant's Prior Criminal Conviction, Punishment Or Probation.

This motion, DE 37, seeks to preclude evidence that defendant Petrillo's pending judicial proceeding is for Violation of Probation. As stated in response to defendant Petrillo's motion DE 30, above, it is axiomatic that in order for a jury to determine whether or not a defendant intends to obstruct justice it must be apprised of what type of judicial proceeding is involved and what the defendant would stand to gain by obstructing that judicial proceeding.

Therefore, this defense motion should in all respects be denied.

XI.  Defendant Petrillo's Motion For Review Of Detention Pursuant To 18 USC 3145(b), And In The Interim, Request For Transfer From Special Housing To Prison General Population.

This motion, DE 39, reargues that defendant Petrillo should not be held in pretrial detention and requests that in the interim he be moved from special detention to the general population. In this motion, defendant Petrillo raises no issue not previously raised on the issue of whether he should be held in pretrial detention. Therefore, as to this issue, the government relies on the transcript of the December 4, 2000 pretrial detention hearing

(DE 17), the December 6, 2000 Detention Order of Magistrate Judge Lurana S.Snow (DE 16), and the Government's Response To Defendant's Objections To The December 6, 2000 Detention Order Of Magistrate Judge Lurana S. Snow (DE 38). As to where defendant Petrillo is housed while in custody, that matter is within the discretion of the United States Bureau of Prisons, and the United States Attorney's Office takes no position.

XII. Defendant Petrillo's Motion To Compel Specific Brady/Giglio/Napue Materials.

This motion, DE 40, is similar to Defendant's Demand For Exculpatory Materials, DE 25. As stated in response to DE 25, above, the government is aware of its continuing duty under the Standing Discovery Order and will fulfill its obligations of seeking out and delivering to the defense Brady, Giglio, and Napue materials as soon as it receives same.

WHEREFORE, for the reasons stated herein, the motions filed on behalf of defendant Petrillo should in all respects be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

7

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this ___10th___ day of January, 2000 to Joseph S. Paglino, 12865 West Dixie Highway, Second Floor, North Miami, Florida 33161, Walter A. Reynoso, Esq., 2937 S.W. 27th Avenue, Suite 107, Coconut Grove, Florida 33133, and Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

_____
ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY