**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**



CASE NO. 00-6334-Cr-FERGUSON

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

vs.

**LOU PETRILLO,**

    *Defendant.*

_____/

## MOTION FOR PROTECTIVE ORDER

COME NOW the Defendant, Lou Petrillo, by and through his undersigned counsel and undersigned counsel himself and files this their Motion for Protective Order seeking to prevent the Government from eliciting the testimony of the undersigned counsel and as grounds therefore would states as follows:

1. Undersigned counsel has represented the Defendant in a variety of legal matters. At no time has the Defendant waived the attorney client privilege.

2. The Government has indicated its intention of calling as a witness the undersigned counsel as part of its prosecution of the Defendant in the instant cause



and in a separate cause charging him with violation of probation. The Government has essentially *alleged* that the Defendant fabricated certain documents which he delivered to undersigned counsel who in turn delivered same to the Government for the purpose of influencing the Court's decision. The Government, however, has not indicated for what purpose undersigned counsel will be called as a witness and as to what matters undersigned counsel will be expected to testify. In addition, it should be noted that the alleged fraudulent documents were not delivered to the Government by undersigned counsel but instead by a forensic accountant hired by undersigned counsel. Also, undersigned counsel never filed, delivered or introduced as evidence the subject documents to the Court nor had any decision been made to use them at any hearing.

3. According to Federal Rule of Evidence 501, "the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The attorney-client privilege, "the oldest of the privileges for confidential communications known to the common law," *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682, 66 L.Ed.2d 584 (1981)), protects the disclosures that a client makes to his attorney, in confidence, for the purpose of securing legal advice

2

.or assistance. *In re Grand Jury* (G.J. No. 87-03-A), 845 F.2d 896, 897 (11th Cir.1988). Based on the theory that "sound legal advice or advocacy ... depends upon the lawyer's being fully informed by the client," the privilege is designed "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn*, 449 U.S. at 389, 101 S.Ct. at 682.

4.  The attorney-client privilege protects communications between attorney and client from disclosure where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Proceedings* (Jones), 517 F.2d 666, 670 (5th Cir.1975) (quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358-59 (D.Mass.1950)). See also 4 J. Moore, Moore's Federal Practice § 26.60[2], at 26-193 (1989).

3

However, "[t]he attorney-client privilege does not protect communications made in furtherance of a crime or fraud." *In re Grand Jury Investigation* (Schroeder), 842 F.2d 1223, 1226 (11th Cir.1987). A determination of whether the crime-fraud exception applies involves application of a two part test:

> First, there must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice. Second, there must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.
> *Id.*

Furthermore the crime-fraud exception does not operate to remove communications concerning past or completed crimes or frauds from the attorney-client privilege. *See In re Sealed Case*, 754 F.2d 395, 402 (D.C.Cir.1985); *In re Grand Jury Subpoena Duces Tecum* (Marc Rich & Co.), 731 F.2d 1032, 1041-42 (2d Cir.1984); *United States v. Dyer*, 722 F.2d 174, 177 (5th Cir.1983); *Garner v. Wolfinbarger*, 430 F.2d 1093, 1102 (5th Cir.1970).

5. Undersigned counsel would argue that an attorney-client privilege exists between he and the Defendant. It is then the Government's heavy burden to show that the crime fraud exception exists. Moreover, even if the Court were to find that the exception applies it would only apply only to those communications relating to the

4

alleged crime or fraud **and** which occurred prior to any such alleged fraud. "[T]he attorney-client privilege protects communications rather than information...." *Marc Rich & Co.*, 731 F.2d at 1037. Thus, although communications otherwise covered by the attorney-client privilege lose their privileged status when used to further a crime or fraud, post-crime repetition or discussion of such earlier communications, made in confidence to an attorney, may still be privileged even though those earlier communications were not privileged because of the crime-fraud exception. In other words, it is generally the context, rather than the content, of a communication that allows invocation of the attorney-client privilege. Furthermore, the fact that information in an attorney-client communication might be discoverable by other means does not mean that the communication is not privileged, provided that the communication was intended to be confidential. *Id. See also United States v. Cunningham*, 672 F.2d 1064, 1073 n. 8 (2d Cir.1982), *cert. denied*, 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984) ("[W]e do not suggest that an attorney-client privilege is lost by the mere fact that the information communicated is otherwise available to the public. The privilege attaches not to the information but to the communication of the information.").

. . . W H E R E F O R E, the Defendant and undersigned counsel respectfully request entry of a protective order prohibiting the Government from eliciting testimony from the undersigned counsel in relation to the instant case.

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing motion has been furnished to: Robert Lehner, Esquire, Assistant United States Attorney, 99 N.E. 4th St., Miami, FL 33132 by United States Mail, this 23 day of January, 1999.

Respectfully submitted,

**ROJAS, OLIVA & VENTURA**
**Attorneys for the Defendant**
**2250 S.W. 3rd Avenue**
**Third Floor**
**Miami, Florida  33129**
**Tel.:         305.856.6868**
**Fax.:        305.856.7771**
**E-Mail:    ruben.oliva@rovlaw.com**

By: _____
RUBEN OLIVA, Esq.

6