
## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| Plaintiff, : | |
| vs. : | CASE NO. 00-6334-CR-FERGUSON |
| LOUIS FRANK PETRILLO, : | |
| : | Fla. Bar No. 100028 |
| Defendant. : | |

### DEFENDANT, PETRILLO'S, REQUEST FOR HEARING ON OBJECTIONS/APPEAL FROM DETENTION ORDER

Defendant, Louis Petrillo, by counsel, respectfully requests Hearing on his pending Objections/Appeal from the Detention Order entered on December 4, 2000 and says:

1. Defendant filed his Objections/Appeal from the Detention Order on December 8, 2000, **DE 18**, but due to the Court's pressing schedule, the Objections/Appeal has not yet been set for Hearing. It also appears that the Government has not filed timely Rule 46(g) statements or, if so, served copies on defense counsel:

> "The attorney for the government shall make a bi-weekly report to
> the Court listing each defendant and witnesses who has been held
> in custody pending indictment, arraignment or trial for a period in
> excess of ten days ... As to each defendant so listed, the attorney
> for the government shall make a statement of reasons why the
> defendant is still held in custody." *Id.*

2. Defendant has had two (2) cardiac seizures since being imprisoned. One seizure occurred in early December and another, serious, seizure occurred on February 8, 2001, which resulted in Defendant being hospitalized from February 8 to date, February 13, 2001, undergoing angioplasty. Defendant is in serious risk during invasive procedures, due to his diabetic condition and will have to have another invasive procedure to improve blood flow to his heart in the near future.



Page 1 of 4

3. Defendant is detained for two reasons which, the passage of time shows, are without merit.

(a). That Defendant threatened to have his Probation Officer killed (sic): and,

(b) That Defendant had access to monies overseas and therefore was a flight risk.

4. We now know that informant Pinkoff, who originated the alleged "threat" against the Probation Officer and told it to an AUSA investigator, Lou Sellars, had a prior conviction for making false statements to government agency(s), which conviction was withheld from Judge Magistrate Snow; although the Government knew this or should have known this, and other conviction(s).

And, it is now apparent, to any disinterested person, that the "Pinkoff" statement about threats was inherently unreliable at the time it was made to Investigator Sellars by Pinkoff, and was made by Pinkoff only to use as a means to bargain with the Government to obtain wide-ranging federal immunity for various activities in which Mr. Pinkoff was engaged, so he could avoid federal prosecution. Pinkoff obtained the immunity, in a letter signed by AUSA Lehner [also the prosecutor in this case] and escaped prosecution for his federal crimes, but there has never been any corroboration to support his statement that Petrillo threatened his probation officer..

[Pinkoff is the person who actually, personally, typed up the allegedly, questioned documents for which only Petrillo was indicted, *sub judice*. Pinkoff also received immunity from prosecution for his part in the alleged 18 U.S.C. 1503 charge, *sub judice*, since he has not been indicted for preparing the questioned document, just Petrillo] *See October 26, 2000 Audio-Video-Tape*.

5. The Government set up audio-video-tapings on October 19 and 26, 2000 of Pinkoff and Defendant, allegedly for the purpose of obtaining verification and corroboration for the alleged "threat" by Defendant. On Friday, February 9, 2001 the Government released copies of the un-

Page 2 of 4

redacted transcripts of the tapings, which show absolutely no corroboration of the alleged "threat to kill" and, if anything, demonstrates that Pinkoff's statement was false and unreliable, since there is not even an effort by the government agent(s) to affirm the alleged "threat" on the audio-video tapes.

And, the Government has been unable to demonstrate any corroboration or other evidence whatsoever of the alleged "threat to kill", which now appears to be a spurious, unfounded, allegation by Pinkoff who appears to have made the allegation solely to obtain immunity from the Government.

6.   The Government is now also aware or should be aware, that Defendant has no funds overseas and is not a flight risk. In fact, he is in poor health and needs additional medical attention.

7.   Defendant is charged with violation of 18 U.S.C. 1503, for allegedly creating, with "Pinkoff", *supra*, a false document to be used in a judicial proceeding. However, the basis for bringing the charge is now known and it is apparent that the charge is questionable and the Defendant may successfully defend against the charge, since it is questionable that one can be convicted of a violation of 18 U.S.C 1503 for one's attorney or someone acting under one's attorney, providing a questioned document to a United States Attorney or his investigator, especially as here, when no decision had been made by the attorney to use the document in any way. *See* **DE 19, 49**

> " ... on November 27, 2000, Petrillo's attorney, Ruben Oliva and a forensic accountant met with AUSA Lehner at his office and produced some of the "backdated documents" in order to convince the United States Attorneys Office that a substantial amount of monies and funds that had been received by Petrillo were loans rather than income ... " (*sic*).

8. There appears to be no valid reason to have denied bond to the Defendant or to have him remain in pre-trial detention. Defendant should be accorded a Hearing on his Objection/Appeal.

WHEREFORE, Defendant, by counsel, moves this Honorable Court for an Order Setting Defendant's Objection/Appeal From Detention Order for Hearing and such other relief as the Court deems fit and proper.

Respectfully Submitted:

Law Office of Joseph S. Paglino, Esq.
Lead Counsel for Defendant
12865 West Dixie Highway
North Miami, Florida 33161
Tel. (305) 758-8017
Fax (305) 892-8434.

By _____
Joseph S. Paglino, Esq.

## CERTIFICATE OF GOOD FAITH

Counsel for the Government has been contacted and disagrees with Defendant's request that the Objection/Appeal from the detention order even be set for Hearing. (sic).

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true copy of the foregoing was furnished by mail to Robert Lohner, AUSA, Office of the United States Attorney, 99 N.E. 4th Street, 4th Floor, Miami, Florida 33132-2111, this $14$ day of February, 2001.

_____
Joseph S. Paglino, Esq.

Page 4 of 4