UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA :
:
         **Plaintiff,** :
vs. :    **CASE NO. 00-6334-CR-FERGUSON**
:
**LOUIS FRANK PETRILLO,** :
:    Fla. Bar No. 100028
         **Defendant.** :
_____:

## DEFENDANT, PETRILLO'S, MOTION FOR IMMEDIATE RELEASE FROM CUSTODY

Defendant, Louis Petrillo, by counsel, respectfully, moves the Court for an Order Immediately Releasing Defendant From Custody, pending trial, pursuant to, *inter alia*, Local Rule 7.1, 18 USC 3164 and Rule 46(g), Fed.R.Crim.P. He has been in custody since December 1, 2000.

### ARGUMENT

1. Defendant was indicted on November 30, 2000, DE 3, arrested on December 1, 2000, DE 9, denied bond on December 6, 2000, DE 16, based upon certain "hearsay" allegations, which have yet to be corroborated, DE 1 - end, filed his objection/motion for release on December 8, 2000, DE 18, filed various other motions, and remains incarcerated, pre-trial.

On December 8, 2000, Defendant filed an Objection to his Denial of Bond, with supporting memorandum, rebutting the uncorroborated "hearsay" which caused Bond to be denied and motioning the court to Order him released from custody, pending trial. DE 18

The Government did not file any response to Defendant's motion for relief or contest the Motion by any pleading or memorandum of law. Nor has the Government been able to corroborate the "hearsay" related to the Magistrate Judge to deny Defendant's pre-trial release. DE 1-end.

As a consequence, Defendant's motion for relief remains un-controverted and he should be Ordered released forthwith.   Local Rule 7.1 of the Southern District provides:

> "C.   Memorandum of Law.   Each party opposing a motion shall serve an opposing memorandum of law not later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.   Failure to do so may be deemed sufficient cause for granting the motion by default."

For this reason, *inter alia*, Defendant should be Ordered released from custody forthwith.

2. The Court, under its continuing Rule 46(g) supervisory powers, should Order Defendant released, forthwith.  Rule 46(g), Fed.R.Crim.P., Supervision of Detention Pending Trial ... states:

> The Court shall exercise supervision over the detention of defendants and witnesses within the District pending trial for the purpose of eliminating all unnecessary detention.   The attorney for the Government shall make a biweekly report to the court listing each defendant and witness who has been held in custody pending indictment, arraignment or trial for a period in excess of ten days...as to each defendant so listed, the attorney for the government shall make a statement of the reasons why the defendant is still held in custody.

The Government has failed to file any Report of record as to why the Defendant should remain in custody or serve the Defense with any copy of same. DE 1 - end.  Defendant is incarcerated only because his former employer, Lawrence Pinkoff, is supposed to have stated that, at some [still undisclosed] point in time, Defendant said that he wanted to "kill" a probation officer.  The statement was and remains un-corroborated, despite two undercover taping sessions of Defendant and Mr. Pinkoff, which the Government "claims" (sic) were arranged to corroborate Mr. Pinkoff's statement.  Despite numerous hours of tapes, Mr. Pinkoff's allegation was never corroborated   To the contrary, the tapes exonerate Defendant from making any such statement.  / 1

Defendant, a former bank executive, with strong, long term, family and other ties to the community, married, three children, etc., honorably discharged veteran, who has absolutely no history of violence of any kind whatsoever, is wrongly incarcerated pre-trial. For this reason, too, Defendant's motion to this Court for release from custody, DE 18, should be granted and Defendant released from custody forthwith, without further notice or hearing .. since the Government has made no showing why the Defendant should continue to remain incarcerated. Rule 46(g), Fed.R.Crim.P

3. 18 USC 3164 also permits release of the Defendant, forthwith. 18 USC 3164 was enacted to ensure that persons not needlessly be detained pre-trial, since it punishes presumptively innocent persons who are held in custody solely because they are awaiting trial. Because of the increased amount of judicial work required by today's litigious society and increasing criminal indictments due to cocaine trafficking in the Southern District of Florida, it is sometimes not possible for the Courts to deal promptly with all pending cases or pre-trial motions. The code section reads:

> 18 USC 3164. Persons detained or designated as being of high risk
> (a) The trial or other disposition of cases involving --
> (1) a detained person who is being held in detention solely because he is awaiting trial, and
> (2) a released person who is awaiting trial and has been designated by the attorney for the government as being of high risk, shall be accorded priority.
> (b) The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

---

1/ Unfortunately, AUSA Lehner, the prosecutor in this case, was not permitted to see the entire tapings, nor can he have access to the transcript of the entire tapings, since he is precluded, by the US Attorney's Office, from knowing the entire content of the tapings. This did not, however, preclude AUSA Lehner from signing an immunity agreement with Pinkoff, giving him an eclectic range of immunity for, *inter alia,* his statements at the "tapings".

It is not Defendant's fault that the calendars of the Judges of the Southern District are inundated with heavy case loads. However, Defendant is presumptively innocent and should not be incarcerated solely because his case can not yet be tried or pending motions scheduled. Defendant has not impeded his trial or disposition of any pending motion. In fact, Defendant has moved to advance his cause on the trial calendar and requested hearing on pending motions.

Defendant, a diabetic, has been incarcerated for more than ninety days, has suffered cardiac seizures during his detention at the Federal Detention Center, intestinal bleeding episodes, has undergone emergency angioplasty and insertion of a "stent", at Cedars Medical Center, while incarcerated, must undergo additional angioplasty and ancillary treatment for his heart condition, which should really be done by private doctors, must have his intestinal bleeding diagnosed and treated [which apparently has not been done] and should have his severe diabetes treated. Defendant has done nothing to delay his trial; has moved the Court for an Order Advancing His Cause On The Trial Calendar and for Hearing on his Objection/Appeal from Detention and dispositive motions.

There is no valid reason for Defendant to remain confined, pre-trial. The enunciated basis for enactment of 18 USC 3164 and its plain language, also permits release of Defendant..

4. The charge against Defendant does not require pre-trial incarceration. Defendant is charged by indictment, DE 3, with allegedly violating 18 USC 1503 [obstruction of justice] by endeavoring to use a false, backdated, promissory note to mislead a judge in a pending judicial proceeding, which was to take place on December 4, 2000. In fact, no note was used in any judicial proceeding and the Defendant is not shown to have endeavored to use any note in any judicial proceeding. What AUSA Robert J. Lehner and the AUSA's Office [candidly] states as the actual basis for the charge, DE 17, was an act by Defendant-Petrillo's attorneys, described by AUSA Donald F. Chase, II and AUSA Robert J. Lehner, in a filing with the Clerk of this Court; to wit:

"... on November 27, 2000, Petrillo's attorney, Rubin Oliva, Esq., and a forensic accountant met with AUSA Lehner at his office and produced some of the backdated documents in order to convince the United States Attorneys Office that a substantial amount of monies and funds that had been received by Petrillo were loans rather than income..." DE 19 [attachment]

There is no allegation that anything occurred thereafter which led to Defendant's indictment on November 30, 2000 and arrest on December 1, 2000, DE 3, so the November 27, 2000 event at AUSA Lehner's Office, where AUSA Lehner claims Defendant Petrillo's lawyer or accountant, tried to mislead government agents, i.e., AUSA [Robert J. Lehner] and Investigator [Louis Sellars], is the last event leading to Defendant's indictment. *See* DE 3 - end.

Thus, laying aside all the lawyer argument and procedural dicta, etc., in order to convict Defendant on the foregoing event, the Court must find that the foregoing event, where Petrillo's lawyer or accountant, allegedly, sought to mislead two government agents by showing them an allegedly false document ... is sufficient to permit Defendant's conviction of 18 USC 1503, or even let the case go to a jury. And, Defendant, Petrillo, was not even at the "meeting" with the AUSA.

Respectfully, based upon the United States Supreme Court's decision in *United States v. Aguilar*, 115 S.Ct. 2357 (1995) and the Eleventh Circuit's 1999 decision in *United States v. Vaghela*, 169 F.3d 729 (11th Cir. 1999), the charge is, at minimum, defensible, and perhaps insufficient for conviction, despite the charging language in the Indictment. DE 3 [attachment]

In *United States v. Vaghela, supra*, 169 F.2d 729 (11th Cir.1999), the Eleventh Circuit, applying *Aguilar, supra*, held that asserting the veracity of a "false" (sic) document in a proceeding [meeting with AUSA/Investigator] which is only ancillary to an actual judicial proceeding, is no longer sufficient, *post - Aguilar*, to convict one charged under 18 U.S.C. 1503. The Eleventh Circuit stated:

"...The action taken by the accused must be with an intent to influence judicial or grand jury proceedings, it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or grand jury's authority ...

"As we saw in Aguilar, the defendant also sought to hide his wrongdoing by lying to federal agents. See Aguilar, 515 U.S. at 596-97. Yet, notwithstanding that a grand jury had already begun its investigation into that case, the Supreme Court found that the connection between Aguilar's false testimony at the time it was given and its effect on the judicial proceedings in question was too speculative to support the conclusion that it would have "the natural and probable effect of interfering with the due administration of justice" because, as we have seen, his conviction was reversed and therefore the act he would have conspired to commit would not under Aguilar be itself illegal. This is precisely the case we have here. Vaghela and Desai certainly agreed to stick with a contract they knew to be false. But if drawing up and asserting the veracity of a false document would not in itself ground a substantive charge of obstruction - and it is clear that it would not do so under Aguilar, which required that "the act must have a relationship in time, causation, or logic with the judicial proceedings, 'Aguilar, 515 U.S. at 599 - their agreement to do so cannot ground a conspiracy charge based on that same offense...."

"...The action taken by the accused must be with an intent to influence judicial or grand jury proceedings, it is not enough that there be an intent to influence some ancillary proceeding, such as an investigation independent of the court's or gand jury's authority ... "

At least, as of the year 2000, neither an AUSA or an Investigator, was an Article III or other Judicial Officer, nor was a meeting in an AUSA's office equivalent to a judicial proceeding.

It appears that both the United States Supreme Court and the Eleventh Circuit, agree that the Governments statement of fact, i.e., that even assuming, *arguendo*, Petrillo's attorney or an accountant, attempted to mislead AUSA Lehner and an Investigator, at AUSA Lehner's Office, on November 27, 2000, permits a defense to the charge that "Petrillo endeavored to mislead a United States District Judge, in a judicial proceeding (sic), as the Indictment states, DE 3, or, may even require dismissal of the charge, pre-trial. *See* Rule 12(b)(1)(1), Fed.R.Crim.P. Because the "presumption of guilt" is rebuttable, *sub judice*, this too, militates against Defendant Petrillo's continued detention, pre-trial. [*See attachments hereto*]

WHEREFORE, Defendant Petrillo, by undersigned counsel, moves the Court for an Order releasing him from custody forthwith, upon conditions which the Court deems appropriate and/or such other relief as the Court deems fit and proper.

> Respectfully Submitted:
>
> Law Office of Joseph S. Paglino, Esq.
> Lead Counsel for Defendant
> 12865 West Dixie Highway
> North Miami, Florida 33161
> Tel. (305) 758-8017
> Fax (305) 892-8434.
>
> And
>
> Law Office of Walter A. Reynoso, P.A.
> Co-counsel for Defendant
> Grove Forest Plaza
> 2937 S.W. 27th Avenue, Suite 107
> Coconut Grove, Florida 33133
> Tel. (305) 642-8961
>
> By _____
> Joseph S. Paglino, Esq.

### CERTIFICATE OF GOOD FAITH

Undersigned counsel for Defendant confirms that Counsel for the Government, AUSA Robert J. Lehner, the AUSA who claims that Defendant's attorney or an accountant attempted to mislead him and another federal agent, by showing them a "false" document... *supra* ... and indicted Defendant, has consistently disagreed with Defendant's pre-trial release, apparently based only upon the display of the questioned document to him and the limited hearsay allegations available to him which AUSA Lehner stated and relied upon at Defendant's Detention Hearing. Regrettably, AUSA Lehner was and must continue to be denied certain information by the Office of the United States Attorney, due to a "firewall" (sic) set up by his Office, to preclude AUSA Lehner from access to all information on the undercover "tapings"...*supra* ... which were set up, per the government's claim, to investigate Pinkoff's claim that the Defendant had made a threat against a probation officer. AUSA Lehner claims to never have seen the entire tapes or transcript of those tapes. David Frank, AUSA is the "firewall" AUSA. [attachment]

### CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that a true copy of the foregoing was furnished by mail to Robert Lehner, AUSA, and to "firewall" AUSA David A. Frank, Office of the United States Attorney, 99 N.E. 4th Street, 4th Floor, Miami, Florida 33132-2111, and to AUSA Davis Chase, II, Office of the United States Attorney, 500 E. Broward Blvd., Fort Lauderdale, Florida 33394, this /0 day of March, 2001.

Joseph S. Paglino, Esq.



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

---

David A. Frank
Assistant U.S. Attorney
(305) 961-9142 (office)
(305) 530-6168 (facsimile)

99 N.E. 4th Street, Suite 400
Miami, FL 33132
(305) 961-9000

February 7, 2001

Joseph S. Paglino, Esq.
12865 West Dixie Highway, 2nd Floor
North Miami, FL 33161

Walter A. Reynoso, Esq.
2937 S.W. 27th Ave., Ste. 107
Coconut Grove, FL 33133

Ruben Oliva, Esq.
2250 S.W. 3rd Ave., 3rd Floor
Miami, FL 33129

    Re:    Louis Petrillo

Dear Messrs. Paglino, Reynoso and Oliva:

Enclosed please find copies of the unredacted transcripts of the October 19, 2000 and October 26, 2000, recorded conversations involving your client, Mr. Petrillo. Neither the enclosed unredacted transcripts nor the unredacted videotapes of the October 19th and 26th conversations have been provided to AUSA Robert Lehner, of my office.

Sincerely,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

DAVID A. FRANK
ASSISTANT U.S. ATTORNEY
Economic Crimes Section

Enclosures

DEFENDANT'S EXHIBIT
CASE NO. 00-cr-6334
EXHIBIT NO. 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 93-442-CR-ZLOCH

UNITED STATES OF AMERICA, )
    Plaintiff, )
     )
v. )
     )
LOUIS F. PETRILLO, )
    Defendant. )

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.-FTL
00 DEC -1 PM 3:01

## MOTION TO CONTINUE VIOLATION OF CONDITION OF PROBATION HEARING

The United States of America, by and through its undersigned Assistant United States Attorney, hereby moves that the Violation of Conditions of Probation Hearing in the above-captioned case scheduled for December 4, 2000, be continued, and states as follows:

1. On August 3, 2000, United States Probation Officer Frank X. Will, who is assigned to supervise defendant Louis F. Petrillo in the above-captioned case, submitted to the Court a Petition, requesting that the Court authorize the arrest of defendant Petrillo for violations of the conditions of probation, based, inter alia, upon defendant Petrillo's failing to report to the United States Probation Office large amounts of his income.

2. On August 8, 2000, the Court ordered the issuance of an arrest warrant based upon Probation Officer Will's petition.

3. On August 16, 2000, defendant Petrillo was arrested on

the arrest warrant, made his initial appearance before United States Magistrate Judge William C. Turnoff, and was released upon a $250,000 10% bond.

4. The Violation of Conditions of Probation Hearing has been scheduled for December 4, 2000.

5. On October 26, 2000, while under audio/video surveillance by the Federal Bureau of Investigation, defendant Petrillo created, and caused the creation of, back-dated false and fictitious documents, including a Promissory Note/Line of Credit and Line of Credit Draw Requests, in order to mislead the Court into believing at the December 4, 2000 Violation of Conditions of Probation Hearing that moneys and funds that had been received by defendant Petrillo were loans rather than income.

6. On November 27, 2000, defendant Petrillo's attorney, Ruben Oliva, and a forensic accountant also appearing for defendant Petrillo met the undersigned Assistant United States Attorney and a United States Attorney's Office financial auditor at the United States Attorney's Office and produced some of the back-dated documents referred to in paragraph 5, above, in order to convince the United States Attorney's Office that a substantial amount of moneys and funds that had been received by defendant Petrillo were loans rather than income.

7. On November 30, 2000, a federal grand jury, sitting in Miami, indicted defendant Petrillo for Obstruction of Justice, in

violation of 18 U.S.C. §1503, involving the events described above. See attached Indictment in Case No. 00-6334-CR-FERGUSON.

8. On December 1, 2000, defendant Petrillo was arrested upon an arrest warrant issued on November 30, 2000 by United States Magistrate Judge Stephen T. Brown upon the grand jury indictment.

9. Ruben Oliva, Esq., has been informed that he will be a witness in the trial of the attached indictment.

10. The United States Probation Office is in the process of amending the probation violation petition to include as a violation of probation the matter charged in the attached indictment. Accordingly, Ruben Oliva, Esq., will be a witness in the violation of probation hearing pending before the Court.

11. In light of the events described above, it is hereby moved that the violation of probation hearing scheduled for December 4, 2000, be continued.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Donald F. Chase II FOR*
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this __1ST__ day of December, 2000 to Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129.

Donald F. Chase II FOR
ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00 NO. 6334 CR-FERGUSON**

18 U.S.C. §1503

MAGISTRATE JUDGE
- SNOW

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| LOUIS F. PETRILLO, | ) |
| | ) |
| Defendant. | ) |

## INDICTMENT

### COUNT 1

From on or about October 26, 2000, through on or about November 27, 2000, at Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, defendant

LOUIS F. PETRILLO

corruptly endeavored to influence, obstruct, and impede the due administration of justice in <u>United States v. Louis F. Petrillo</u>, Case No. 93-442-CR-ZLOCH, in a Violation of Conditions of Probation judicial proceeding pending in the United States District Court, Southern District of Florida, by creating, and causing the creation of, false and fictitious documents, that is, a Promissory Note/Line of Credit and Line of Credit Draw Requests, in order to mislead the United States District Judge, who is presiding over the judicial

proceeding referenced above, into believing that moneys and funds that had been received by defendant Louis F. Petrillo were loans rather than income.

All in violation of Title 18, United States Code, Section 1503.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY

2



U.S. Department of Justice

United States Attorney
Southern District of Florida

Robert J. Lehner
Assistant United States Attorney
Economic Crimes Section
99 N.E. Fourth Street, Suite 400, Miami, Florida 33132-2111
Ph.(305) 961-9001 / Fx. (305) 530-6168
E-mail afls01.po.rlehner@usdoj.gov

October 2, 2000

Mr. Lawrence D. Pinkoff

Dear Mr. Pinkoff:

It is my understanding that you, Lawrence D. Pinkoff, are agreeable to speaking with representatives of the United States government. Specifically, you have agreed to be interviewed by agents and attorneys of the United States government and to testify truthfully and completely during any grand jury and court proceedings. You understand that you must at all times give complete, truthful and accurate information and testimony.

In order to assure that there is no misunderstanding concerning the procedures to be followed in regard to your statements given today and in the future in furtherance of your cooperation with the government, this letter will clarify the ground rules.

First, no statements made by you today and in the future in furtherance of your cooperation with the government will be offered in evidence against you or used as investigative leads against you in any criminal case, except for cases involving crimes of violence

Second, in the event you are a witness at any trial or other legal proceedings relating to any matter discussed by you today and in the future in furtherance of your cooperation with the government and you offer testimony different from any statement made or other information provided by you, the attorney for the prosecution may cross-examine you and introduce rebuttal

EXHIBIT
2

evidence using any statements made or other information provided by you as well as all evidence derived directly or indirectly therefrom.

Very truly yours,

GUY A. LEWIS<br>
UNITED STATES ATTORNEY

By: *(signature)*

Robert J. Lehner
Assistant United States Attorney
Southern District of Florida

I have read this letter and I understand and agree to the conditions set forth in the letter.

*(signature)*

LAWRENCE D. PINKOFF                    10/2/00
                                        Date

*(signature)*

WITNESS: ANDREW COTZIN, Esq.           10/2/00
Attorney for LAWRENCE D. PINKOFF       Date