
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6334-CR-FERGUSON

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) |
| LOUIS F. PETRILLO, | ) |
| Defendant. | ) |

NIGHT BOX
FILED

MAR 1 6 2001

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

GOVERNMENT'S RESPONSE TO
DEFENDANT PETRILLO'S MOTION TO DISMISS

The United States of America, by and through its undersigned Assistant United States Attorney, hereby responds to "Defendant Petrillo's Motion To Dismiss" ("Motion"), and states as follows:

1. In his Motion, defendant Petrillo speculates that the government will not be able to prove, as has been charged in the indictment, that he "corruptly endeavored to influence, obstruct and impede the due administration of justice." Defendant Petrillo cites <u>United States v. Aguilar</u>, 515 U.S.593, 115 S.Ct. 2357 (1995), and <u>United States v. Vaghela</u>, 169 F.3d 729 (11th Cir. 1999), in support of his Motion.

2. In each of those cases, the Court found that the proof presented at trial by the government failed to sufficiently link the defendant's act with obstruction of a judicial proceeding.



3. The government submits that the defendant's instant Motion is premature. One of the issues that was to be decided at defendant Petrillo's pending Violation of Probation Hearing was whether defendant Petrillo correctly reported his finances to his Probation Officer. The government is confident its trial evidence, including the actions and statements of defendant Petrillo, captured on audio and video tape, will clearly prove beyond a reasonable doubt that on October 26, 2000 defendant Petrillo manufactured back-dated, false and fictitious documents, in order to mislead United States District Judge William J. Zloch, who was to preside over defendant Petrillo's pending Violation of Probation Hearing, into believing that the vast sums of money that defendant Petrillo had received in his medicaid fraud operation with Lawrence Pinkoff were loans and not income, and, therefore, he is guilty of a violation of 18 U.S.C. §1503.

4. The October 26, 2000 audio/video tape will show defendant Petrillo manufacturing the false documents while referring to the pending Violation of Probation Hearing. Some of his audio/video taped remarks are as follows:

> "I'm in violation but that's okay. You know, the most they can give me is a year. Well, at the most, you know, but in reality it's better than five years instead. Okay, if

> we use that to circumvent for our money
> laundering it's, it's even worse." pg.24
>
> "I mean 500,000 on a line of credit is a
> lot of fucking money unsecured. See this
> (tapping) might go to my hearing...
> That'll help, it'll eliminate anything
> from, from your end to me or on laundering
> too, but it all eliminates all of this shit
> for us too...
> Yeah, me on the income side, but see I
> could defer my income as a loan, I don't have
> to show income as ah... this is not income
> it's a loan." pg.62-63
>
> "It's close enough. And cause a lot of
> this will come out at this hearing and will be
> a new point at that point.
> CW: What's the hearing?
> Petrillo: Well, it was originally November 12th."
> pg. 66

5.  On October 26, 2000, defendant Petrillo was mistaken as to the date of his pending Violation of Probation Hearing, because it was scheduled for November 9, 2000, not November 12, 2000. DE 117. But he was correct in that its date was in the process of being changed. On October 24, 2000, two days before the October 26th taping, defendant Petrillo's attorney, Ruben Oliva, filed defendant Petrillo's "Unopposed Motion For Continuation Of The Revocation Hearing", DE 118, seeking a continuance to the week of December 4, 2000. That defense pleading states at paragraph 2:

> It appears that more time will be required by
> the parties to prepare for said hearing.

3

> Specifically, several of the grounds for revocation involve failure to report income by the Defendant. In this regard, the Government has provided undersigned counsel over 2,000 documents which must be reviewed and analyzed. In addition, it is the parties stated intent to meet prior to the hearing in order to attempt to jointly review and discuss the objections with the purpose of resolving, if possible, the pending violations. Financial analysts for the respective parties will also attempt to narrow the specific issues or matters in dispute in order to stipulate to facts not in dispute.

6. Judge Zloch reset the Violation of Probation Hearing for December 4, 2000. On November 27, 2000, one week before that scheduled hearing, Mr. Oliva and a forensic accountant, in an attempt to resolve the pending Violation of Probation Petition that was scheduled to be heard by Judge Zloch on December 4, 2000, presented to the government some of the back-dated, false and fictitious documents that were manufactured by defendant Petrillo on October 26, 2000.

7. In *Aguilar*, *supra*, the defendant made false statements to FBI agents. The Supreme Court stated that all the government had proved was that the defendant made false statements to an investigating agent. 515 U.S. at 600. The Court held that there was an insufficient basis for Aguilar to know that the agents would testify before a grand jury as to those statements, and, therefore,

4

there was insufficient proof to support a conviction of 18 U.S.C.§1503.

8. In Vaghela, supra, the defendant signed a false back-dated contract and gave it to a confederate. A year and a half later, the grand jury subpoenaed documents from the confederate, who produced the contract. At the time that the defendant signed the false contract, there was no grand jury investigation pending. The Court held that there was an insufficient basis for Vaghela to believe that the contract would be subpoenaed to the grand jury, and, therefore, there was insufficient proof to support a conviction of 18 U.S.C.§1503. The Court stated that for the government to prove a violation of 18 U.S.C. §1503 it must show that the defendant's actions "were directly intended to prevent or otherwise obstruct the processes of a specific judicial proceeding in a way that is more than merely 'speculative'." 169 F.3d at 734-35.

9. In both Aguilar and Vaghela, the Courts found that the defendant's action failed to "have a relationship in time, causation, or logic with the judicial proceedings." In sharp contrast to those cases, in which the government failed to prove a nexus between the defendant's actions and a specific judicial

proceeding, in the instant case defendant Petrillo had a Violation of Probation Hearing pending within a month of his manufacture of the false documents, the false documents directly bore on the income issue to be decided at the pending Violation of Probation Hearing, and the defendant repeatedly specifically referred to the Violation of Probation Hearing at the time that he manufactured the false documents.

10. There is no reason to believe that the government will fail to present sufficient evidence at trial to prove beyond a reasonable doubt that defendant Petrillo corruptly endeavored to influence, obstruct and impede the due administration of justice, and, therefore, is guilty of a violation of 18 U.S.C. §1503.

WHEREFORE, for the reasons hearing stated, "Defendant Petrillo's Motion To Dismiss" should in all respects be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

ROBERT J. LEHNER
ASSISTANT UNITED STATES ATTORNEY
FLORIDA BAR NO. 0861669
99 N.E. 4th Street, 4th Floor
Miami, Florida 33132-2111
Tel. No. (305) 961-9020
Fax No. (305) 530-6168

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this __16__ day of March, 2001 to Ruben Oliva, Esq., 2250 S.W. 3rd Avenue, Third Floor, Miami, Florida 33129, Walter A. Reynoso, Esq., 2937 S.W. 27th Avenue, Suite 107, Coconut Grove, Florida 33133, and Joseph S. Paglino, 12865 West Dixie Highway, Second Floor, North Miami, Florida 33161.

ROBERT J. LEHNER
ASSISTANT U.S. ATTORNEY